Tina Wolfson, SBN 174806
twolfson@ahdootwolfson.com
Alex R. Straus, SBN 321366
astraus@ahdootwolfson.com
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, CA 90024
Tel: 310-474-9111; Fax: 310-474-8585

Greg F. Coleman*
greg@gregcolemanlaw.com
GREG COLEMAN LAW PC
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: (865) 247-0080; Fax: (865) 522-0049

Daniel K. Bryson*
Dan@wbmllp.com
WHITFIELD BRYSON & MASON LLP
900 W. Morgan St. Raleigh, NC 27603
Tel: 919-600-5000; Fax: 919-600-5035

Gary E. Mason*
gmason@wbmllp.com
WHITFIELD BRYSON & MASON LLP
5101 Wisconsin Ave., NW, Ste 305
Washington, DC 20016
Tel: 202-640-1160; Fax: 202-429-2294

* pro hac vice applications forthcoming

*Counsel for Plaintiff, Valeria Mercado*

CLASS ACTION COMPLAINT

1

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| VALERIA MERCADO individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>AUDI OF AMERICA, LLC; VOLKSWAGEN GROUP OF AMERICA, INC. d/b/a AUDI OF AMERICA, INC.,<br><br>                    Defendant. | Case No.  5:18-cv-02388<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>1. Violation of Consumer Legal Remedies Act, California Civil Code § 1750, *et seq.*<br>2. Violation of California False Advertising Law, California Business & Professions Code § 17200, *et seq.*<br>3. Negligence<br>4. Product Liability – Design Defect<br>5. Violation of Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*<br>6. Violation of Song-Beverly Consumer Warranty Act, California Civil Code § 1790, *et seq.*<br>7. Violation of Other State Statutes Prohibiting Unfair and Deceptive Acts and Practices |

Plaintiff Valeria Mercado ("Plaintiff" or "Ms. Mercado"), by and through counsel, bring this Class Action Complaint against, Audi of America ("Audi"), and Volkswagen Group of America, Inc. (collectively, "Defendants") on behalf of herself and all others similarly situated, and allege, upon personal knowledge as to their own actions and their counsel's investigations, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1.      Plaintiff brings this case individually and on behalf of all similarly situated persons ("Class Members") who purchased or leased 2015-2018 Audi Q7 vehicles that were designed, manufactured, distributed, marketed, and sold or leased by Defendants or Defendants' parent, subsidiary, or affiliates thereof.

2.      Defendants designed, manufactured, distributed, marketed, sold, and leased 2015-2018 Audi Q7 vehicles equipped with defective braking systems as described herein ("Vehicles" or "Vehicles") to Plaintiff and Class Members.

3.      Defendants knew or should have known that the Vehicles have one or more manufacturing defects, including but not limited to defects manifesting as a loud, high-pitched squealing noise when the brakes are applied during ordinary and intended use ("Brake Defect").

4.      Although the Vehicles' brakes were specifically and especially designed, manufactured, and approved by Defendants to be installed on the Audi Q7, they frequently, yet intermittently, emit a loud, high-pitched squealing noise when the brakes are applied, distracting or startling Plaintiff and other Vehicle drivers, nearby motorists, and nearby pedestrians.

5.      As evidenced by the complaints of Plaintiff and other Vehicle owners that have been received by the National Highway Safety Administration ("NHTSA"), the Vehicles squealing manifests at different mileages and under different driving conditions, including in both reverse and forward and at different speeds, thus creating a safety hazard due to the potential to startle the Vehicle drivers.

6.      The Brake Defect distracts the Vehicle driver and third parties, endangering their physical safety and well-being due to a loss of concentration and focus on the road. Similarly, nearby pedestrians hear the loud braking noise then pay attention to the noise rather than having their full attention on other hazards in their path.

7.      The unworn brakes on these high-end, luxury Vehicles—which had a

1  Manufacturer's Suggested Retail Price *beginning* at over $50,000 even in 2015—

2  should not squeal when applied.

3      8.      Defendants and their authorized dealerships have long known about the

4  Brake Defect.

5      9.      Ms. Mercado leased her 2017 Audi Q7 on January 2, 2017 from Audi

6  Ontario in Ontario, California for $76, 243.77 (Plaintiff's Vehicle").

7      10.     Ms. Mercado made her decision to lease an Audi Q7, in part, in reliance

8  on representations communicated through Defendnats advertisements and marketing

9  campaigns emphasizing the quality, reliability, and safety of Defendants' vehicles.

10      11.     Beginning in or about May 2017, the brakes on Plaintiff's Vehicle began

11  emitting an extremely loud squealing noise when applied.  This squealing noise was

12  emitted when the brakes were applied while driving forward and while driving in

13  reverse.  This squealing noise is very loud and can be heard with all windows closed

14  and music playing in Plaintiff's Vehicle.

15      12.     The loud squealing noise emitted during braking is distracting to Ms.

16  Mercado while she is driving and has the potential to distract other drivers in the

17  vicinity of Ms. Plaintiff's Vehicle.

18      13.     The loud squealing noise emitted when braking has and continues to

19  impact Ms. Mercado's driving decisions, including, but not limited to, altering the use

20  of her brakes in anticipation of the extremely loud and distracting noise and in fear

21  that the noise is symptomatic of a safety issue affecting the performance and reliability

22  of the braking system.

23      14.     Ms. Mercado immediately informed Audi Ontario that the brakes on

24  Plaintiff's Vehicle were emitting the loud noise during braking described herein.

25      15.     Plaintiff's Vehicle was brought to Audi Ontario for service related to the

26  Brake Defect multiple times between May 2017 and the present.

27      16.     On at least one occasion, Audi Ontario stated that all 2017 Audi Q7

28  vehicles are too heavy for the brakes installed during manufacturing, resulting in the

loud squealing noise when the brakes are applied.  On other occasions, Audi Ontario stated that the cause of the Brake Defect is unknown.

17.     Despite Ms. Mercado's repeated communications with Audi Ontario regarding the Brake Defect, and repeated service visits attempting to fix the Brake Defect, Defendants' have no timetable for resolving the issue.

18.     In addition to her communications with Audi Ontario related to the Brake Defect, Ms. Mercado called Audi USA in an effort to have the Brake Defect resolved. Audi USA referred Ms. Mercado back to Audi Ontario.

19.     Most recently, on November 8, 2018, Audi Ontario informed Ms. Mercado that the parts required to resolve the Brake Defect on Plaintiff's Vehicle are on "back order" as a result of the large number of Defendants' vehicles experiencing the Brake Defect.  Audi Ontario confirmed that it cannot provide Ms. Mercado with a date, timeframe, or even approximated timeframe for any repair or service intended to address the Brake Defect.

