1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HERZFELD & RUBIN, P.C.**
Michael B. Gallub
E-mail: *mgallub@herzfeld-rubin.com*
125 Broad Street
New York, N.Y. 10004
Tel.: (212) 471-8500; Fax: (212) 344-3333
(*Pro Hac Vice* Pending)

**HERZFELD & RUBIN LLP**
Craig L. Winterman (Bar No. 75220)
E-mail: *cwinterman@hrllp-law.com*
10866 Wilshire Blvd., Suite 800
Los Angeles, CA 90024
Tel.: (310) 553-0451; Fax: (310) 553-0648

*Attorneys for Defendants*
*Volkswagen Group of America, Inc. and*
*Audi of America, LLC*

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIA MERCADO, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>     vs.<br><br>AUDI OF AMERICA, LLC; VOLKSWAGEN GROUP OF AMERICA, INC. d/b/a AUDI OF AMERICA, INC.,<br><br>                    Defendants. | Case No. 5:18-cv-02388-JAK-SP<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:   April 1, 2019<br>Time:  8:30 a.m.<br>Courtroom: 10B<br>Judge: John A. Kronstadt |

# TABLE OF CONTENTS

NOTICE OF MOTION ............................................................................. 1

I.      PRELIMINARY STATEMENT ......................................................... 1

II.     STATEMENT OF FACTS ................................................................. 1

III.    ARGUMENT ..................................................................................... 4

IV.     PLAINTIFF'S CLRA AND UCL CLAIMS MUST BE DISMISSED .......... 5

        A.      The CLRA and UCL Claims, Which Seek Only Equitable
                Relief, Must be Dismissed Because Plaintiff Has an Adequate
                Remedy at Law ................................................................... 5

        B.      Plaintiff's CLRA and UCL Claims Must Be Dismissed Because
                She Already Received Her Requested Relief .......................... 6

        C.      Plaintiff Fails to Identify Any Actionable Misrepresentation that
                Could Form the Basis of a CLRA or UCL Claim..................... 6

        D.      Plaintiff's Omission-Based Claims Under the CLRA and UCL
                Must be Dismissed ............................................................... 7

        E.      The CLRA and UCL Claims Fail Because Plaintiff Has Not
                Adequately Pled that Defendants Knew of the Alleged Brake
                Defect at the Time Plaintiff Leased Her Vehicle..................... 8

        F.      Plaintiff's UCL Claim Predicated on Alleged Violation of Other
                Statutes Fails to State a Claim for Relief ............................... 12

V.      THE NEGLIGENCE AND PRODUCT LIABILITY CLAIMS
        ARE BARRED BY THE ECONOMIC LOSS RULE................................ 14

VI.     PLAINTIFF'S MAGNUSON-MOSS WARRANTY ACT CLAIM
        MUST BE DISMISSED.................................................................... 14

VII.    PLAINTIFF'S SONG-BEVERLY CONSUMER WARRANTY
        ACT CLAIM FAILS TO STATE A CLAIM FOR RELIEF....................... 16

VIII.   PLAINTIFF LACKS STANDING TO ASSERT CLAIMS FOR
        VIOLATIONS OF CONSUMER FRAUD STATUTES OF STATES
        OTHER THAN CALIFORNIA (COUNT VII) ..................................... 18

IX.     CONCLUSION ................................................................................ 19

# TABLE OF AUTHORITIES

**Federal Cases**

*Annunziato v. eMachines, Inc.,*
 402 F. Supp. 2d 1133 (C.D. Cal. 2005) ...................................................6

*Avedisian v. Mercedes-Benz, USA, LLC,*
 43 F. Supp. 3d 1071 (C.D. Cal. Sep. 8, 2014) ......................................17

*Azoulai v. BMW of N. Am. LLC,*
 2017 U.S. Dist. LEXIS 57121 (N.D. Cal. Apr. 13, 2017) ......................7

*Beshwate v. BMW of N. Am., LLC,*
 2017 U.S. Dist. LEXIS 164820 (E.D. Cal. Oct. 3, 2017) ....................16

*Birdsong v. Apple, Inc.,*
 590 F.3d 955 (9th Cir. 2009)...........................................................16, 17

*Blennis v. Hewlett-Packard Co.,*
 2008 U.S. Dist. LEXIS 106464, *6 (N.D. Cal. Mar. 25, 2008).........15

*Blissard v. FCA US LLC,*
 2018 U.S. Dist. LEXIS 201725 (C.D. Cal. 2018) ............................ 7, 10, 11, 16

*Buckman Co. v. Plaintiffs' Legal Comm.,*
 531 U.S. 341 (2001) ............................................................................13

*Callaghan v. BMW of N. Am., Inc.,*
 2014 U.S. Dist. LEXIS 164290 (N.D. Cal. Nov. 21, 2014)................. 9

*Cholakyan v. Mercedes-Benz USA, LLC,*
 796 F. Supp. 2d 1220 (C.D. Cal. 2011) .............................................12

*De Leon v. Allison,*
 2014 U.S. Dist. LEXIS 57469, at *55 (E.D. Cal. Apr. 24, 2014).........6

*Dubbs v. Glenmark Generics Ltd.,*
 2014 U.S. Dist. LEXIS 65256 (C.D. Cal. May 9, 2014) ....................14

*Ebeid v. Lungwitz,*
 616 F.3d 993 (9th Cir. 2010)................................................................5

*Ferrari v. Am. Honda Motor Co.,*
 2009 N.J. Super Unpub. LEXIS 346 (App. Div. 2009) ......................17

*Fisher v. Honda N. Am., Inc.*,
  2014 U.S. Dist. LEXIS 84570 (C.D. Cal. June 12, 2014) ................................ 7, 15

*Garcia v. GM, LLC*,
  2018 U.S. Dist. LEXIS 208129 (E.D. Cal. Dec. 10, 2018) ................................. 8

*Gomez v. Jelly Belly Candy Co.*,
  2017 U.S. Dist. LEXIS 134188 (C.D. Cal. Aug. 18, 2017)................................. 5

*Granillo v. FCA US LLC*,
  2016 U.S. Dist. LEXIS 116573 (D.N.J. Aug. 29, 2016)...................................... 11

*Greene v. BMW of N. Am.*,
  2012 U.S. Dist. LEXIS 168695 (D.N.J. Nov. 28, 2012)...................................... 17