20.     As of the date of this filing, Plaintiff's Vehicle continues to emit the extremely loud and distracting noise when its brakes are applied, and Defendants either cannot or will not confirm the cause of the Brake Defect or when the Brake Defect will be resolved.

21.     To date, Plaintiff has spent considerable time, money, and effort in her unsuccessful attempts to have the Brake Defect resolved.

22.     Plaintiff and the Class Members, either consciously or unconsciously, make driving decisions, in whole or in part, based upon the likelihood, duration, and severity of the noise anticipated to result from the Brake Defect.  The imposition of this powerful and startling environmental factor while operating an automobile makes the Vehicles unreasonably dangerous.

23.     As alleged in greater detail herein, Defendants' designed, manufactured, and approved of the defective brakes, and subsequently of the sale of the Vehicles to Plaintiff and the Class, without disclosing the Brake Defect. This omission of a

material fact constitutes a deceptive business practice in violation of California statutory law and further violates California common law as set forth herein.

24.     This action seeks redress for Plaintiff and the Class in the form of compensatory damages, punitive damages, and injunctive relief, which would include, inter alia, an order directing Defendants to cease the challenged practices, including the manufacture, sale, and installation of defective, noisy brakes, and initiate a program to provide refunds, repairs, and/or restitution to Plaintiff and the class.

25.     Prior to purchasing or leasing the Vehicles, Plaintiff and other Class Members did not know that the Vehicles suffered from the Brake Defect and did not contemplate that the Vehicles would cause extreme noise disturbances while braking even when virtually brand new.

26.     Upon information and belief, Defendants knew or should have known that the Vehicles are defective and are not fit for their intended purpose of providing consumers with safe and reliable transportation. Nevertheless, Defendants failed to disclose this defect to Plaintiff and the Class Members at the time of purchase or lease and thereafter.

27.     As a result of their reliance on Defendants' omissions and/or misrepresentation, owners and/or lessees of the Vehicles have suffered ascertainable loss of money, property, and/or loss in value of their Vehicles.

28.     This case arises from Defendants' breach of its obligations and duties, including Defendants: (1) failure to disclose brake defect; and (2) breach of implied warranty.

29.     Under the Transportation Recall Enhancement, Accountability and Documentation Act ("TREAD Act"), 49 U.S.C. §§ 30101-30170, and its accompanying regulations, when a manufacturer learns that a vehicle contains a safety defect, the manufacturer must promptly disclose the defect.  49 U.S.C. §§ 30118(c)(1) & (2).  If it is determined that the vehicle is defective, the manufacturer must notify vehicle owners, purchasers, and dealers of the defect and must remedy the defect.  49

---

CLASS ACTION COMPLAINT

6

U.S.C. §§ 30118(b)(2)(A) & (B).  Upon information and belief, Defendant also violated the TREAD Act by failing to timely inform NHTSA of the Brake Defect and allowed the Vehicles to remain on the road with these defects.  These same acts and omissions also violated various state consumer protection laws as detailed below.

30.     Defendants have long known that the Class Vehicles have a defective braking system. Defendants' have exclusive access to information about the defects through its dealerships, pre-release testing data, warranty data, customer complaint data, and replacement part sales data, among other sources of aggregate information about the problem. In contrast, the Brake Defect was not known or reasonably discoverable by Plaintiff and Class members prior to purchase and without experiencing the defect first hand.

31.     Defendants owe a duty to disclose the Brake Defect because Defendants have exclusive knowledge or access to material facts about the Vehicles that are not known or reasonably discoverable by Plaintiff and Class Members; and because Defendants have actively concealed the Brake Defect from its customers.

32.     Plaintiff and the Class have been damaged by Defendants' misrepresentations, concealment, and non-disclosure of the Brake Defect in the Vehicles, as they now have vehicles whose value has greatly diminished because of Defendants' failure to timely disclose the serious Defect.

33.     Plaintiff brings claims against Defendants individually and on behalf of a Class of all other similarly situated purchasers of the Vehicles for violations of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"), violations of the Magnuson-Moss Warranty Act, 15 U.SC. § 2301, *et seq.* ("MMWA"), violations of the Song-Beverly Consumer Warranty Act, California Civil Code § 1790, *et seq.* ("Song-Beverly Act"), and violations of other state statutes prohibiting unfair and deceptive acts and practices.

34.     Had Plaintiff and the Class Members known about the Brake Defect at

the time of sale or lease, as well as the associated costs related to the Brake Defect, Plaintiff and the Class Members would not have purchased the Vehicles or would have paid less for them.

36.     As a result of Defendants' practices, Plaintiff and Class members purchased vehicles they otherwise would not have purchased, paid more for those vehicles than they would have paid, were subjected to an unreasonable risk to their safety, and unnecessarily paid, and will continue to pay, repair costs as a result of the Brake Defect. They did not receive the benefit of their bargain.

## **PARTIES**

36.     Plaintiff Valeria Mercado is a California citizen who lives in Rancho Cucamonga, California. Ms. Mercado leased a 2017 Audi Q7. This vehicle was designed, manufactured, sold, distributed, advertised, marketed, and/or warranted by Defendants.

37.     Defendant Audi of America, LLC is a Delaware limited liability company with its principal place of business located at 2200 Ferdinand Porsche Dr., Herndon, Virginia 20171. Audi of America, LLC is a wholly-owned U.S. subsidiary of Audi AG, and it has engaged in business, including the advertising, marketing, and sale of Audi automobiles and automotive parts — including the Audi Q7 and the defective brakes described herein — in all 50 states, including California. Audi of America, LLC owns, operates, manages, supervises, and/or controls Audi brand car dealerships in the United States, including California.

38.     Volkswagen Group of America, Inc., doing business as Audi of America, Inc. ("Audi") is a corporation organized and in existence under the laws of the State of New Jersey with its headquarters located in Herndon, Virginia. Defendant Audi also maintains corporate offices in Woodcliff Lake and Englewood Cliffs, New Jersey. At all times relevant herein, Audi was engaged in the business of importing, marketing,

distributing, warranting, servicing, repairing and selling automobiles and other motor vehicles and motor vehicle components throughout the United States of America.

## JURISDICTION AND VENUE

39.     The Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because the proposed class has more than 100 members, the class contains at least one member of diverse citizenship from Defendant, and the amount in controversy exceeds $5 million.

40.     The Court has personal jurisdiction over Defendants because Defendants are authorized to, and conducts substantial business in California, generally, and this District, specifically.  Defendants have marketed, promoted, distributed, and sold the Vehicles in California.