*Grodzitsky v. Am. Honda Motor Co.*,
  2013 U.S. Dist. LEXIS 33387 (C.D. Cal. Feb. 19 2013)...................................... 11

*Hoey v. Sony Electronics, Inc.*,
  515 F. Supp. 2d 1099 (N.D. Cal. 2007) ........................................................ 15

*In re Aftermarket Auto. Lighting Prod. Antitrust Litig.*,
  2009 U.S. Dist. LEXIS 133088 (C.D. Cal. July 6, 2009) ................................... 19

*In re Carrier IQ, Inc., Consumer Privacy Litig.*,
  78 F. Supp. 3d 1051 (N.D. Cal. 2015) ........................................................ 18

*In re Seagate Tech. LLC Litig.*,
  233 F. Supp. 3d 776 (N.D. Cal. 2017) ........................................................ 7

*Johnson v. Nissan N. Am., Inc.*,
  272 F. Supp. 3d 1168 (N.D. Cal. 2017) ....................................................... 18

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009).................................................................... 7

*Lee v. Toyota Motor Sales, U.S.A., Inc.*,
  992 F. Supp. 2d 962 (C.D. Cal. 2014) ....................................................... 15, 16

*Lewis v. Casey*,
  518 U.S. 343 (1996)................................................................................ 18

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
  350 F.3d 1018 (9th Cir. 2003)................................................................... 18

iii

**TABLE OF AUTHORITIES**

*Martinez v. Wells Fargo Home Mortg., Inc.*,
  598 F.3d 549 (9th Cir. 2010) ................................................................. 12

*Miller v. Delta Airlines*,
  2018 U.S. Dist. LEXIS 60817 (C.D. Cal. Apr. 18, 2018) .................... 7

*Mollicone v. Universal Handcraft, Inc.*,
  2017 U.S. Dist. LEXIS 14125 (C.D. Cal. Jan. 30, 2017) .................... 18

*Mullins v. Premier Nutrition Corp.*,
  2018 U.S. Dist. LEXIS 10810 (N.D. Cal. Jan. 23, 2018) .................... 5

*Nathan Kimmel, Inc. v. DowElanco*,
  275 F.3d 1199 (9th Cir. 2002) ................................................................. 14

*O'Toole v. Gencor Nutrients, Inc.*,
  2017 U.S. Dist. LEXIS 215448 (C.D. Cal. Aug. 17, 2017) ................... 4

*Ozeran v. Jacobs*,
  2018 U.S. Dist. LEXIS 70543 (C.D. Cal. Apr. 25, 2018) ..................... 5

*Palmer v. Apple Inc.*,
  2016 U.S. Dist. LEXIS 51823 (N.D. Cal. Apr. 15, 2016) ..................... 8

*Pardini v. Unilever United States, Inc.*,
  961 F. Supp. 2d 1048 (N.D. Cal. 2013) .................................................. 18

*Parenteau v. GM, LLC*,
  2015 U.S. Dist. LEXIS 31184 (C.D. Cal. Mar. 5, 2015) ....................... 8

*Park-Kim v. Daikin Indus.*,
  2016 U.S. Dist. LEXIS 104248, at *46-47 (C.D. Cal. Aug. 3, 2016) ............... 7, 15

*Precht v. Kia Motors Am., Inc.*,
  2014 U.S. Dist. LEXIS 185202 (C.D. Cal. Dec. 29, 2014) ................... 14

*Resnick v. Hyundai Motor Am., Inc.*,
  2016 U.S. Dist. LEXIS 160179 (C.D. Cal. Nov. 14, 2016) ................... 9

*Rubenstein v. Neiman Marcus Grp. LLC*,
  2015 U.S. Dist. LEXIS 55736 (C.D. Cal. Mar. 2, 2015) ....................... 7

*Salas v. Toyota Motor Sales, U.S.A., Inc.*,
  2016 U.S. Dist. LEXIS 195222 (C.D. Cal. Sep. 27, 2016) .................... 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Sloan v. Gen. Motors LLC*,
    2017 U.S. Dist. LEXIS 120851 (N.D. Cal. Aug. 1, 2017)...................................10, 14

*Smith v. Ford Motor Co.*,
    749 F. Supp. 2d 980 (N.D. Cal. 2010) ...................................................... 17

*Somers v. Apple, Inc.*,
    729 F.3d 953 (9th Cir. 2013)........................................................................ 4

*Summit Estate, Inc. v. Cigna Healthcare of Cal., Inc.*,
    2017 U.S. Dist. LEXIS 167462 (N.D. Cal. Oct. 10, 2017);.............................. 5

*Tietsworth v. Sears, Roebuck and Co.*,
    720 F. Supp. 2d 1123 (N.D. Cal. 2010) ......................................................... 4

*Tomek v. Apple Inc.*,
    636 Fed. App'x 712 (9th Cir. 2015)................................................................ 8

*Victorino v. FCA US LLC*,
    2018 U.S. Dist. LEXIS 32846 (S.D. Cal. Feb. 27, 2018) ................................ 9

*Williams v. Yamaha Motor Co.*,
    851 F.3d 1015 (9th Cir. 2017)..................................................................... 10

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012)....................................................................... 8

**State Court Cases**

*Am. Suzuki Motor Corp. v. Super. Ct.*,
    37 Cal.App. 4th 1291(1995).......................................................................... 16

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ................................................................................ 5

**Statutes**

15 U.S.C. § 2301(6)(A) ...................................................................................... 15

49 U.S.C. § 30101.............................................................................................. 13

49 U.S.C. § 30102(a)(9) ..................................................................................... 13

49 U.S.C. § 30118(c)(1) ...................................................................................... 13

Cal. Civ. Code § 1791.1(a)(2) ................................................................. 16

Cal. Civ. Code § 1795.90(d) .................................................................. 12

Cal. Civ. Code § 1795.92(a) .................................................................. 12

Fed. R. Civ. P. 12(b)(1) .................................................................. 1, 19

Fed. R. Civ. P. 12(b)(6) .................................................................. 1, 19

Fed. R. Civ. P. 9(b) ......................................................................passim

**Federal Regulations**

Denial of Petition, NHTSA Notice,
   66 Fed. Reg. 55243 (Nov. 1, 2001)................................................. 13

Denial of Petition, NHTSA Notice,
   67 Fed. Reg. 61375 (Sep. 30, 2002)................................................ 13

**Other Authorities**

Secret Warranty Law ............................................................................ 12

Unfair Competition Law.................................................................. passim

**Acts**

Consumers Legal Remedies Act.........................................................passim

Magnuson-Moss Warranty Act .................................................... 2, 14, 15

Song-Beverly Warranty Act ................................................................... 2

TREAD Act ............................................................................... 12, 13

# NOTICE OF MOTION

**TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 1, 2019, or as soon thereafter as this matter may be heard, before the Honorable John A. Kronstadt, in Courtroom 10B of the United States District Court for the Central District of California, located at located at 350 W. First Street, Los Angeles, California 90012, Defendants Volkswagen Group of America, Inc. ("VWGoA") and Audi of America, LLC will, and hereby do, respectfully move this Court for an order dismissing the Class Action Complaint, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 9(b), for lack of standing and for failure to state a claim upon which relief can be granted.