41.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to this action occurred in this District as the Defect in Plaintiff's vehicle manifested itself within this District.

42.     To the extent there is any contractual or other impediment to pursuit of these claims on a class action basis, Plaintiff specifically alleges, and will prove, if necessary, that any bar to class action proceedings is unconscionable, unfair and against public policy.

## THE BRAKE DEFECT IN THE VEHICLES

43.     Throughout the relevant period, Defendants have designed, manufactured, distributed, imported, warranted, marketed, advertised, serviced, sold, and leased the Class Vehicles. Upon information and belief, Defendants have sold, directly or indirectly through dealers and other retail outlets, thousands of Class Vehicles in California and nationwide.

44.     The braking system in the Vehicles come equipped with an anti-lock braking system with vacuum power assist, which consists of braking components

(rotors, calipers, master cylinder, and brake pads), an Electronic Brake-pressure Distribution system, electronic Brake Assist and an Electronic Stabilization Program (collectively, "Braking System").

45.     The Vehicles come with a New Vehicle Limited Warranty which states that Audi will cover any repairs to correct a manufacturer's defect in material or workmanship for 4 years or 50,000 miles, whichever occurs first.

46.     The defect in the Class Vehicles' Braking System causes a loud, sudden, and prolonged squealing when the brakes are applied.

47.     Defendants knew of the defects in their brakes, including their likelihood to squeal, before selling the Vehicles to Plaintiff and the Class and installing them on their cars, but did not inform Plaintiff and the class of this fact.

48.     Specifically, Defendants have issued at least three Technical Service Bulletins ("TSBs") relating to squealing brakes on the Audi Q7, including on February 9, 2015; November 16, 2017; and December 5, 2017.

49.     Had Defendants informed Plaintiff and the class about the Brake Defect, Plaintiff and the class would not have purchased-the Vehicles from Defendants, but rather would have purchased a different car. Defendants knowingly sold a defective product to Plaintiff and the class, without disclosing such defect, and now refuse to provide a remedy, repair, or restitution for their actions.

50.     Defendants' conduct described herein constitutes an omission of material fact a deceptive business practice in violation of the California statutory law and California common law.

## CONSUMERS HAVE REPORTED THE BRAKE DEFECT TO NHTSA

51.     Audi, like other automobile manufacturers, reviews complaints made by consumers to the National Highway Transportation Safety Administration ("NHTSA").

52.     Consumers have reported the Brake Defect to NHTSA, and in these complaints, report having taken their Vehicles to Audi authorized dealerships in their attempts to have the Brake Defect repaired.

53.     Examples of complaints made to NHTSA about the Vehicles' Brake Defect are shown below, unedited:

- **NHTSA ID Number: 10928940, date complaint filed: 12/1/2016, 2015 model year.**
    PROBLEM IS THE BRAKES. SIX MONTHS AFTER PURCHASING THIS SUV, THE BRAKES STARTED TO SQUEAK A LITTLE WHEN I SLOWED DOWN OR STOPPED. IT WOULD COME AND GO, ABOUT 2 MONTHS AFTER, IT HAPPENED MORE OFTEN, BUT I WAITED SINCE I HAD A MAINTENANCE COMING UP. I TOOK IT IN FOR MAINTENANCE ABOUT 5,000 MILES, MENTIONED IT TO THE SERVICE ATTENDANT AND HE TOLD ME THEY WOULD CHECK. I PICKED UP MY AUDI I WAS TOLD THEY DID NOT FIND ANYTHING WRONG WITH MY BRAKES. AT THAT TIME THE ATTENDANT MENTIONED THAT OTHER Q7'S HAD SOMETHING GOING ON WITH THE BRAKES, BUT NOT MY Q7. I DID NOT HEAR IT FOR A COUPLE WEEKS AND THEN IT STARTED UP AGAIN AND OFF AND ON. FINALLY, IT GOT SO BAD I TOOK IT IN ON OCT 24, 2016, THEY CALLED ME TO TELL ME THAT THEY COULD NOT FIND ANYTHING AND I INSISTED THERE WAS
    A BRAKE PROBLEM AND I WAS AFRAID THAT THE BRAKES WERE MALFUNCTIONING, SO THEY ASKED ME TO COME IN AND TAKE IT FOR A TEST DRIVE WITH THE SERVICE ATTENDANT. WE WENT FOR A DRIVE ABOUT 2 TO 3 MILES AND WHEN I STOPPED IN THE PARKING LOT AT THE END OF THE STREET, LAGOON DRIVE, IT SQUEAKED A LITTLE AND HE HEARD IT, THEN WE DROVE BACK AND WHEN I SLOWED DOWN TO MAKE THE RIGHT TURN INTO THEIR STREET TO THE SERVICE DEPARTMENT, ATTENDANT HEARD THE SQUEAK AGAIN, SO HE SAID TO LEAVE IT ANOTHER DAY AND THEY WOULD CHECK IT OUT. STILL COULD NOT FIND ANYTHING, BUT THEY CLEANED THE BRAKES AND WHATEVER AND SAID I PROBABLY RIDE THE BRAKES, THAT WAS THAT. PICKED IT UP ON OCT 26, 2016, IT SEEMED OK FOR A DAY AND THEN IT STARTED UP AGAIN WORSE THAN EVER! SO TOOK IT IN TO SERVICE ON NOV 23, 2016, CHECKED IT ON NOV 28, 2016, FOUND NOTHING WRONG WITH THE BRAKES,

CONCLUSION, I RIDE THE BRAKES! SPOKE TO THE GM JEFF LEE
AND WILL NOT REPAIR UNLESS WE PAY FOR IT! I HAVE OWNED
AT LEAST 20 NEW AUTOS, THIS NEVER HAPPENED BEFORE!
FRUSTRATED AND FEEL CHEATED!!! SPENT ALMOST $90,000
WITH ALL THE EXTRAS!

- **NHTSA ID Number: 10947878, date complaint filed: 1/26/2017, 2017
  model year.**
  2017 AUDI Q7 EXCESSIVE BRAKES NOISE (SQUEAKS/SCREECH)
  FICTION MATERIAL ISSUES BETWEEN ROTOR/PAD -
  CONTINUED USE CAUSES HEAT SPOTS - ROTORS TO BECOME
  OUT OF ROUND VIBRATION ISSUES LOSS OF BRAKING. AT
  APROX. 5K MILES VEHICLE STARTED TO HAVE
  ABNORMAL BRAKE NOISE WHEN PULLING OUT OF DRIVEWAY.
  AFTER SHORT TIME GOT PROGRESSIVELY WORSE AND HAS
  CAUSE FURTHER DAMAGE AND MANUFACTURE DOES NOT
  HAVE A FIX FOR THIS ISSUE. SUSPENSION ISSUES- GRINDING -
  STRUT NOISE- MOSTLY NOTICEABLE WHEN GOING INTO DRIVE
  WAY TURNING INTO GARAGE. ABNORMAL WEAR ON DRIVER-
  SIDE TIRE EXTERIOR TRIM COMING UNDONE AROUND
  WINDOWS- QUATTRO MOLDING COMING UNDONE CATCHING
  PASSENGER DOOR CAN NOT GET PASSENGER OUT OF
  PASSENGER REAR.