This Motion to Dismiss is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support thereof, the Complaint and matters incorporated or referenced therein, the Declaration of George Blake with exhibits, the Declaration of Conrad Castillon with Exhibit, matters that may be judicially noticed, other documents filed in this case, and upon such other matters as may be presented to the Court at the time of the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on December 27, 2018.

Dated:  January 4, 2019

Respectfully submitted,

HERZFELD & RUBIN, LLP

By: _/s/  Craig L. Winterman_

Craig L. Winterman
ATTORNEYS FOR DEFENDANTS
VOLKSWAGEN GROUP OF
AMERICA, INC. AND AUDI OF
AMERICA, LLC

1

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## I.    PRELIMINARY STATEMENT

Defendants Volkswagen Group of America, Inc. ("VWGoA") and Audi of America, LLC (collectively, "Defendants") respectfully move this Court for an order dismissing Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 9(b).  For the reasons demonstrated below, the causes of action asserted against Defendants fail to state claims upon which relief can be granted, and should be dismissed.

## II.    STATEMENT OF FACTS

Plaintiff alleges that in January 2017, she leased a 2017 Audi Q7 from Audi Ontario, a dealer of Audi vehicles in Ontario, California.  Compl. ¶ 9.  Plaintiff claims that after several months of use, she allegedly noticed that the vehicle's brakes had begun to emit a "loud squealing noise when applied." *Id.* at ¶ 11.  Plaintiff does not allege that the brakes functioned improperly or ever failed to slow down or stop the vehicle in the time and manner in which she intended.  Plaintiff claims that she brought her vehicle to the Audi dealer several times complaining of noise, and was purportedly told various things by dealer personnel whom she fails to identify in the Complaint. *Id.* at ¶¶ 14-15.  Plaintiff further claims that on November 8, 2018, a person at the dealer, also not identified, allegedly told her that the necessary replacement brake parts were on "back order." *Id.* at ¶ 19.

On November 21, 2018, less than two weeks after Plaintiff filed this action, Plaintiff again brought her vehicle to Audi Ontario, which fully resolved Plaintiff's brake noise complaint free of charge.  See accompanying Declaration of Conrad Castillon dated January 2, 2019, at ¶¶ 3-4 ("Castillon Dec.") and the dealership service invoice, Exh. A thereto.  The service invoice confirms that the "brake noise" of which Plaintiff complained "is no longer present." *Id.*  Since that

servicing, Plaintiff has not complained to the dealership about any alleged brake noise.  Castillon Dec. at ¶ 4.[1]

Plaintiff claims that the brake noise she allegedly experienced is due to some systemic "brake defect" which she fails to identify.  She purports to assert claims for alleged economic loss on behalf of herself and a putative nationwide class of all United States owners and lessees of 2015-2018 model year Audi Q7 vehicles.  The Complaint asserts Counts for alleged violation of the Consumers Legal Remedies Act ("CLRA") and the Unfair Competition Law ("UCL") (Counts I & II), the Magnuson-Moss Warranty Act ("MMWA") (Count V), and for breach of the implied warranty of merchantability under the Song-Beverly Warranty Act (Count VI).  In addition, despite the absence of any personal injury or damage to another's property, Plaintiff asserts tort claims seeking damages for economic loss only, under theories sounding in negligence and product liability—design defect (Counts III & IV).  Finally, the Complaint also asserts a blunderbuss claim for alleged violation of the consumer fraud statutes of 48 states (Count VII), notwithstanding that Plaintiff both resides and leased her vehicle in California (Compl. ¶¶ 9, 36), and pleads no connection to any state other than California.

The Complaint is conclusory in nature and fails to plead facts plausibly establishing any of her claims.  The Complaint does not identify any "defect" in any brake part on Plaintiff's vehicle or any other putative class vehicle.  It does not allege which of the brakes or brake parts are claimed to be defective, or what the claimed "defect" is.  Instead, Plaintiff mischaracterizes brake noise as a "brake defect" notwithstanding that the mere alleged existence of a noise emanating from Plaintiff's vehicle's brakes does not, in itself, establish any brake defect, much less a systemic defect shared by all putative class vehicles.

---

[1] Despite the satisfactory resolution of Plaintiff's noise complaint, Plaintiff has neither dismissed her action nor amended her complaint to acknowledge this essential fact.

Brake pads and related brake parts are "wear and tear" items.  They are expected to wear out, change condition and make noise over time, due to a myriad of factors and circumstances unique to each user and to each vehicle. Such factors include the manner, style and frequency in which the brakes are applied, the overall types of driving such as highway, city, "stop and go," etc., the user's driving habits such as hard braking, short stopping, or "riding the brakes," the speeds and forces to which the user applies the brakes at given times, the load/weight inside the vehicle at given times when the brakes are applied, exposure to weather and roadway conditions, and exposure to substances found on the road that can damage or wear out brake parts such as salt, sand, small rocks, glass fragments and other foreign particles.

The Complaint, while rife with conclusions, pleads no facts that plausibly establish that Plaintiff's alleged brake noise emanated from a "defect" in the vehicle's brakes as originally designed, manufactured and sold.  Nor does the Complaint establish any actionable non-disclosure of a material fact.  On the contrary, the Owner's Manual for Plaintiff's vehicle specifically states, under a bold heading titled "Operating noise," that  brake "[n]oises may occur when braking depending on the speed, braking force and outside conditions such as temperature and humidity."  Owners Manual, Exh. B to the Declaration of George Blake ("Blake Decl."), at p. 151.