- **NHTSA ID Number: 11031699, date complaint filed: 10/4/2017, 2017
  model year.**
  8500 MILES BRAKE SQUEAL. AUDI SAYS THERE WORKING ON A
  FIX FOR THIS ISSUE AND ITS BEEN 6 MONTHS AND STILL NO
  REPAIR THEY ARE IGNORING THE ISSUE. SLOW SPEED STOP
  AND REVERSE BRAKES SQUEAL LOUD. AUDI STATED THEY
  HAVE HAD THIS ISSUE AND I SHOULD HAVE BEEN TOLD WHEN
  PURCHASED. I HAVE A CASE NUMBER WITH THEM AND ITS
  BEING IGNORED. THIS IS AN ISSUE THAT WILL RESULT IN A
  PROBLEM IF ITS NOT INVESTIGATED THEY NEED TO STOP
  TELLING PEOPLE THIS IS NORMAL. I ASKED AUDI FOR A
  LETTER STATING MY CARE WAS SAFE TO DRIVE AND THEY
  COULD NOT PROVIDE ONE WITCH IS VERY CONCERNING.

- **NHTSA ID Number: 11047024, date complaint filed: 11/17/2017, 2017
  model year.**
  BRAKES MAKE A VERY LOUD SQUEAKING SOUND WHEN USED
  IN REVERSE. BRAKES HAVE BEEN CHECKED BY THE DEALER;

DEALER ADVISED THAT BRAKES WERE FULLY OPERATIONAL, NOR SAFETY CONCERNS AND THAT AUDI WAS "TRYING TO FIX THE PROBLEM" WITH THE ROTORS AND BRAKE PADS. NOISE BEGAN AFTER THE AUDI PRE SENSE FEATURE SLAMMED ON THE BRAKES WHILE IN REVERSE, BACKING OUT OF MY DRIVEWAY (BECAUSE A RAIN DROP LANDED ON THE CAMERA LENSE) AND CONTINUES TO WORSEN.

- **NHTSA ID Number: 11057413, date complaint filed: 12/29/2017, 2017 model year.**
  I PURCHASED THIS VEHICLE BRAND NEW WITH ONLY 8 MILES. EVER SINCE I TOOK POSESSION OF THE VEHICLE, THE BRAKES HAVE BEEN MAKING NOISE WHEN APPLYING THE BRAKES, GOING FORWARD OR REVERSE NO MATTER HOW FAST OR SLOW I GO. HAVE BEEN TAKING THE VEHICLE TO THE DEALER FEW TIMES ALREADY FOR THE SAME ISSUE AND ALL THEY ARE TELLING ME IS THAT AUDI IS AWARE OF THE ISSUE AND THEY WILL CONTACT ME AS SOON AS THEY HAVE A SOLUTION FOR IT. DEALER REFUSES TO REPLACE THE BRAKE PADS OR THE ROTORS. ITS BEEN A YEAR SINCE THIS ISSUE NOTHING HAS BEEN DONE.

- **NHTSA ID Number: 11144662, date complaint filed: 11/1/2018, 2018 model year.**
  THE BRAKES HAVE SQUEALED SINCE 3K MILES. NO MATTER THE WEATHER CONDITIONS MAY BE. WE HAVE BEEN TOLD THAT IS NORMAL, BUT I AM RESEARCHING OTHERWISE. AT 5AM LEAVING THE HOME, THE BRAKES SQUEAL, AT 2PM SQUEALING, 5PM SQUEALING, MIDNIGHT SQUEALING. FOR BEING A LUXURY VEHICLE I LOVE AND TRUST, THIS MAKES ME EXTREMELY NERVOUS AND EMBARRASSED WHEN NEIGHBORS ARE OUT AND HEAR THIS SQUEALING.
  THE BRAKE FOOT PEDAL DOES NOT GLIDE WHEN BEING USED. THE STEERING WHEEL HAS A LOCKING MOTION WHEN BEING USED ON TURNS.

## THE BRAKE DEFECT HAS HARMED PLAINTIFF AND THE CLASS

54.     The Brake Defect has caused damage to Plaintiff and the Class.

55.     A vehicle purchased, leased, or retained with a material defect is worth less than the equivalent vehicle leased, purchased, or retained without the defect.

56.     A vehicle purchased, leased, or retained under the reasonable assumption that it is safe is worth more than a vehicle known to contain a safety defect

57.     Purchasers and lessees paid more for the Vehicles, through a higher purchase price or higher lease payments, than they would have had the Brake Defect been disclosed.  Plaintiff and the Class overpaid for their Vehicles.  Because of the concealed Brake Defect, Plaintiff and Class did not receive the benefit of their bargains.

58.     Class members who purchased new or used Vehicles overpaid for their Vehicles as a direct result of Defendants' ongoing violations of the TREAD Act and state consumer protection laws by failing to disclose the existence of the Brake Defect.

59.     Plaintiff and the Class have been denied the use and enjoyment of the Vehicles, suffering distractions and a safety hazards by driving Vehicles that emit loud and disturbing squealing noises when the brakes are applied.

60.     The sudden, loud, and prolonged squealing is disturbing and intrusive to the driver, passenger(s), as well as to other people and animals in the vicinity, including children and the elderly who are often particularly vulnerable to the sudden load squealing noises that may distract them from other hazards on or near roadways.

61.     The Vehicles were worth less than they would have been but for the Defendants' failure to disclose and remedy the Brake Defect.

## CLASS ACTION ALLEGATIONS

62.     Plaintiff seeks relief in their individual capacity and seek to represent a class consisting of all others who are similarly situated.  Pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3), Plaintiff seeks certification of a class initially defined as follows:

> **All persons in the United States who formerly or currently own or lease one or more of the Class Vehicles.**

63.     Excluded from the Class are Defendants and its subsidiaries and affiliates, Defendants' executives, board members, legal counsel, the judges and all other court personnel to whom this case is assigned, their immediate families, and those who purchased the Product for the purpose of resale.

64.     Plaintiff reserves the right to amend or modify the Class definition with greater specificity or division into subclasses after they had an opportunity to conduct discovery.