Significantly, nowhere in the Complaint does Plaintiff take issue with the performance or function of the brakes installed on her vehicle or any other putative class vehicle.  In the absence of pleaded facts establishing any safety related issue with her vehicle's brakes, Plaintiff tries to manufacture one by a conclusory allegation that the brake noise "is distracting" to drivers or pedestrians.  Compl. ¶ 12.  However, the Complaint does not allege that Plaintiff, or anyone else, was ever involved in an accident, a near-accident, or lost concentration or focus while driving due to any alleged brake noise.  Compl. ¶¶ 6, 12.

As discussed more fully below, the Complaint fails to state a valid claim for relief as to each of the counts asserted.  Accordingly, the Complaint should be dismissed.  The fact that Plaintiff purports to plead her claims as representative "class claims" has no bearing on this motion.  In the absence of a valid claim of her own, Plaintiff cannot seek to represent a class.  *See e.g., Tietsworth v. Sears, Roebuck and Co.*, 720 F. Supp. 2d 1123, 1147 n.12 (N.D. Cal. 2010).

### III.   ARGUMENT

The standards governing this motion are well-settled:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face…***Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of the elements of a cause of action***, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief.  ***Factual allegations must be enough to raise a right to relief above the speculative level.***  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.  Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

*Somers v. Apple, Inc.,* 729 F.3d 953, 959-60 (9th Cir. 2013) (internal citations and quotations omitted) (emphasis added).

Fraud-based claims, such as the CLRA and UCL, require additional factual particularity pursuant to Fed. R. Civ. P. 9(b).  *O'Toole v. Gencor Nutrients, Inc.*, 2017 U.S. Dist. LEXIS 215448, *7 (C.D. Cal. Aug. 17, 2017).  Under Rule 9(b), a

4

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

plaintiff must plead facts particularizing the "who, what, when, where and how" of each alleged underlying act and omission. *Ebeid v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010). Further, Rule 9(b) requires a plaintiff to specify "why the statement or omission complained of was false or misleading." *Ozeran v. Jacobs*, 2018 U.S. Dist. LEXIS 70543, *9 (C.D. Cal. Apr. 25, 2018).

As discussed below, the Complaint's allegations fall far short of these governing standards.

## IV.   PLAINTIFF'S CLRA AND UCL CLAIMS MUST BE DISMISSED

### A. The CLRA and UCL Claims, Which Seek Only Equitable Relief, Must be Dismissed Because Plaintiff Has an Adequate Remedy at Law

Plaintiff's CLRA claim seeks only equitable relief, and the UCL provides only equitable remedies. Compl. ¶ 79; *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003). Equitable claims brought under the UCL and CLRA are routinely dismissed on the pleadings where, as in this case, the plaintiff has failed to establish that there is no adequate remedy at law available. *Gomez v. Jelly Belly Candy Co.*, 2017 U.S. Dist. LEXIS 134188, at *2 (C.D. Cal. Aug. 18, 2017) ("A plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available"); see also *Summit Estate, Inc. v. Cigna Healthcare of Cal., Inc.*, 2017 U.S. Dist. LEXIS 167462, at *36-37 (N.D. Cal. Oct. 10, 2017); *Salas v. Toyota Motor Sales, U.S.A., Inc.*, 2016 U.S. Dist. LEXIS 195222, at *39-42 (C.D. Cal. Sep. 27, 2016).

"In the Ninth Circuit, the relevant test is whether an adequate damages remedy is available, not whether plaintiff elects to pursue it, or whether she will be successful in that pursuit." *Mullins v. Premier Nutrition Corp.*, 2018 U.S. Dist. LEXIS 10810, at *5 (N.D. Cal. Jan. 23, 2018); *see Gomez,* 2017 U.S. Dist. LEXIS 134188, at *4 (same).

Here, Plaintiff has not only failed to allege the absence of any adequate remedy at law, as was required, but she has asserted various legal claims for damages. Accordingly, Plaintiff's UCL and CLRA claims must be dismissed.

### B. Plaintiff's CLRA and UCL Claims Must Be Dismissed Because She Already Received Her Requested Relief

Plaintiff's statutory consumer fraud claims seek "equitable relief" in the form of a refund of all monies "paid for repairing and/or replacing the Vehicles, and injunctive relief" seeking to compel the necessary repairs. Compl. ¶ 90; *see* ¶ 79 (noting that Plaintiff will send a CLRA notice letter requesting that Defendants "rectify" the alleged noise). However, Plaintiff does not allege that she expended money on any repair. Further, as discussed *supra,* the alleged brake noise was fully addressed and resolved by the Audi dealership shortly after the Complaint was filed. Castillon Dec., ¶ 3. The servicing was performed free of charge, and Plaintiff has not complained of any brake noise since that servicing was performed. *Id., ¶* 4. Since Plaintiff already received her requested relief, her claims under the CLRA and UCL must be dismissed. *De Leon v. Allison*, 2014 U.S. Dist. LEXIS 57469, at *55 (E.D. Cal. Apr. 24, 2014) (dismissing claim where plaintiff has already received the requested relief).

### C. Plaintiff Fails to Identify Any Actionable Misrepresentation that Could Form the Basis of a CLRA or UCL Claim

The Complaint fails to identify any affirmative misrepresentation other than a conclusory generic statement that Defendants' advertisements emphasized "the quality, reliability, and safety of Defendants' vehicles." Compl. ¶ 10. It is well-settled that such generic statements constitute, at most, non-actionable puffery that cannot support a claim of misrepresentation under the CLRA or the UCL. *Annunziato v. eMachines, Inc.,* 402 F. Supp. 2d 1133, 1139-41 (C.D. Cal. 2005) (advertisements that the product is of "high quality," "reliable," "high performance," and employed the "latest technology," are non-actionable puffery);

*see also In re Seagate Tech. LLC Litig.,* 233 F. Supp. 3d 776, 793 (N.D. Cal. 2017) (collecting cases); *Azoulai v. BMW of N. Am. LLC,* 2017 U.S. Dist. LEXIS 57121, at *24-25 (N.D. Cal. Apr. 13, 2017)(same); *Park-Kim v. Daikin Indus*., 2016 U.S. Dist. LEXIS 104248, at *46-47 (C.D. Cal. Aug. 3, 2016)(same).