65.     <u>Numerosity</u>.  Fed. R. Civ. P. 23(a)(1).  The Class is so numerous that joinder of all members is unfeasible and not practicable.  While the precise number of Class members has not been determined at this time, Plaintiff is informed and believes that at or near 100,000 consumers in the United States have purchased or leased the Class Vehicles.

66.     <u>Commonality</u>.  Fed. R. Civ. P. 23(a)(2) and (b)(3).  There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members.  These common questions of law and fact include, without limitation:

a.      Whether the Vehicles suffer from the Brake Defect;

b.      Whether Defendants violated the CLRA, California Civil Code § 1750, *et seq.*;

c.      Whether Defendants violated the UCL, California Business and Professions Code § 17200, *et seq.*;

d.      Whether Defendants were negligent;

e.      Whether Defendants fraudulently concealed the Brake Defect;

f.      Whether Defendants are liable for a design defect;

g.      Whether Defendants violated the Song-Beverly Act, California Civil Code § 1790, *et seq.*;

h.      Whether Defendants violated the other state statutes prohibiting unfair and deceptive acts and practices; and

CLASS ACTION COMPLAINT

15

i.    The nature of the relief, including equitable relief, to which Plaintiff and the Class members are entitled.

67.    <u>Typicality</u>.  Fed. R. Civ. P. 23(a)(3).  Plaintiff's claims are typical of the claims of the Class.  Plaintiff and all Class members were exposed to uniform practices and sustained injury arising out of and caused by Defendants' unlawful conduct.

68.    <u>Adequacy of Representation</u>.  Fed. R. Civ. P. 23(a)(4).  Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff's Counsel are competent and experienced in litigating class actions.

69.    <u>Superiority of Class Action</u>.  Fed. R. Civ. P. 23(b)(3).  A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Class is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims.  There will be no difficulty in the management of this action as a class action.

70.    <u>Injunctive and Declaratory Relief</u>.  Fed. R. Civ. P. 23(b)(2).  Defendants' misrepresentations are uniform as to all members of the Class.  Defendants has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

## **FIRST CAUSE OF ACTION**

### **(Violation of Consumer Legal Remedies Act – Civil Code § 1750, *et seq.*)**

71.    Plaintiff incorporates by reference and re-allege the preceding paragraphs.

72.    Plaintiff brings this claim individually and on behalf of the nationwide Class, or, alternatively in the event the Court declines to certify a nationwide Class, on behalf of a Class of California residents who formerly or currently own or lease one or more of the Vehicles.

73.    This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.* (the "CLRA") because Defendants' actions

and conduct described herein constitute transactions that have resulted in the sale or lease of goods or services to consumers.

74.     Plaintiff and each member of the Class are consumers as defined by California Civil Code §1761(d).  Defendants intended to sell the Products.

75.     The Vehicles are goods within the meaning of Civil Code §1761(a).

76.     Defendants violated the CLRA in at least the following respects:

  a. in violation of  §1770(a)(5), Defendants represented that the Vehicles have approval, characteristics, and uses or benefits which they do not have (because they are defective);

  b. in violation of §1770(a)(7), Defendants represented that the Vehicles are of a particular standard, quality or grade, when they are of another (having a design defect or manufacturing defect or both);

  c. in violation of Section 1770(a)(9), Defendants have advertised the Vehicles as safe with the intent not to sell them as advertised (with Brake Defect); and

  d. in violation of §1770(a)(16), Defendants represented that the Vehicles have been supplied in accordance with previous representations (being free of design or manufacturing defects), when they were not.

77.     Defendants violated the Act by representing the Vehicles were safe and free of defects when they were not.  Defendants knew, or should have known, that the representations and advertisements were false and misleading.

78.     Defendants' acts and omissions constitute unfair, deceptive, and misleading business practices in violation of Civil Code §1770(a).

79.     If Defendants fail to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of receipt of Plaintiff's written notice pursuant to §1782 of the California Act, Plaintiff will amend this Complaint to add claims for actual, punitive, and statutory damages

pursuant to the CLRA.  Plaintiff and the Class also will seek a Court order enjoining the above-described wrongful acts and practices of Defendants and for restitution, disgorgement, statutory damages, and any other relief that the Court deems proper.

80.     Defendants' conduct is malicious, fraudulent, and wanton in that Defendants intentionally and knowingly provided misleading information to the public.

## SECOND CAUSE OF ACTION

**(California Unfair Competition Law – Cal. Bus. & Prof. Code § 17200, *et seq*.)**

81.     Plaintiff incorporates by reference and re-allege the preceding paragraphs.

82.     Plaintiff brings this claim individually and on behalf of the nationwide Class, or, alternatively in the event the Court declines to certify a nationwide Class, on behalf of a Class of California residents who formerly or currently own or lease one or more of the Vehicles.

83.     Defendants engaged in unlawful, unfair, and/or fraudulent conduct under California Business & Professional Code § 17200, *et seq*.

84.     Defendant's conduct is unlawful in that it violates the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.* (as set forth in the first cause of action), and the Transportation Recall Enhancement, Accountability and Documentation Act (the "TREAD Act"), 49 U.S.C. § 30101, *et seq.* (by failing to timely inform the NHTSA of the Brake Defect and allowing the Vehicles to be sold with the Brake Defect).

85.     Defendants' conduct is unlawful in that it violates the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.* as set forth in the first cause of action.

86.     Defendants' conduct also is unlawful in that it violates the California Secret Warranty Law, California Civil Code § 1795.90 *et seq.*, by:

   a. Failing to reimburse Vehicle owners and leases who have time and valuable to have their defective brakes, inspected, services, repaired or replaced;

b. Replacing or repairing defective brakes for some customers but failing to notify all other customers of that benefit; and/or

c. Failing to comply with the applicable notification provisions in the Secret Warranty Law.

87.     Defendants' conduct is unfair in that it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiff and Class members.  The harm to Plaintiff and Class members arising from Defendants' conduct outweighs any legitimate benefit Defendants derived from the conduct.  Defendants' conduct undermines and violates the stated spirit and policies underlying the Consumers Legal Remedies and TREAD Act as alleged herein.

88.     Defendants' actions and practices constitute "fraudulent" business practices in violation of the UCL because, among other things, they are likely to deceive reasonable consumers.  Plaintiff relied on Defendants' representations and omissions.

89.     As a direct and proximate result of Defendants' violations, Plaintiff and Class suffered injuries in fact and lost money because they purchased the Class Vehicles and paid the price they paid believing the Vehicles to be free from defects when they were not.