In addition to not being actionable, these alleged statements are not pled with the particularity required by Rule 9(b). *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir. 2009) (CLRA and UCL claims subject to Rule 9(b)); *Rubenstein v. Neiman Marcus Grp. LLC,* 2015 U.S. Dist. LEXIS 55736, *9-10 (C.D. Cal. Mar. 2, 2015) (same).  In order to comply with Rule 9(b), Plaintiff must, at a minimum, specify the "time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Miller v. Delta Airlines,* 2018 U.S. Dist. LEXIS 60817, at *5 (C.D. Cal. Apr. 18, 2018); *see also Blissard v. FCA US LLC,* 2018 U.S. Dist. LEXIS 201725, at *29 (C.D. Cal. Nov. 9, 2018) (Kronstadt, J.) (holding that "particularized allegations of fraud must include the 'who, what, when, where and how' of the alleged misconduct"); *Fisher v. Honda N. Am., Inc.,* 2014 U.S. Dist. LEXIS 84570, at *8 (C.D. Cal. June 12, 2014) (Kronstadt, J.) (dismissing UCL and CLRA misrepresentation claim because "the FAC lacks allegations regarding the 'who, what, when, where, and how' of the alleged affirmative fraudulent statements").

The Complaint pleads no such facts, requiring dismissal of Plaintiff's CLRA and UCL claims premised upon affirmative misrepresentation.

### D. Plaintiff's Omission-Based Claims Under the CLRA and UCL Must be Dismissed

At the outset, Plaintiff has no valid claim of omission because the potential for brake noise was disclosed in her vehicle's Owner's Manual.  Exh. B to Blake Decl., p. 151.  Plaintiff does not allege that the brake noise of which she complains was not due to one or more of the factors disclosed in the Owner's Manual.  Nor

HERZFELD& RUBIN P.C.
ATTORNEYS AT LAW

does Plaintiff allege facts showing that the noise was due to a defect in any brake part.

Plaintiff's omission-based claims also fail to comply with Rule 9(b).  In order to plead an actionable omission under the CLRA or UCL, a plaintiff must describe the content of the omission and identify which advertisements or brochures she read or heard prior to purchase that should have, but failed, to include the allegedly omitted information.  *Garcia v. GM, LLC,* 2018 U.S. Dist. LEXIS 208129, at \*54 (E.D. Cal. Dec. 10, 2018); *Palmer v. Apple Inc.,* 2016 U.S. Dist. LEXIS 51823, \*14 (N.D. Cal. Apr. 15, 2016).  Plaintiff's Complaint fails to plead such facts.  Plaintiff does not identify the content of the allegedly omitted information, nor does she identify any specific advertisement or representation, relied upon prior to leasing her vehicle, that should have included the omitted information.  *Garcia,* 2018 U.S. Dist. LEXIS 208129, at \*54; *Parenteau v. GM, LLC,* 2015 U.S. Dist. LEXIS 31184, at \*19 (C.D. Cal. Mar. 5, 2015) (dismissing nondisclosure claim because plaintiff did not allege any contact with Defendant, "as distinct from the dealer," prior to purchase and failed to "allege with any degree of specificity which advertisements…she relied on that failed to include the omitted information").

E.   The CLRA and UCL Claims Fail Because Plaintiff Has Not Adequately Pled that Defendants Knew of the Alleged Brake Defect at the Time Plaintiff Leased Her Vehicle

To state a cognizable claim under the CLRA and UCL, a plaintiff must adequately plead that defendants had pre-sale knowledge of the alleged defect. *Tomek v. Apple Inc.,* 636 Fed. App'x 712, 713-14 (9th Cir. 2015); *Wilson v. Hewlett-Packard Co.,* 668 F.3d 1136, 1145 n.5 (9th Cir. 2012) ("The failure to disclose a defect that  a manufacturer does not have a duty to disclose, *i.e.,* a defect of which it is not aware, does not constitute an unfair or fraudulent practice" under the UCL); *Resnick v. Hyundai Motor Am., Inc.,* 2016 U.S. Dist. LEXIS 160179, at

HERZFELD & RUBIN PC
ATTORNEYS AT LAW

*40 (C.D. Cal. Nov. 14, 2016); *see also Victorino v. FCA US LLC,* 2018 U.S. Dist. LEXIS 32846, at *24 (S.D. Cal. Feb. 27, 2018) ("When addressing a defendant's pre-sale knowledge, courts have held that the defendant must have knowledge of the specific defect alleged, not a general defect") (collecting cases).

The vague and conclusory allegations in the Complaint fail to establish this requirement.  The Complaint pleads no facts establishing the existence of any brake defect in Plaintiff's vehicle or the putative class vehicles.  As discussed above, Plaintiff's mere allegation of a brake related noise in her vehicle does not factually establish the existence of any brake defect, much less a specific defect that was known to Defendants prior to the time in which Plaintiff leased her vehicle.

Plaintiff unsuccessfully attempts to plead pre-sale knowledge of Defendants based upon (1) six hearsay complaints made by unidentified third-party consumers to the National Highway Traffic Safety Administration (NHTSA), Compl. ¶ 53, (2) a single-sentence conclusory allegation of pre-sale knowledge through unidentified testing data, warranty claims, and complaints purportedly lodged with dealerships, Compl. ¶ 30, and (3) a single-sentence conclusory allegation of pre-sale knowledge based on Technical Service Bulletins (TSBs) that are not specified.  Compl. ¶ 48. None of these conclusory allegations is supported by pleaded facts, and none establish the required element that any Defendant had pre-sale knowledge of the alleged brake defect claimed by Plaintiff.

As to the hearsay consumer complaints to NHTSA, five of the six cited by Plaintiff actually post-dated Plaintiff's January 2, 2017 lease of her vehicle. Compl. ¶¶ 9, 53; *see Resnick v. Hyundai Motor Am., Inc.,* 2017 U.S. Dist. LEXIS 67525, at *48; *Callaghan v. BMW of N. Am., Inc.,* 2014 U.S. Dist. LEXIS 164290, at *11 (N.D. Cal. Nov. 21, 2014) (plaintiffs had not adequately alleged pre-sale knowledge of the claimed defect where "more than half" of the consumer complaints post-dated the plaintiffs' purchases).