90.     Plaintiff, on behalf of herself and Class members, seek equitable relief in the form of an order requiring Defendants to refund Plaintiff and all Class members all monies they paid for repairing and/or replacing the Vehicles, and injunctive relief in the form of an order prohibiting Defendants from engaging in the alleged misconduct and performing a corrective recall campaign.

## THIRD CAUSE OF ACTION

### (Negligence)

91.     Plaintiff incorporates by reference and re-allege the preceding paragraphs.

92.     Plaintiff brings this claim individually and on behalf of the nationwide

---

CLASS ACTION COMPLAINT

19

Class, or, alternatively in the event the Court declines to certify a nationwide Class, on behalf of a Class of California residents who formerly or currently own or lease one or more of the Class Vehicles.

93.     Defendants had a duty to its customers as a manufacturer of motor vehicles to design, manufacture, market, and provide vehicles that, in their ordinary operation, are reasonably fit for their intended uses.  Defendants had a duty to adequately test its Vehicles before selling to consumers worldwide.

94.     Defendants had a duty to test Vehicles for brake problems once Defendants were on notice that its Vehicles had a propensity to emit sudden, extremely loud, and prolonged squealing that cannot and is not resolved through ordinary repairs.

95.     Defendants had a duty to provide true and accurate information to the public to prevent undue risks arising from the foreseeable use of its Vehicles.

96.     At all times relevant, Defendants sold, marketed, advertised, distributed, and otherwise placed Vehicles into the stream of commerce in an unlawful, unfair, fraudulent, and/or deceptive manner that was likely to deceive the public.

97.     Defendants was negligent, and breached the above duties owed to Plaintiff and Class members.

98.     As direct and proximate causes of Defendant's breaches, Plaintiff and the Class have been damaged including, but not limited to, the cost of repairs required to attempt to resolve the squealing, and the inability to satisfactorily repair the Brake Defect, the financial loss of owning or leasing the Vehicles that are unsafe due to the noise they emit when used for their intended purpose, and being subjected to potential risk of injury as a result of distraction of the Vehicle driver or third party distractions.

## FOURTH CAUSE OF ACTION

### (Product Liability – Design Defect)

99.     Plaintiff incorporates by reference and re-allege the preceding paragraphs.

100.    Plaintiff brings this claim individually and on behalf of the nationwide

Class, or, alternatively in the event the Court declines to certify a nationwide Class, on behalf of a Class of California residents who formerly or currently own or lease one or more of the Vehicles.

101.    Defendants designed, engineered, developed, manufactured, fabricated, assembled, equipped, tested or failed to test, inspected or failed to inspect, repaired, retrofit or failed to retrofit, failed to recall, labeled, advertised, promoted, marketed, supplied, distributed, wholesaled, and sold the Vehicles and their defective brake parts, which were intended by Defendants to be used as passenger vehicles and for other related activities.

102.    Defendants knew that the Vehicles were to be purchased and used without inspection for Brake Defects by Plaintiff and Class members.

103.    The Vehicles were unfit for their intended uses by reason of the Brake Defect in their manufacture, design, testing, components, and constituents, so that they would not safely serve their ordinary and intended purpose.

104.    Defendants designed and/or manufactured the Vehicles defectively, causing them to fail to perform as safely as an ordinary customer would expect when used in an intended or reasonably foreseeable manner.

105.    Plaintiff and Class members were not aware of the Brake Defect at any time prior to the recent revelations regarding problems with the Vehicles.

106.    As direct and proximate causes of the Brake Defect, Plaintiff and the Class have been damaged including, but not limited to, the cost of repairs required due to the Brake Defect, and the financial loss of owning the Vehicles that are unsafe.

## FIFTH CAUSE OF ACTION

### (Violation of Magnuson-Moss Warranty Act, 15 U.SC. § 2301, *et seq.*)

107.    Plaintiff incorporates by reference and re-allege the preceding paragraphs.

108.    Plaintiff brings this claim individually and on behalf of the nationwide Class, or, alternatively in the event the Court declines to certify a nationwide Class, on

behalf of a Class of California residents who formerly or currently own or lease one or more of the Class Vehicles.

109.     Plaintiff and Class members are "consumers" within the meaning of the MMWA, 15 U.S.C. § 2301(3).

110.     Defendant is a "supplier" and "warrantor" within the meaning of the MMWA, 15 U.S.C. § 2301(4)-(5).

111.     The Vehicles are "consumer products" within the meaning of the MMWA, 15 U.S.C. § 2301(1).

112.     Defendants affirmed the fact, promise, and/or described in writing that the Vehicles would meet a specified level of performance over a specified period of time.

113.     Defendants' written affirmations of fact, promises, or descriptions related to the nature of the Vehicles and became part of the basis of the bargain between Plaintiff and Defendant.  Defendants refuse to recognize or honor the written warranties and, indeed, denies the existence of these warranties.  Defendants breached its written warranties when the Vehicles did not perform as represented by Defendants and thereafter when Defendants refused to recognize or honor the warranties.  Defendants' conduct thereby caused damages to Plaintiff and Class members.

114.     The amount in controversy of each Plaintiff's individual claim meets or exceeds the sum or value of $25.  In addition, the amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit. The Class includes far more than 100 members and this Court has alternate jurisdiction over this matter under CAFA as pleaded above.

115.     Resorting to any informal dispute resolution procedure and/or affording Defendants a reasonable opportunity to cure its breach of written warranties to Plaintiff is unnecessary and/or futile.  At the time of sale to Plaintiff, Defendants knew, should have known, or was reckless in not knowing of its misrepresentations or omissions concerning the Brake Defect, but nevertheless failed to rectify the situation and/or

disclose it to Plaintiff.  Moreover, the remedies available through any informal dispute resolution procedure would be wholly inadequate under the circumstances. Accordingly, any statutory requirement that Plaintiff resorts to any informal dispute resolution procedure and/or afford Defendants a reasonable opportunity to cure its breach of written warranties is excused and, thereby, deemed satisfied.

116.    As a direct and proximate result of Defendants' breach of written warranties, Plaintiff and Class members sustained damages and other losses. Defendants' conduct caused Plaintiff's and Class members' damages and, accordingly, Plaintiff and Class members are entitled to recover damages, specific performance, diminution in value, costs, attorneys' fees, rescission, and/or other equitable relief as appropriate.

## SIXTH CAUSE OF ACTION

### (Violation of Song-Beverly Consumer Warranty Act, California Civil Code § 1790, *et seq.*)

117.    Plaintiff incorporates by reference and re-allege the preceding paragraphs.

118.    Plaintiff brings this claim individually and on behalf of the nationwide Class, or, alternatively in the event the Court declines to certify a nationwide Class, on behalf of a Class of California residents who formerly or currently own or lease one or more of the Vehicles.