In addition, the Ninth Circuit made clear last year that pleading knowledge by consumer complaints requires an "unusually high level[]" of complaints along with other plausible facts to show that the company "itself saw this number as significant and beyond the norm." *Williams v. Yamaha Motor Co.,* 851 F.3d 1015, 1027 & n.8 (9th Cir. 2017). In *Williams*, the "unusually high level" was met by pleaded facts showing that Yamaha's individual supervisors allegedly dealt with "40 or 50' consumer complaints" soon after the motors went on the market, and, more importantly, that Yamaha actually created a "separate consumer response system dedicated to handling [the] unusually high volume of complaints specific to" the alleged defect. *Id.* at 1027-28 & n.8.

Here, the Complaint pleads no such facts. The single consumer complaint to NHTSA that pre-dated Plaintiff's lease does not come close to meeting the "unusually high level" of complaints required to adequately plead pre-sale knowledge. *See Fisher v. Honda N. Am., Inc.,* 2014 U.S. Dist. LEXIS 84570, at *15 (C.D. Cal. June 12, 2014) (Kronstadt, J.) (emphasis in original)("It is not plausible to suggest that Honda was on notice of the defect *'at the time of sale'* based on one customer complaint"); *Blissard v. FCA US LLC,* 2018 U.S. Dist. LEXIS 201725, at *36-37 (C.D. Cal. Nov. 9, 2018) (Kronstadt, J.) (12 specific complaints that pre-date plaintiff's purchase do not suffice because they are "an insufficiently small number" and there is no allegation suggesting that "'FCA *itself* saw' the number of complaints 'as significant and beyond the norm'"); *Sloan v. Gen. Motors LLC,* 2017 U.S. Dist. LEXIS 120851, at *25 (N.D. Cal. Aug. 1, 2017) ("Plaintiffs do not allege that the 81 complaints posted [to the NHTSA and one other third-party website] over the course of seven years was an unusually high number of complaints. Thus, the complaints do not show GM's knowledge of the alleged defect").

Nor is pre-sale knowledge established by the conclusory allegation that Defendants knew of a brake defect from purported testing data, warranty claims,

and complaints lodged with dealerships – none of which is specified or supported by pleaded facts.  Compl. ¶ 30;*Grodzitsky v. Am. Honda Motor Co.,*2013 U.S. Dist. LEXIS 33387, *18 (C.D. Cal. Feb. 19 2013) (rejecting "knowledge" and "duty to disclose" allegations premised on claim that Honda knew of a defect based on "pre-release testing data, early consumer complaints to Honda and dealers, testing done in response to complaints, replacement part sales data, aggregate data from Honda dealers, and other internal sources"); *Blissard, supra,* 2018 U.S. Dist. LEXIS 201725, at *36 (allegations based on pre-sale testing and FCA's "own records" found to be "speculative" and insufficient).

Likewise, pre-sale knowledge is not established by Plaintiff's conclusory allegation regarding Technical Service Bulletins ("TSBs") which are neither specified nor shown by pleaded facts to relate to Plaintiff's alleged defect. *Blissard,* 2018 U.S. Dist. LEXIS 201725, at *37-38 (disregarding allegation that FCA issued several STAR case reports or TSBs that were not incorporated in the complaint, and holding that even the two bulletins that were included did not suffice because although it shows FCA's awareness of sludge, there is no indication "that FCA knew that the cause of such build-up was manufacturer-installed coolant," the precise defect alleged); *Granillo v. FCA US LLC*, 2016 U.S. Dist. LEXIS 116573, at *32 (D.N.J. Aug. 29, 2016) (under California law, TSBs fail to show requisite knowledge if plaintiff does not allege facts indicating that TSBs addressed the specific defect at issue).

In addition, two of the three TSBs alleged in the Complaint post-date Plaintiff's lease by nearly a year. Compl. ¶ 48.  *See Granillo,* 2016 U.S. Dist. LEXIS 116573, at *31 (applying California law and dismissing CLRA claim because, *inter alia*, "TSBs issued after Plaintiffs purchased their vehicles do not indicate that Defendant had pre-sale knowledge of the content of those TSBs").

Accordingly, Plaintiff's CLRA and UCL claims must be dismissed.

F.  <u>Plaintiff's UCL Claim Predicated on Alleged Violation of Other Statutes Fails to State a Claim for Relief</u>

Plaintiff's claim under the UCL's "unlawful" prong fails because her predicate statutory violations under the CLRA, TREAD Act and Secret Warranty Law are either preempted or not properly pled.  Compl. ¶¶ 84-86; *Martinez v. Wells Fargo Home Mortg., Inc.,* 598 F.3d 549, 557 (9th Cir. 2010) (affirming dismissal of UCL "unlawful" claim because "the predicate violations alleged by the [plaintiffs] are either preempted by the National Bank Act, or do not violate any law").

The UCL claim premised upon purported violation of the CLRA fails because, as discussed *supra*, the Complaint fails to sufficiently plead a CLRA violation.

The UCL claim premised upon a purported violation of California's Secret Warranty Law is wholly conclusory and fails to state a claim.  The Secret Warranty Law requires consumer notice when a manufacturer adopts an "adjustment program,"  Cal. Civ. Code § 1795.92(a), defined as a "*program or policy* that expands or extends the consumer's *warranty beyond its stated limit* or under which a manufacturer offers to pay…or to reimburse consumers for all or any part of the cost of repairing, any condition that may substantially affect vehicle *durability, reliability, or performance*…"  Cal. Civ. Code § 1795.90(d) (emphasis added).  The Complaint pleads no facts establishing that either Defendant adopted a "program or policy" that would violate the Secret Warranty Law.  *See Cholakyan v. Mercedes-Benz USA, LLC,* 796 F. Supp. 2d 1220, 1240 (C.D. Cal. 2011) (dismissing Secret Warranty Law claim because plaintiff failed to plausibly allege that defendant offered free repairs to vehicles no longer under warranty).

Finally, the allegation that Defendants violated the TREAD Act by failing to notify NHTSA and consumers of the so-called brake defect cannot survive the pleading stage.  *See* Compl. ¶ 29.  The TREAD Act requires notice of a motor vehicle *safety* defect, which is defined as a problem that presents an "*unreasonable*

*risk of accidents*" due to the "design, construction, or performance of a motor vehicle," or an "*unreasonable risk of death or injury* in an accident." 49 U.S.C. § 30118(c)(1); § 30102(a)(9) (definition); *see* 49 U.S.C. § 30101 (purpose of Act is to "reduce traffic accidents and deaths and injuries relating from traffic accidents"). The Complaint fails to plead facts establishing that Plaintiff, or any consumer, was involved in an accident, a near-accident, or suffered any injury as a result of the alleged brake noise. There are likewise no pleaded facts establishing that the alleged noise presents any risk of accident or injury, much less an "unreasonable" risk that could rise to the level of implicating the TREAD Act. In fact, Plaintiff does not allege that, at any time, the brakes on her vehicle failed to slow down and/or stop the vehicle in the time and manner in which she intended.