119.    Plaintiff and Class members who purchased the Vehicles in California are "buyers" within the meaning of Cal. Civ. Code § 1791(b).

120.    The Vehicles are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a)

121.    Defendant is a "manufacturer" of the Vehicles within the meaning of Cal. Civ. Code § 1791(j).

122.    Defendants impliedly warranted to Plaintiff and the Class that its Vehicles were "merchantable" within the meaning of Cal. Civ. Code §§ 1791.1(a) & 1792;

however, the Vehicles do not have the quality that a buyer would reasonably expect, and were therefore not merchantable.

123.    Cal. Civ. Code § 1791.1(a) states that "implied warranty of merchantability" or "implied warranty that goods are merchantable" means that the consumer goods meet each of the following:

(1) Pass without objection in the trade under the contract description.

(2) Are fit for the ordinary purposes for which such goods are used.

(3) Are adequately contained, packaged, and labeled.

(4) Conform to the promises or affirmations of fact made on the container or label.

124.    The Vehicles would not pass without objection in the automotive trade because of the Brake Defect that cause the Vehicles to loud, sudden, unexpected and squealing leading to an serious and unreasonable safety risk to Vehicle drivers, occupants, and nearby third parties.

125.    Because of the Brake Defect, the Vehicles are not safe to drive and thus not fit for ordinary purposes.

126.    The Vehicles are not adequately labeled because the labeling fails to disclose the Brake Defect and its dangerous safety implications.

127.    Defendants breached the implied warranty of merchantability by manufacturing and selling Vehicles containing the Brake Defect.

128.    The Brake Defect have deprived Plaintiff and the Class of the benefit of their bargain and have caused the Vehicles to depreciate in value.

129.    As a direct and proximate result of Defendants' breach of its duties, Class members received goods whose condition substantially impairs their value to Class members. Defendants' conduct has damaged Plaintiff and the Class through the diminished value, the malfunctioning, and the nonuse of their Vehicles.

130.    Under Cal. Civ. Code §§ 1791.1(d) & 1794, Class members are entitled to damages and other legal and equitable relief including, at their election, the purchase

price of their Vehicles, or the overpayment or diminution in value of their Vehicles.

131.     Under Cal. Civ. Code § 1794, Class members are entitled to costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**(Violations of the Other State Statutes Prohibiting Unfair and Deceptive Acts and Practices)**

132.     Plaintiff incorporates by reference and re-allege the preceding paragraphs.

133.     Plaintiff brings this claim individually and on behalf of the nationwide Class, or, alternatively in the event the Court declines to certify a nationwide Class, on behalf of subclasses of the other states' residents who formerly or currently own or lease one or more of the Vehicles.

134.     The state deceptive trade practices acts were enacted by the various states following the passage of the Federal Trade Commission Act ("FTC Act"), which prohibits deceptive acts and practices in the sale of products to consumers. The state laws in this area are modeled on the FTC Act and are therefore highly similar in content.

135.     Defendants' actions violate the Deceptive Trade Practices Acts of the various states, as set out more fully above, by failing to disclose and by actively concealing the Brake Defect.

136.     The conduct described in the statement of facts constitutes unfair or deceptive trade practices predominantly and substantially affecting the conduct of trade or commerce throughout the United States in violation of the state deceptive trade practices acts and other similar state statutes prohibiting unfair and deceptive acts and practices.  The deceptive trade practices acts violated by Defendants are set forth in the next paragraph.

137.     The violations of the various state consumer protection acts (Alabama: the Alabama Deceptive Trade Practices Act (Ala. Code §8-19-1 et seq.); Alaska: Alaska Unfair Trade Practices and Consumer Protection Act (Alaska Stat. §45.50.471 et seq.);

Arizona: the Arizona Consumer Fraud Statute (Ariz. Rev. Stat. Ann. §44-1521 et seq.);

Arkansas: the Arkansas Deceptive Trade Practices Act (Ark. Code Ann. §4-88-101 et

seq.); Colorado: the Colorado Consumer Protection Act (Colo. Rev. Stat. §6-1-101 et

seq.); Connecticut: the Connecticut Unfair Trade Practices Act (Conn. Gen. Stat. §42-

110a et seq.);  Washington, D.C. the Consumer Protection Procedures Act (D.C. Code

Ann. §28-3901 et seq.); Florida: the Florida Deceptive and Unfair Trade Practices Act

(Fla. Stat. Ann. §501.201 et seq. (West)) and the Florida False Advertising Statutes (Fla.

Stat. Ann. §817.40 et seq. (West)); Georgia: Uniform Deceptive Trade Practices Act

(Ga. Code Ann. §10-1-370 et seq.); the Fair Business Practices Act (Ga. Code Ann. §10-

1-390 et seq.); and the False Advertising Statute (Ga. Code Ann. §10-1-420 et seq.);

Hawaii: The Hawaii Federal Trade Commission Act (Hawaii Rev. Stat. §480 et seq.) and

the Uniform Deceptive Trade Practice Act (Hawaii Rev. Stat. §481A et seq.); Idaho: the

Idaho Consumer Protection Act (Idaho Code §48-601 et seq.); Illinois: the Illinois

Consumer Fraud and Deceptive Business Practices Act (815 Ill. Comp. Stat. Ann.

§505/1 et seq. (Smith Hurd)) and the Uniform Deceptive Trade Practices Act (815 Ill.

Comp. Stat. Ann. 510/1 et seq. (Smith Hurd)); Indiana: the Deceptive Consumer Sales

Act (Ind. Code Ann. §24-5-0.5-1 et seq. (Burns)); Iowa: the Iowa Consumer Fraud Act

(Iowa Code Ann. §714.16 (West)); Kansas:  the Kansas Consumer Protection Act (Kan.

Stat. Ann. §50-623 et seq.); Kentucky: the Consumer Protection Act (Ky. Rev. Stat.