While the Complaint fails to plead *any* safety risk, it should be noted that NHTSA has denied petitions for defect investigations even where the alleged defect created a safety risk that was small. *See* Denial of Petition, NHTSA Notice, 66 Fed. Reg. 55243 (Nov. 1, 2001) (denying petition involving defect which could result in the engine stalling and engine fire because there "have been no reports of crashes, injuries or fatalities," and the risk of engine fire "is extremely low"); Denial of Petition, NHTSA Notice, 67 Fed. Reg. 61375 (Sep. 30, 2002) (denying petition relating to defect that may cause engine overheating and loss of coolant because there have been no reports of coolant-related fire or injury). Accordingly, the Court should dismiss Plaintiff's UCL claim premised upon a purported violation of the TREAD Act.

Finally, there can be no UCL claim predicated upon an alleged failure to notify NHTSA of a safety related defect. This constitutes a fraud-on-the-agency claim preempted by federal law. The Supreme Court has held that state-law fraud-on-the-agency claims, arising from disclosures mandated by a federal statute, "conflict with, and are therefore impliedly pre-empted by federal law." *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 348 (2001). *See also Nathan*

13

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*Kimmel, Inc. v. DowElanco*, 275 F.3d 1199, 1204 (9th Cir. 2002) (affirming dismissal of state law fraud-on-the agency claims under *Buckman* preemption).

## V.   THE NEGLIGENCE AND PRODUCT LIABILITY CLAIMS ARE BARRED BY THE ECONOMIC LOSS RULE

Under California's economic loss doctrine, a plaintiff's right to sue in negligence or product liability is limited to cases in which personal injury or damage to other property is claimed.  No recovery is allowed under these theories for economic loss only.  *Fisher v. Honda N. Am., Inc.*, 2014 U.S. Dist. LEXIS 84570,*17-18 (C.D. Cal. June 12, 2014) (Kronstadt, J.)(negligence claim barred by economic loss rule); *Dubbs v. Glenmark Generics Ltd.,* 2014 U.S. Dist. LEXIS 65256, at *8 (C.D. Cal. May 9, 2014)(product liability claim barred by economic loss rule).

Here, Plaintiff does not allege any personal injury or damage to other property.  The only damages she seeks are for pure economic loss relating to her own vehicle.  Therefore, Plaintiff's negligence and product liability claims must be dismissed pursuant to the economic loss rule.

## VI.   PLAINTIFF'S MAGNUSON-MOSS WARRANTY ACT CLAIM MUST BE DISMISSED

Plaintiff's claim under the Magnuson-Moss Warranty Act ("MMWA") is premised upon an alleged breach of a written warranty that is nowhere identified in the Complaint.  To state "a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury."  *Precht v. Kia Motors Am., Inc*., 2014 U.S. Dist. LEXIS 185202, *22 (C.D. Cal. Dec. 29, 2014); *Sloan v. Gen.Motors LLC*, 2017 U.S. Dist. LEXIS 120851, *28 (N.D. Cal. Aug. 1, 2017) (noting that MMWA claim is entirely derivative of the applicable state warranty law).  The Complaint fails to allege such facts.

The fatal deficiency is not circumvented by Plaintiff's conclusory allegation that "[d]efendants affirmed the fact, promise, and/or described in writing that the Vehicles would meet a specified level of performance over a specified period of time."  Compl. ¶ 112.  This allegation merely tracks the buzz-words of the MMWA, *see* 15 U.S.C. § 2301(6)(A), and fails to identify the existence and exact terms of any express warranty that Plaintiff claims to be applicable.  *Park-Kim v. Daikin Indus.*, 2016 U.S. Dist. LEXIS 104248, at *44 (C.D. Cal. Aug. 3, 2016); *Blennis v. Hewlett-Packard Co.*, 2008 U.S. Dist. LEXIS 106464, *6 (N.D. Cal. Mar. 25, 2008).

In addition, Defendants never issued any express warranty that Plaintiff's vehicle "would meet a specified level of performance."  On the contrary, the written New Vehicle Limited Warranty ("NVLW") applicable to Plaintiff's vehicle states that an authorized Audi dealer will, during the prescribed warranty period, and subject to certain enumerated exclusions and limitations, perform "repair or replacement" of covered parts "to correct a defect in manufacturer's material and workmanship."  Compl. ¶ 45; NVLW, Blake Dec., Exh. A, pp. 7, 10; *see Hoey v. Sony Electronics, Inc.*, 515 F. Supp. 2d 1099, 1104 (N.D. Cal. 2007) (dismissing similar warranty claim, holding: "The warranty states only that Sony will repair all defects for one year…Nothing in the warranty expressly or impliedly warrants that the computer will be defect-free either during the warranty period or thereafter.").  The Complaint does not allege a breach of the NVLW.

Finally, Plaintiff's claim fails because she does not allege that she relied upon, or even saw, any express warranty prior to leasing her vehicle.  *See Park-Kim,* 2016 U.S. Dist. LEXIS 104248, at *48 (dismissing express warranty claim because "plaintiffs do not assert that they read or relied upon any warranty" or marketing material prior to purchase); *Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962, 979 (C.D. Cal. 2014) (same).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HERZFELD &
RUBIN P.C.
ATTORNEYS AT LAW

## VII.   PLAINTIFF'S SONG-BEVERLY CONSUMER WARRANTY ACT CLAIM FAILS TO STATE A CLAIM FOR RELIEF

Plaintiff's Song-Beverly claim, premised upon a breach of the implied warranty of merchantability, should be dismissed.  The implied warranty of merchantability "does not impose a general requirement that goods precisely fulfill the expectation of buyer." *Am. Suzuki Motor Corp. v. Super. Ct.,* 37 Cal. App. 4th 1291, 1296 (1995).  Instead, it provides for a minimum level of quality that the product possesses "the most basic degree or fitness for ordinary use." *Birdsong v. Apple, Inc*., 590 F.3d 955, 958 (9th Cir. 2009); *Beshwate v. BMW of N. Am., LLC,* 2017 U.S. Dist. LEXIS 164820, at *25 (E.D. Cal. Oct. 3, 2017); *Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962, 980 (C.D. Cal. 2014) (holding that the "basic inquiry, therefore, is whether the vehicle was fit for driving"); *see* Cal. Civ. Code § 1791.1(a)(2).