§367.110 et seq.); Louisiana: the Unfair Trade Practices and Consumer Protection Law

(La. Rev. Stat. Ann. §51:1401 (West)); Maine: the Maine Unfair Trade Practices Act

(Me. Rev. Stat. Ann. Tit. 5 §206 et seq.) and the Uniform Deceptive Trade Practices Act

(Me. Rev. Stat. Ann. Tit. 10 §1211 et seq.); Maryland: the Maryland Consumer

Protection Act (Md. Com. Law Code Ann. §§13-101 et seq., 14-101 et seq.);

Massachusetts: the Consumer Protection Act (Mass. Gen. Laws Ann. Ch. 93A);

Minnesota: the Consumer Fraud Act (Minn. Stat. Ann. §325 F. 69); the False Statement

in Advertisement Statute (Minn. Stat. Ann. §325 F. 67); the Uniform Deceptive Trade

Practices Act (Minn. Stat. Ann. §325D.44); and the Unlawful Trade Practices Act

(Minn. Stat. Ann. §325D.13); Mississippi: the Consumer Protection Act (Miss. Code Ann. §75-24-1 et seq.) and the False Advertising Statutes (Miss. Code Ann. §97-23-3); Missouri: the Missouri Merchandising Practices Act (Mo. Rev. Stat. §407.010 et seq.); Montana: the Montana Unfair Trade Practices and Consumer Protection Act (Mont. Code Ann. §30-14-101 et seq.); and the Statutory Deceit Statute (Mont. Code Ann. §27-1-712); Nebraska: the Nebraska Consumer Protection Act (Neb. Rev. Stat. §59-1601 et seq.) and the Nebraska Uniform Deceptive Trade Practices Act (Neb. Rev. Stat. §87-301 et seq.); Nevada: the Deceptive Trade Statutes (Nev. Rev. Stat. §§598.0903 et seq., 41.600 et seq.);  New Hampshire: the Regulation of Business Practices for Consumer Protection Act (N.H. Rev. Stat. Ann. §358-A:1 et seq.); New Jersey: the New Jersey Consumer Fraud Act (N.J. Stat. Ann. §56:8-1 et seq. (West)); New Mexico: New Mexico Unfair Practices Act (N.M. Stat. Ann. §57-12-1 et seq.); New York: New York Consumer Protection Act (N.Y. Gen. Bus. Law §§349, 350 (Consol.)); North Carolina: North Carolina Unfair and Deceptive Trade Practices Act (N.C. Gen. Stat. §75-1.1 et seq.); North Dakota: Deceptive Act or Practice Statutes (N.D. Gen. Stat. §51-15-01 et. seq.); Ohio:  Ohio Consumer Sales Practices Act (Ohio Rev. Code Ann. §1345.01 et seq. (Baldwin)); Oklahoma: Oklahoma Consumer Protection Act (Okla. Stat. Ann. Tit. 15, §751 et seq. (West)) and the Oklahoma Deceptive Trade Practices Act (Okla. Stat. Ann. Tit. 78, §51 et seq. (West)); Oregon: the Unlawful Trade Practices Act (Or. Rev. Stat. §646.605 et seq.) and the Oregon Food and Other Commodities Act (Or. Rev. Stat. §616.005 et seq.); Pennsylvania: Unfair Trade Practices Act and Consumer Protection Law (Pa. Stat. Ann. Tit. 73 §201-1 et seq. (Purdon); Rhode Island: Consumer Protection Act (R.I. Gen. Law §6-13.1-1 et seq.); South Carolina: South Carolina Unfair Trade Practices Act (S.C. Code Ann. §39-5-10 et seq.); South Dakota: South Dakota Deceptive Trade Practices and Consumer Protection Law (S.D. Codified Laws Ann. §37-24-1 et seq.); Tennessee: Tennessee Consumer Protection Act (Tenn. Code Ann. §47-18-101 et seq.); Texas: Texas Deceptive Trade Practices Act (Tex. Bus. & Com. Code Ann. §17.41 et seq. (Vernon)); Utah:  Utah Consumer Sales Practices Act (Utah Code Ann.

§13-11-1 et seq.) and the Utah Truth in Advertising Act (Utah Code Ann. §13-11a-1 et seq.); Vermont: Vermont Consumer Fraud Statute (Vt. Stat. Ann. Tit. 9, §2451 et seq.); Virginia: Virginia Consumer Protection Act (Va. Code 59.1-196 et seq.); Washington: Washington Consumer Protection Act (Wash. Rev. Code Ann. §19.86 et seq.); West Virginia: West Virginia Consumer Credit and Protection Act (W. Va. Code §46A-6-101 et seq.); Wisconsin: Wisconsin Fraudulent Representations Act (Wis. Stat. Ann. §100.18 et seq. (West)); Wyoming: Consumer Protection Act (Wyo. Stat. §40-12-101 et seq.)) have directly, foreseeably, and proximately caused damages to Plaintiff and proposed class in amounts yet to be determined.

138.    As a result of Defendants' violations of the Deceptive Trade Practices Acts of the various states prohibiting unfair and deceptive acts and practices, Plaintiff and Class members have suffered actual damages for which Defendants are liable.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class proposed in this Complaint, respectfully request that the Court enter judgment in their favor and against Defendant, as follows:

A.    Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as Class Representatives and appointing the undersigned counsel as Class Counsel;

B.    Ordering Defendants to pay actual damages (and no less than the statutory minimum damages) and equitable monetary relief to Plaintiff and the other members of the Class;

C.    Ordering Defendants to pay statutory damages, as allowable by the statutes asserted herein, to Plaintiff and the other members of the Class;

D.    Awarding injunctive relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful practices as set forth herein, and ordering Defendants to engage in a corrective recall campaign;

E.      Ordering Defendants to pay attorneys' fees and litigation costs to Plaintiff and the other members of the Class;

F.      Ordering Defendants to pay both pre- and post-judgment interest on any amounts awarded; and

G.      Ordering such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

Dated:  November 9, 2018                 Respectfully submitted,

                                         **AHDOOT & WOLFSON, PC**

                                         _____

                                         Alex R. Straus
                                         Tina Wolfson
                                         10728 Lindbrook Drive
                                         Los Angeles, California 90024
                                         Tel: 310-474-9111
                                         Fax: 310-474-8585
                                         Email: astraus@ahdootwolfson.com
                                         twolfson@ahdootwolfson.com

                                         Greg F. Coleman*
                                         greg@gregcolemanlaw.com
                                         GREG COLEMAN LAW PC
                                         First Tennessee Plaza
                                         800 S. Gay Street, Suite 1100
                                         Knoxville, TN 37929
                                         Tel: (865)247-0080
                                         Fax: (865) 522-0049

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Daniel K. Bryson*
Dan@wbmllp.com
J. Hunter Bryson*
Hunter@wbmllp.com
WHITFIELD BRYSON & MASON LLP
900 W. Morgan St. Raleigh, NC 27603
Tel: 919-600-5000
Fax: 919-600-5035

Gary E. Mason*
gmason@wbmllp.com
WHITFIELD BRYSON & MASON LLP
5101 Wisconsin Ave., NW, Ste 305
Washington, DC 20016
Tel: 202-640-1160; Fax: 202-429-2294

* pro hac vice applications forthcoming

*Counsel for Plaintiff, Valeria Mercado*

---

CLASS ACTION COMPLAINT