This Court recently clarified that a vehicle is not rendered unmerchantable unless a defect "compromise[s] the vehicle's safety, render[s] it inoperable, or otherwise drastically undermine[s] the ordinary operation of the vehicle." *Blissard v. FCA, US LLC,* 2018 U.S. Dist. LEXIS 201725, at *20 (C.D. Cal. Nov. 9, 2018) (Kronstadt, J.).

The Complaint does not even remotely allege that the subject "noise" renders the vehicle "inoperable" or otherwise "drastically undermines the ordinary operation of the vehicle." *Id.*  In fact, nowhere in the Complaint does Plaintiff take issue with the performance and function of the brake parts installed in her vehicle.  As discussed *supra*, there is no claim that the subject brakes failed, at any time, to slow down or stop Plaintiff's vehicle in the time and manner in which she intended, or that the brakes failed to do anything they were designed to do.  *Id.* (dismissing claim because "the nature of the defect might be viewed as a mere 'annoyance' not something that interferes with Plaintiffs' 'ability to drive [their] car[s].'"); *Avedisian v. Mercedes-Benz, USA, LLC,* 43 F. Supp. 3d 1071, 1079 (C.D. Cal. Sep.

8, 2014) (vehicle not rendered unmerchantable where alleged defect "did not 'drastically undermine the ordinary operation of the vehicle' and indeed failed to implicate the vehicle's operability at all").

In addition, the Complaint fails to plead facts establishing the existence of any safety risk that is not utterly speculative or hypothetical in nature. While conclusorily alleging that the brake noise could be distracting and a "potential" for loss of "concentration and focus," there is no allegation that Plaintiff, or anyone else, ever lost concentration or focus while driving, or sustained an accident or near-accident as a result of the alleged brake noise. Compl., ¶ 6; *Birdsong v. Apple, Inc.,* 590 F.3d 955, 959 (9th Cir. 2009) (affirming dismissal of implied warranty claim because the alleged risk of hearing loss was speculative as plaintiffs do not allege "that they, or any others, have suffered or are ***substantially certain*** to suffer inevitable hearing loss") (emphasis added); *Smith v. Ford Motor Co.,* 749 F. Supp. 2d 980, 991 (N.D. Cal. 2010) (finding no safety risk where dangers envisioned by plaintiff are speculative deriving "in each instance from the particular location" of the vehicle "and/or the driver's individual circumstances"); *see Greene v. BMW of N. Am.,* 2012 U.S. Dist. LEXIS 168695, *9-10 (D.N.J. Nov. 28, 2012) (dismissing implied warranty claim despite tire bubbles causing "*a distractingly loud*" and "[un]controlled" ride, because plaintiff failed to plausibly allege that he could not safely or reliably drive his vehicle); *Ferrari v. Am. Honda Motor Co.,* 2009 N.J. Super Unpub. LEXIS 346, **2, 10 (App. Div. 2009) ("an abnormal tapping noise from the engine" caused by "a severe and chronic piston slap condition" does not render vehicle unmerchantable as vehicle is "fit for its ordinary purpose as a passenger vehicle").

Finally, Plaintiff's vehicle is not unmerchantable because the alleged noise admittedly did not affect the safety or functionality of the brakes, the vehicle was able to be safely operated, and Plaintiff's noise complaint was, in fact, successfully resolved by the dealership. *Blissard,* 2018 U.S. Dist. LEXIS 201725, at *20

17

(dismissing without prejudice implied warranty claim, despite allegations of safety concerns and adverse effects on operability in cold weather, because plaintiff "alleged that the defect can be cured through replacement of '[f]ouled components'").

## VIII. PLAINTIFF LACKS STANDING TO ASSERT CLAIMS FOR VIOLATIONS OF CONSUMER FRAUD STATUTES OF STATES OTHER THAN CALIFORNIA (COUNT VII)

Article III standing is a constitutional prerequisite for maintaining an action in federal court.  *Lierboe v. State Farm Mut. Auto. Ins. Co*., 350 F.3d 1018, 1022 (9th Cir. 2003); *Mollicone v. Universal Handcraft, Inc.,* 2017 U.S. Dist. LEXIS 14125, *28 (C.D. Cal. Jan. 30, 2017).  As the Supreme Court has stated, "[t]hat a suit may be a class action…adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'"  *Lewis v. Casey,* 518 U.S. 343, 357 (1996).

The Complaint alleges that Plaintiff is a resident of California, and leased her vehicle in California.  Compl. ¶¶  9, 36.  Plaintiff has pled no connection with any other state.  Courts have repeatedly held that if there is no representative plaintiff from a particular state whose law is sought to be applied, all claims under that state's law must be dismissed for lack of standing.  *Mollicone,* 2017 U.S. Dist. LEXIS 14125, at *27-28 ("when 'a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal" for lack of standing); *Johnson v. Nissan N. Am., Inc.,*  272 F. Supp. 3d 1168, 1175 (N.D. Cal. 2017) (same); *In re Carrier IQ, Inc., Consumer Privacy Litig.,* 78 F. Supp. 3d 1051, 1075 (N.D. Cal. 2015) (same); *Pardini v. Unilever United States, Inc.,* 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013); *In re Aftermarket Auto. Lighting Prod. Antitrust Litig*., 2009 U.S. Dist. LEXIS 133088, at *23, 26 (C.D.

Cal. July 6, 2009) ("Courts routinely dismiss claims where no plaintiff is alleged to reside in a state whose laws the class seeks to enforce").

Accordingly, the claims based on the consumer fraud statutes of states other than California must be dismissed for lack of standing.

## IX.   CONCLUSION

For the foregoing reasons, Defendants VWGoA and Audi of America, LLC respectfully request that the Class Action Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 9(b), together with such other and further relief as the Court deems just and proper.

Dated:  January 4, 2019                    Respectfully submitted,

HERZFELD & RUBIN, LLP


By:   /s/   Craig L. Winterman
Craig L. Winterman
ATTORNEYS FOR DEFENDANTS
VOLKSWAGEN GROUP OF AMERICA,
INC. AND AUDI OF AMERICA, LLC