1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HERZFELD & RUBIN, P.C.**
Michael B. Gallub (Admitted *Pro Hac Vice*)
E-mail: *mgallub@herzfeld-rubin.com*
125 Broad Street
New York, NY 10004
Tel.: (212) 471-8500 – Fax: (212) 344-3333

**HERZFELD & RUBIN LLP**
Craig L. Winterman (SBN 75220)
E-mail: *cwinterman@hrllp-law.com*
10866 Wilshire Blvd., Suite 800
Los Angeles, CA 90024
Tel.: (310) 553-0451 – Fax: (310) 553-0648

Attorneys for Defendants,
VOLKSWAGEN GROUP OF AMERICA, INC.
& AUDI OF AMERICA, LLC

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA–WESTERN DIVISION

| | |
|---|---|
| VALERIA MERCADO and JACOB WHITEHEAD, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>        vs.<br><br>AUDI OF AMERICA, LLC; VOLKSWAGEN GROUP OF AMERICA, INC. d/b/a AUDI OF AMERICA, INC.,<br><br>                Defendants. | Case No. 5:18-cv-02388-JAK-SP<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:   June 24, 2019<br>Time:   8:30 a.m.<br>Courtroom: 10B<br>Judge:  Hon. John A. Kronstadt |

**TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT ...............................................................1

II.    STATEMENT OF FACTS ......................................................................1

III.   ARGUMENT .........................................................................................5

IV.    PLAINTIFFS' CLRA AND UCL CLAIMS MUST BE DISMISSED .........6

       A.    The CLRA and UCL Claims, Which Seek Only Equitable
             Relief, Must be Dismissed Because Plaintiffs Have an
             Adequate Remedy at Law ......................................................6

       B.    Plaintiff Mercado's CLRA and UCL Claims Must Be
             Dismissed Because She Already Received Her Requested
             Relief ...................................................................................7

       C.    Plaintiffs Fails to Identify Any Actionable  Misrepresentation
             that Could Form the Basis of a CLRA or UCL Claim .........8

       D.    Plaintiffs' Omission-Based Claims Under the CLRA and UCL
             Must Be Dismissed ...............................................................9

       E.    The CLRA and UCL Claims Fail Because Plaintiffs Have Not
             Adequately Pled that Defendants Knew of the Alleged Brake
             Defect Prior to the Time in Which Plaintiffs Purchased/Leased
             Their Vehicles ....................................................................10

       F.    Plaintiffs' UCL Claim Predicated on Alleged Violation of
             Other Statutes Fails to State a Claim for Relief ................15

V.     THE NEGLIGENCE AND PRODUCT LIABILITY CLAIMS
       ARE BARRED BY THE ECONOMIC LOSS RULE ...............................17

VI.    PLAINTIFFS' MAGNUSON-MOSS WARRANTY ACT
       CLAIM MUST BE DISMISSED ............................................................18

VII.   PLAINTIFFS' SONG-BEVERLY CONSUMER WARRANTY
       ACT CLAIM FAILS TO STATE A CLAIM FOR RELIEF ....................19

VIII.  COUNT VII OF THE FAC MUST BE DISMISSED BECAUSE
       PLAINTIFFS LACK STANDING TO ASSERT CLAIMS FOR
       VIOLATIONS OF CONSUMER FRAUD STATUTES OF
       STATES OTHER THAN CALIFORNIA ................................................22

IX.    CONCLUSION .....................................................................................23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HERZFELD &
RUBIN P.C.

i

1

# TABLE OF AUTHORITIES

2

3 **Federal Cases**

4 *Annunziato v. eMachines, Inc.*,
   402 F. Supp. 2d 1133 (C.D. Cal. 2005) ...............................................................8

5
*Avedisian v. Mercedes-Benz, USA, LLC*,
6   43 F. Supp. 3d 1071 (C.D. Cal. Sep. 8, 2014) ...................................................21

7 *Azoulai v. BMW of N. Am., LLC*,
8   2017 U.S. Dist. LEXIS 57121 (N.D. Cal. Apr. 13, 2017) ....................................8

9 *Beshwate v. BMW of N. Am., LLC*,
   2017 U.S. Dist. LEXIS 164820 (E.D. Cal. Oct. 3, 2017) ..................................20

10
*Birdsong v. Apple Inc.*,
11   590 F.3d 955 (9th Cir. 2009)........................................................................20, 21

12 *Blennis v. Hewlett-Packard Co.*,
13   2008 U.S. Dist. LEXIS 106464 (N.D. Cal. Mar. 25, 2008)................................18

14 *Blissard v. FCA US LLC*,
   2018 U.S. Dist. LEXIS 201725 (C.D. Cal. Nov. 9, 2018)....................8, 12, 13, 20
15
*Buckman Co. v. Plaintiffs' Legal Comm.*,
16   531 U.S. 341 (2001) ...........................................................................................17

17
*Callaghan v. BMW of N. Am., Inc.*,
18   2014 U.S. Dist. LEXIS 164290 (N.D. Cal. Nov. 21, 2014)................................12

19 *Cholakyan v. Mercedes-Benz USA, LLC*,
   796 F. Supp. 2d 1220 (C.D. Cal. 2011) .............................................................16
20
*Corson v. Toyota Motor Sales, U.S.A., Inc.*,
21   2013 U.S. Dist. LEXIS 63260 (C.D. Cal. Apr. 24, 2013) ..................................15

22 *Dubbs v. Glenmark Generics Ltd.*,
23   2014 U.S. Dist. LEXIS 65256 (C.D. Cal. May 9, 2014) ....................................17

24 *Ebeid v. Lungwitz*,
25   616 F.3d 993 (9th Cir. 2010).................................................................................6

26 *Ferrari v. Am. Honda Motor Co.*,
   2009 N.J. Super Unpub. LEXIS 346 (App. Div. 2009) ......................................21
27
*Fierro v. Volkswagen Grp. of Am.*,
28   2016 WL 7165729 (C.D. Cal. Sep. 23, 2016)....................................................19

ii

*Fisher v. Honda N. Am., Inc.,*
 2014 U.S. Dist. LEXIS 84570 (C.D. Cal. June 12, 2014) ...........................9, 13, 17

*Garcia v. GM, LLC,*
 2018 U.S. Dist. LEXIS 208129 (E.D. Cal. Dec. 10, 2018) .................................. 10

*Granillo v. FCA US LLC,*
 2016 U.S. Dist. LEXIS 116573 (D.N.J. Aug. 29, 2016)........................................ 13

*Greene v. BMW of N. Am.,*
 2012 U.S. Dist. LEXIS 168695 (D.N.J. Nov. 28, 2012)....................................... 21

*Grodzitsky v. Am. Honda Motor Co.,*
 2013 U.S. Dist. LEXIS 33387 (C.D. Cal. Feb. 19, 2013)..................................... 13

*Hoey v. Sony Electronics, Inc.,*
 515 F. Supp. 2d 1099 (N.D. Cal. 2007) ............................................................. 18

*In re Aftermarket Auto. Lighting Prod. Antitrust Litig.,*
 2009 U.S. Dist. LEXIS 133088 (C.D. Cal. July 6, 2009) ..................................... 23

*In re Carrier IQ, Inc., Consumer Privacy Litig.,*
 78 F. Supp. 3d 1051 (N.D. Cal. 2015) ............................................................... 23

*In re MyFord Touch Consumer Litig.,*
 46 F. Supp. 3d 936 (N.D. Cal. May 30, 2014)............................................... 16, 20

*In re Seagate Tech. LLC Litig.,*
 233 F. Supp. 3d 776  (N.D. Cal. 2017) ................................................................. 8

*Johnson v. Nissan N. Am., Inc.,*
 272 F. Supp. 3d 1168 (N.D. Cal. 2017) ..................................................19, 20, 23

*Kearns v. Ford Motor Co.,*
 567 F.3d 1120 (9th Cir. 2009)............................................................................. 8

*Lewis v. Casey,*
 518 U.S. 343 (1996) ......................................................................................... 22

*Lierboe v. State Farm Mut. Auto. Ins. Co.,*
 350 F.3d 1018 (9th Cir. 2003)........................................................................... 22

*Mandani v. Volkswagen Grp. of Am., Inc.,*
 2019 U.S. Dist. LEXIS 25381 (N.D. Cal. Feb. 15, 2019) .................................... 14

*Martinez v. Wells Fargo Home Mortg., Inc.,*
 598 F.3d 549 (9th Cir. 2010).............................................................................. 15

*Miller v. Delta Airlines,*
 2018 U.S. Dist. LEXIS 60817 (C.D. Cal. Apr. 18, 2018) ....................................... 8

iii

*Mollicone v. Universal Handcraft, Inc.,*
  2017 U.S. Dist. LEXIS 14125 (C.D. Cal. Jan. 30, 2017) ...............................22, 23

*Nathan Kimmel, Inc. v. DowElanco,*
  275 F.3d 1199 (9th Cir. 2002)................................................................................17

*O'Toole v. Gencor Nutrients, Inc.,*
  2017 U.S. Dist. LEXIS 215448 (C.D. Cal. Aug. 17, 2017).......................................6

*Ozeran v. Jacobs,*
  2018 U.S. Dist. LEXIS 70543 (C.D. Cal. Apr. 25, 2018) ........................................6

*Palmer v. Apple Inc.,*
  2016 U.S. Dist. LEXIS 51823 (N.D. Cal. Apr. 15, 2016) .....................................10

*Pardini v. Unilever United States, Inc.,*
  961 F. Supp. 2d 1048 (N.D. Cal. 2013) .................................................................23

*Parenteau v. GM, LLC,*
  2015 U.S. Dist. LEXIS 31184 (C.D. Cal. Mar. 5, 2015) .......................................10

*Park-Kim v. Daikin Indus.,*
  2016 U.S. Dist. LEXIS 104248 (C.D. Cal. Aug. 3, 2016)................................8, 18

*Precht v. Kia Motors Am., Inc.,*
  2014 U.S. Dist. LEXIS 185202 (C.D. Cal. Dec. 29, 2014) ...................................18

*Punian v. Gillette Co.,*
  2016 U.S. Dist. LEXIS 34164 (N.D. Cal. Mar. 15, 2016).......................................8

*Resnick v. Hyundai Motor Am., Inc.,*
  2016 U.S. Dist. LEXIS 160179 (C.D. Cal. Nov. 14, 2016).....................11, 12, 13

*Rubenstein v. Neiman Marcus Grp. LLC,*
  2015 U.S. Dist. LEXIS 55736 (C.D. Cal. Mar. 2, 2015) .........................................8

*Sloan v. GM LLC,*
  2017 U.S. Dist. LEXIS 120851 (N.D. Cal. Aug. 1, 2017)...............................13, 18

*Smith v. Ford Motor Co.,*
  749 F. Supp. 2d 980 (N.D. Cal. 2010) ...................................................................21

*Somers v. Apple Inc.,*
  729 F.3d 953 (9th Cir. 2013)...................................................................................6

*Tietsworth v. Sears, Roebuck and Co.,*
  720 F. Supp. 2d 1123 (N.D. Cal. 2010) ...................................................................5

*Tomek v. Apple Inc.,*
  636 Fed. App'x 712 (9th Cir. 2015).......................................................................10

TABLE OF AUTHORITIES

HERZFELD & RUBIN P.C.

*Victorino v. FCA US LLC,*
  2018 U.S. Dist. LEXIS 32846 (S.D. Cal. Feb. 27, 2018) ................................ 11, 19

*Williams v. Yamaha Motor Co.,*
  851 F.3d 1015 (9th Cir. 2017) ................................................................................ 12

*Wilson v. Hewlett-Packard Co.,*
  668 F.3d 1136 (9th Cir. 2012) ................................................................................ 10

**State Court Cases**

*Am. Suzuki Motor Corp. v. Superior Ct. (Carney),*
  37 Cal. App. 4th 1291 (1995) .................................................................................. 20

*Korea Supply Co. v. Lockheed Martin Corp.,*
  29 Cal. 4th 1134 (2003) ............................................................................................ 6

**Statutes**

Cal. Civ. Code § 1791(a) ............................................................................................ 19

Cal. Civ. Code § 1791.1(a)(2) .................................................................................... 20

Cal. Civ. Code § 1792 ................................................................................................ 19

Cal. Civ. Code § 1795.5 ............................................................................................. 20

Cal. Civ. Code § 1795.90(d) ................................................................................ 15, 16

Cal. Civ. Code § 1795.92(a) ...................................................................................... 15

**Rules**

Fed. R. Civ. P. 12(b)(1) ......................................................................................... 1, 23

Fed. R. Civ. P. 12(b)(6) ......................................................................................... 1, 23

Fed. R. Civ. P. 9(b) ..................................................................................... 1, 6, 8, 23

**Federal Regulations**

15 U.S.C. § 2301(6)(A) ............................................................................................. 19

49 U.S.C. § 30101 ...................................................................................................... 16

49 U.S.C. § 30102(a)(9) ............................................................................................. 16

49 U.S.C. § 30118(c)(1) ............................................................................................. 16

**NHTSA Petitions**

Denial of Petition, NHTSA Notice,
   66 Fed. Reg. 55243 (Nov. 1, 2001) ........................................................ 17

Denial of Petition, NHTSA Notice,
   67 Fed. Reg. 61375 (Sep. 30, 2002) ...................................................... 17

**Acts**

Consumers Legal Remedies Act .......................................................... 3, 7, 15

Magnuson-Moss Warranty Act .............................................................. 3, 18

Secret Warranty Law ............................................................................ 15, 16

Song-Beverly Act ....................................................................................... 20

TREAD Act ...................................................................................... 15, 16, 17

Unfair Competition Law ...................................................................... passim

HERZFELD &
RUBIN PC

## NOTICE OF MOTION AND MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on June 24, 2019, or as soon thereafter as this matter may be heard, before the Honorable John A. Kronstadt, in Courtroom 10B of the United States District Court for the Central District of California, located at located at 350 W. First Street, Los Angeles, California 90012, Defendants Volkswagen Group of America, Inc. ("VWGoA") and Audi of America, LLC will, and hereby do, respectfully move this Court for an order dismissing the First Amended Class Action Complaint, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 9(b), for failure to state a claim upon which relief can be granted and lack of standing.

This Motion to Dismiss is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support thereof, the First Amended Class Action Complaint and matters incorporated or referenced therein, the Declaration of George Blake with exhibits, matters that may be judicially noticed, other documents filed in this case, and upon such other matters as may be presented to the Court at the time of the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7–3, which took place on March 7, 2019.

Dated:  March 15, 2019                     Respectfully submitted,

                                           HERZFELD & RUBIN, P.C.


                                  By: */s/ Michael B. Gallub (Pro Hac Vice)*
                                           Attorneys for Defendants,
                                           VOLKSWAGEN GROUP OF
                                           AMERICA, INC. & AUDI OF
                                           AMERICA, LLC

DEFENDANTS' NOTICE OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

## I.    PRELIMINARY STATEMENT

Defendants Volkswagen Group of America, Inc. ("VWGoA") and Audi America, LLC (collectively, "Defendants") respectfully move this Court for an order dismissing Plaintiffs' First Amended Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 9(b).  For the reasons demonstrated below, the causes of action asserted against Defendants fail to state claims upon which relief can be granted, and should be dismissed.  In addition, Plaintiffs, who reside and purchased/leased their vehicles in California, lack standing to assert claims under the consumer fraud/deceptive trade practices statutes of other states, and those claims must also be dismissed.

## II.    STATEMENT OF FACTS

This is Plaintiff's second chance at pleading.  Defendants' original motion to dismiss demonstrated why Plaintiff failed to state a claim upon which relief can be granted.  Dkt. No. 15.  Rather than oppose Defendants' motion, Plaintiffs filed a First Amended Complaint ("FAC"), Dkt. No. 53.  However, other than adding another named Plaintiff, Jacob Whitehead, the FAC does nothing to cure the fatal deficiencies of the original complaint that were addressed in the Motion to Dismiss.

In the FAC, Plaintiffs assert individual and putative representative class claims alleging that certain model year Audi Q7 vehicles emit a squealing noise when the brakes are applied.  FAC ¶ 3.   Plaintiffs do not allege that the brakes on their vehicles ever functioned improperly, or ever failed to slow down or stop their vehicles in the time and manner in which they intended.  Rather, Plaintiffs' FAC is premised solely upon alleged brake "noise" that admittedly does not affect the functionality of the brakes.

Plaintiff Mercado alleges that in January 2017, she leased a 2017 Audi Q7 from Audi Ontario, a dealer of Audi vehicles in Ontario, California.  FAC ¶ 17.  Plaintiff claims that after several months of use, she allegedly noticed that the vehicle's brakes had begun to emit a "loud squealing noise when applied."  *Id.* at ¶ 20.  Ms. Mercado

claims that she brought her vehicle to the Audi dealer several times complaining of noise, and was purportedly told various things by unnamed dealer personnel whom she fails to identify in the FAC.  *Id.* at ¶¶ 25, 27.

In their initial motion to dismiss, Defendants submitted a declaration from Audi Ontario's Service Manager and an accompanying service invoice demonstrating that less than two weeks after Plaintiff Mercado commenced her action, her alleged vehicle brake noise was fully resolved by Audi Ontario at no cost to her.  *See* Dkt. No. 17, Declaration of Conrad Castillon and dealership service invoice, attached as Exh. A thereto.[1]  The service invoice confirms that the "brake noise" of which Plaintiff Mercado complained "is no longer present" and was resolved free of charge.  Dkt. No. 17-1.  While not amending her complaint to assert this material development, Ms. Mercado now, in response to Defendants' motion, finally admits in her FAC that twelve days after commencing this action, Audi Ontario resolved her brake noise complaint free of charge.  FAC ¶ 29.[2]

Significantly, Ms. Mercado does not allege that her vehicle has emitted any brake noise since being serviced by Audi Ontario.  *Id.*  Yet, despite the satisfactory resolution of her noise complaint, Plaintiff has not dismissed her action and still insists on purporting to represent a putative class of thousands of Audi Q7 owners and lessees in California and nationwide.  FAC ¶ 51.

The second named Plaintiff, Jacob Whitehead, alleges that he purchased a used 2017 Audi Q7 from a third-party named CarMax on October 24, 2018.  FAC ¶ 31.  Plaintiff alleges that his used vehicle had been driven for nearly 20,000 miles at the

---

[1]  The executed declaration and dealership service invoice are attached as **Exhibit C** to this motion to dismiss.

[2]  Plaintiff Mercado alleges that her vehicle was repaired "consistent with the Technical Service Bulletin issued on October 13, 2015," which is attached as Exhibit A to the FAC.  FAC ¶ 29.  However, Audi Ontario's service invoice shows that Mercado's vehicle was serviced pursuant to the TSB issued on September 4, 2018, which is attached to the FAC as Exhibit F.  *See* Dkt. No. 17-1; Exhibit F to FAC.  In any event, Plaintiff Mercado's noise complaint was fully resolved.

time of his purchase, and that within a few days, it began emitting a loud squealing noise.  FAC ¶¶ 31, 36.  Plaintiff does not allege any facts showing how the vehicle and its brakes were used during the nearly 20,000 miles in which the vehicle was previously owned and operated by at least one other unknown third-party.

Notably, Plaintiff Whitehead does not allege any problem or issue with the functionality of his vehicle's brakes.  He does not claim that the brakes ever failed to slow down or stop the vehicle in the time and manner in which he intended.

In vague, conclusory fashion, Whitehead alleges that some unidentified dealer personnel at a dealership named Audi Mission Viejo purportedly told him that the *dealership* was aware of the alleged brake noise, "but did not know how Defendants would be addressing the problem."  FAC ¶ 39.  He pleads no facts showing when this purportedly took place, or the identity of any person claimed to have made such a statement.  In addition, such unidentified employee of the third-party dealership is not an employee of either Defendant herein.

Plaintiffs claim that the brake noise they allegedly experienced is due to some systemic "brake defect" which they fail to identify.  They both claim to own or lease a 2017 Audi Q7 vehicle, yet purport to assert claims for alleged economic loss on behalf of themselves and a putative nationwide class, and a California state sub-class, of all owners and lessees of 2015-2018 model year Audi Q7 vehicles.  FAC ¶¶ 74-75.  The FAC asserts Counts for alleged violation of the Consumers Legal Remedies Act ("CLRA") and the Unfair Competition Law ("UCL") (Counts I & II), the Magnuson-Moss Warranty Act ("MMWA") (Count V), and for breach of the implied warranty of merchantability under the Song-Beverly Warranty Act (Count VI).  In addition, despite the absence of any personal injury or damage to another's property, Plaintiffs assert tort claims seeking damages for economic loss only, under theories sounding in negligence and product liability—design defect (Counts III & IV).  Finally, as in the initial Complaint, Plaintiffs also assert a vague blunderbuss claim for alleged violation of the consumer fraud/deceptive and unfair practices statutes of 46 states and the

HERZFELD&
RUBIN P.C.

District of Columbia (Count VII), notwithstanding that Plaintiffs both reside and leased/purchased their vehicles solely in California (FAC ¶¶ 9-10, 17, 31).

The FAC is conclusory in nature and fails to plead facts plausibly establishing any of Plaintiffs' claims. The FAC does not identify any "defect" in any brake part in Plaintiffs' vehicles or any other putative class vehicle. It does not allege which of the brakes or brake parts are even claimed to be defective. Nor does the FAC assert that any of the brakes or brake parts ever malfunctioned or did not perform as intended. Instead, Plaintiffs mischaracterize brake noise as a "brake defect" notwithstanding that the mere alleged existence of a noise emanating from Plaintiffs' vehicles' brakes does not, in itself, establish any brake defect, much less a systemic defect shared by all putative class vehicles.

It is a well-known fact that brake pads and related brake parts are "wear and tear" items. They wear out, change condition and make noise over time, due to a myriad of factors and circumstances unique to each user and to each vehicle. The many factors include the manner, style and frequency in which the brakes are applied, the overall types of driving such as highway, city, "stop and go," etc., the user's driving and braking habits such as hard braking, short stopping, or "riding the brakes," the speeds and forces to which the user applies the brakes at given times, the load/weight inside the vehicle at times when the brakes are applied, exposure to temperature, weather and roadway conditions, and exposure to substances found on the road that can damage or wear out brake parts such as salt, sand, small rocks, glass fragments and other foreign particles.

The FAC, while rife with conclusions, pleads no facts that plausibly establish that Plaintiffs' alleged brake noise emanated from a "defect" in the vehicle's brakes as originally designed, manufactured and sold. Indeed, Plaintiff Whitehead admits that he purchased his vehicle after it was driven for nearly 20,000 miles by someone else.

The FAC likewise pleads no facts establishing any actionable misrepresentation or non-disclosure on the part of either Defendant. On the contrary, the Owner's

Manual for Plaintiffs' vehicles specifically state, under a bold heading titled "**Operating noise,**" that brake "[n]oises may occur when braking depending on the speed, braking force and outside conditions such as temperature and humidity." Owner's Manual, Exh. B to the Declaration of George Blake ("Blake Decl."), at p. 151.

In the absence of pleaded facts establishing any safety issue with their vehicles' brakes, Plaintiffs try to manufacture one by a speculative, conclusory allegation that the brake noise might be "distracting" to drivers and "has the potential to distract other drivers in the vicinity." FAC ¶¶ 4, 37. However, the FAC does not allege that Plaintiffs, or anyone else, was ever involved in an accident, a near-accident, was distracted or lost concentration or focus while driving due to any alleged brake noise from the subject vehicles. FAC ¶¶ 22, 37.

As discussed more fully below, the FAC fails to state a valid claim for relief as to each of the counts asserted, and should be dismissed. The fact that Plaintiffs purport to plead their claims as representative "class claims" has no bearing on this motion. In the absence of valid claims of their own, Plaintiffs cannot seek to represent a class. *See e.g.*, *Tietsworth v. Sears, Roebuck and Co.*, 720 F. Supp. 2d 1123, 1147 n.12 (N.D. Cal. 2010).

## III.   ARGUMENT

The standards governing this motion are well-settled:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face…***Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of the elements of a cause of action,*** and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. ***Factual allegations must be enough to raise a right to relief above***

HERZFELD & RUBIN P.C.

5

1
2
3
4
5

*the speculative level*.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.  Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

6
7

*Somers v. Apple Inc*., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal citations and quotations omitted) (emphasis added).

8
9
10
11
12
13
14
15

Fraud-based claims, such as the CLRA and UCL, require additional factual particularity pursuant to Fed. R. Civ. P. 9(b).  *O'Toole v. Gencor Nutrients, Inc.,* 2017 U.S. Dist. LEXIS 215448, *7 (C.D. Cal. Aug. 17, 2017).  Under Rule 9(b), a plaintiff must plead facts particularizing the "who, what, when, where and how" of each alleged underlying act and omission.  *Ebeid v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010).  Further, Rule 9(b) requires a plaintiff to specify "why the statement or omission complained of was false or misleading."  *Ozeran v. Jacobs*, 2018 U.S. Dist. LEXIS 70543, *9 (C.D. Cal. Apr. 25, 2018).

16
17

As discussed below, the FAC's allegations fall far short of these governing standards.

18

**IV.    PLAINTIFFS' CLRA AND UCL CLAIMS MUST BE DISMISSED**

19
20
21

A.    <u>The CLRA and UCL Claims, Which Seek Only Equitable Relief, Must be Dismissed Because Plaintiffs Have an Adequate Remedy at Law</u>

22
23
24
25
26
27
28

Plaintiffs' CLRA claim seeks only equitable relief, and the UCL provides only equitable remedies.  FAC ¶ 92; *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1144 (2003).  Equitable claims brought under the UCL and CLRA are routinely dismissed on the pleadings where, as in this case, plaintiffs have failed to establish that there is no adequate remedy at law available.  *Gomez v. Jelly Belly Candy Co.,* 2017 U.S. Dist. LEXIS 134188, at *2 (C.D. Cal. Aug. 18, 2017) ("A plaintiff seeking equitable relief in California must establish that there is no adequate

6

remedy at law available"); *see also Summit Estate, Inc. v. Cigna Healthcare of Cal., Inc.,* 2017 U.S. Dist. LEXIS 167462, at \*36-37 (N.D. Cal. Oct. 10, 2017); *Salas v. Toyota Motor Sales, U.S.A., Inc.,* 2016 U.S. Dist. LEXIS 195222, at \*39-42 (C.D. Cal. Sep. 27, 2016).

"In the Ninth Circuit, the relevant test is whether an adequate damages remedy is available, not whether plaintiff elects to pursue it, or whether she will be successful in that pursuit." *Mullins v. Premier Nutrition Corp.*, 2018 U.S. Dist. LEXIS 10810, at \*5 (N.D. Cal. Jan. 23, 2018); *see Gomez,* 2017 U.S. Dist. LEXIS 134188, at \*4 (same).

Here, Plaintiffs have not only failed to allege the absence of any adequate remedy at law, as was required, but they have asserted various legal claims for damages.  Accordingly, Plaintiffs' UCL and CLRA claims must be dismissed.

### B. Plaintiff Mercado's CLRA and UCL Claims Must Be Dismissed Because She Already Received Her Requested Relief

Plaintiffs' statutory consumer fraud claims seek "equitable relief" in the form of a refund of all monies "paid for repairing and/or replacing the Vehicles, and injunctive relief" seeking to compel the necessary repairs.  FAC ¶ 103; *see* ¶ 92 (noting that Plaintiff will send a CLRA notice letter requesting that Defendants "rectify" the alleged noise).  However, Plaintiff Mercado admits that her alleged brake noise complaint was fully resolved, free of charge, shortly after her initial Complaint was filed (FAC ¶ 29; Dkt. No. 17).  She does not claim to have expended money on any repair, and does not allege any further brake noise after that servicing was performed. *Id.*  Since Mercado already received the relief she is requesting, her claims under the CLRA and UCL must be dismissed.  *De Leon v. Allison*, 2014 U.S. Dist. LEXIS 57469, at \*55 (E.D. Cal. Apr. 24, 2014) (dismissing claim where plaintiff has already received the requested relief).

/ / /

/ / /

/ / /

C. <u>Plaintiffs Fails to Identify Any Actionable Misrepresentation</u>
<u>that Could Form the Basis of a CLRA or UCL Claim</u>

The FAC bases its claim of misrepresentation upon a conclusory generic statement that Defendants' advertisements emphasized "the quality, reliability, and safety of Defendants' vehicles," and a barebones conclusory allegation that Plaintiff Whitehead recalls reading unidentified "marketing materials" purportedly "touting the 'quietness' of the Audi Q7 driving experience." FAC ¶¶ 18, 32-33.  It is well-settled that such generic statements constitute, at most, non-actionable puffery that cannot support a claim of misrepresentation under the CLRA or the UCL.  *Annunziato v. eMachines, Inc.,* 402 F. Supp. 2d 1133, 1139-41 (C.D. Cal. 2005) (advertisements that the product is of "high quality," "reliable," "high performance," and employed the "latest technology," are non-actionable puffery); *Punian v. Gillette Co*., 2016 U.S. Dist. LEXIS 34164, *28 (N.D. Cal. Mar. 15, 2016) ("Generalized statements that . . . say nothing about the specific characteristics" of a product, but make "vague product superiority claims" constitute non-actionable puffery); *see also In re Seagate Tech. LLC Litig.,* 233 F. Supp. 3d 776, 793 (N.D. Cal. 2017) (collecting cases); *Azoulai v. BMW of N. Am., LLC,* 2017 U.S. Dist. LEXIS 57121, at *24-25 (N.D. Cal. Apr. 13, 2017)(same); *Park-Kim v. Daikin Indus*., 2016 U.S. Dist. LEXIS 104248, at *46-47 (C.D. Cal. Aug. 3, 2016)(same).

In addition to not being actionable, these alleged statements are not pled with the particularity required by Rule 9(b).  *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir. 2009) (UCL and CLRA claims subject to Rule 9(b)); *Rubenstein v. Neiman Marcus Grp. LLC,* 2015 U.S. Dist. LEXIS 55736, *9-10 (C.D. Cal. Mar. 2, 2015) (same).

In order to comply with Rule 9(b), Plaintiffs, at a minimum, must specify the "time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation."  *Miller v. Delta Airlines,* 2018 U.S. Dist. LEXIS 60817, at *5 (C.D. Cal. Apr. 18, 2018); *see also Blissard v. FCA US LLC,* 2018 U.S.

8

HERZFELD &
RUBIN PC

Dist. LEXIS 201725, at *29 (C.D. Cal. Nov. 9, 2018) (Kronstadt, J.) (holding that "particularized allegations of fraud must include the 'who, what, when, where and how' of the alleged misconduct"); *Fisher v. Honda N. Am.,* 2014 U.S. Dist. LEXIS 84570, at *8 (C.D. Cal. June 12, 2014)  (Kronstadt, J.) (dismissing UCL and CLRA misrepresentation claim because "the FAC lacks allegations regarding the 'who, what, when, where, and how' of the alleged affirmative fraudulent statements").

The FAC pleads no such facts. Plaintiff Mercado does not identify any particular statement or advertisement of Defendants concerning her vehicle's brakes, much less when, where and how she was purportedly exposed to any such statement or representation prior to leasing her vehicle.  Similarly, despite a vague and conclusory allegation, nowhere does Plaintiff Whitehead allege what "marketing materials" he claims to have read, which Defendant, if any, issued them, what their content was, or when and where he purportedly reviewed them.  Accordingly, Plaintiffs' CLRA and UCL claims premised upon affirmative misrepresentation must be dismissed.

> D. <u>Plaintiffs' Omission-Based Claims Under the CLRA and UCL Must Be Dismissed</u>

At the outset, Plaintiffs have no valid claim of omission because the potential for brake noise was disclosed in their vehicles' Owner's Manual.  Exh. B to Blake Decl., p. 151.  In addition, Plaintiffs do not allege any facts establishing that the brake noise of which they complain was not due to one or more of the factors disclosed in the Owner's Manual.  In fact, regardless of the clear disclosure in the Owner's Manual, Plaintiff Whitehead had no reasonable expectation that the brakes on a vehicle that had been driven nearly 20,000 miles by unknown third-parties prior to his purchase would be guaranteed to be noise free.

Plaintiffs' likewise fail to allege facts showing that the purported noise of which they complain was due to a "defect" in any brake part.

/ / /

HERZFELD & RUBIN P.C.

Plaintiffs' omission-based claims also fail to comply with Rule 9(b).  In order to plead an actionable omission under the CLRA or UCL, a plaintiff must describe the content of the omission and identify which advertisements or brochures she read or heard prior to purchase that should have, but failed, to include the allegedly omitted information.  *Garcia v. GM, LLC,* 2018 U.S. Dist. LEXIS 208129, at \*54 (E.D. Cal. Dec. 10, 2018); *Palmer v. Apple Inc.,* 2016 U.S. Dist. LEXIS 51823, \*14 (N.D. Cal. Apr. 15, 2016).  Plaintiff Mercado fails to plead the content of the allegedly omitted information, nor does she identify any advertisement or representation, relied upon prior to leasing her vehicle, that should have included the omitted information.  Plaintiff Whitehead, as stated above, merely asserts a vague and conclusory allegation that he purportedly reviewed "marketing materials" prior to his purchase, but alleges no facts as to what "marketing materials" he reviewed and when and where he reviewed them.  Their omission-based claims must, therefore, be dismissed.  *Garcia, supra,* 2018 U.S. Dist. LEXIS 208129, at \*54; *Parenteau v. GM, LLC,* 2015 U.S. Dist. LEXIS 31184, at \*19 (C.D. Cal. Mar. 5, 2015) (dismissing nondisclosure claim because plaintiff did not allege any contact with Defendant, "as distinct from the dealer," prior to purchase and failed to "allege with any degree of specificity which advertisements…she relied on that failed to include the omitted information").

      E.   <u>The CLRA and UCL Claims Fail Because Plaintiffs Have Not Adequately Pled that Defendants Knew of the Alleged Brake Defect Prior to the Time in Which Plaintiffs Purchased/Leased Their Vehicles</u>

To state a cognizable claim under the CLRA and UCL, a plaintiff must adequately plead that defendants had pre-sale knowledge of the alleged defect. *Tomek v. Apple Inc.,* 636 Fed. App'x 712, 713-14 (9th Cir. 2015); *Wilson v. Hewlett-Packard Co.,* 668 F.3d 1136, 1145 n.5 (9th Cir. 2012) ("The failure to disclose a defect that a manufacturer does not have a duty to disclose, *i.e.,* a defect of which it is not aware, does not constitute an unfair or fraudulent practice" under the UCL); *Resnick v.*

10

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Hyundai Motor Am., Inc.,* 2016 U.S. Dist. LEXIS 160179, at \*40 (C.D. Cal. Nov. 14, 2016); *see also Victorino v. FCA US LLC,* 2018 U.S. Dist. LEXIS 32846, at \*24 (S.D. Cal. Feb. 27, 2018) ("When addressing a defendant's pre-sale knowledge, courts have held that the defendant must have knowledge of the specific defect alleged, not a general defect") (collecting cases).

The vague and conclusory allegations in the FAC fail to establish this requirement. The FAC pleads no facts establishing the existence of any brake defect in Plaintiffs' vehicles or the putative class vehicles. As discussed above, Plaintiffs' mere allegation of a brake related noise in their vehicles does not factually establish the existence of any brake defect, much less a specific systemic defect in Q7 vehicles that was known to Defendants prior to the time in which Plaintiffs leased/purchased their vehicles. In fact, the FAC does not claim that the brakes on either Plaintiff's vehicle functioned improperly, or, at any time, failed to slow down and/or stop the vehicle in the time and manner each Plaintiff intended. Nor does the FAC establish even that the alleged brake noise of which each Plaintiff complains is the same, or emanated from the same source or factors.

Plaintiffs unsuccessfully attempt to plead pre-sale knowledge of Defendants based upon (1) six anonymous hearsay complaints made by unidentified third-party consumers to the National Highway Traffic Safety Administration (NHTSA), FAC ¶ 65, (2) a single-sentence conclusory allegation of pre-sale knowledge through purported unidentified testing data, warranty claims, and complaints lodged with dealerships, FAC ¶ 54, and (3) six Technical Service Bulletins ("TSBs") attached as Exhibits to the FAC, purportedly relating to alleged "squealing brakes on the Audi Q7." FAC ¶ 60. None of these allegations establishes the required element that any Defendant had pre-sale knowledge of the alleged brake defect claimed by Plaintiffs.

As to the hearsay consumer complaints, the FAC merely establishes that such complaints were made to NHTSA. There are no pleaded facts establishing that any such complaints were received by either Defendant. In addition, five of the six

1  anonymous complaints made to NHTSA actually post-date Plaintiff Mercado's

2  January 2, 2017 lease of her vehicle.  FAC ¶¶ 17, 65.  As such, they cannot constitute

3  pre-sale knowledge of anything. *See Resnick, supra,* 2017 U.S. Dist. LEXIS 67525, at

4  \*48 ; *Callaghan v. BMW of N. Am., Inc.,* 2014 U.S. Dist. LEXIS 164290, at \*11 (N.D.

5  Cal. Nov. 21, 2014) (plaintiffs had not adequately alleged pre-sale knowledge of the

6  claimed defect where "more than half" of the consumer complaints post-dated the

7  plaintiffs' purchases).

8      The minuscule number of alleged complaints likewise fails to establish any pre-

9  sale notice to Defendants.  The Ninth Circuit has recently made clear that pleading pre-

10  sale knowledge by consumer complaints requires an "unusually high level[]" of

11  complaints along with other plausible facts to show that the company "itself saw this

12  number as significant and beyond the norm." *Williams v. Yamaha Motor Co.,* 851

13  F.3d 1015, 1027 & n.8 (9th Cir. 2017).  In *Williams,* the "unusually high level" was

14  met by pleaded facts showing that Yamaha's individual supervisors allegedly dealt

15  with "40 or 50' consumer complaints" soon after the motors went on the market, and,

16  more importantly, that Yamaha itself actually created a "separate consumer response

17  system dedicated to handling [the] unusually high volume of complaints specific to"

18  the alleged defect.  *Id.* at 1027-28 & n.8.

19      Here, the FAC pleads no such facts.  Even if all six hearsay anonymous

20  consumer complaints to NHTSA were considered "pre-sale" or "pre-lease" for either

21  Plaintiff – and clearly all six were not – such a minuscule number out of what

22  Plaintiffs plead to be "thousands of Class Vehicles" (FAC ¶ 51), does not come close

23  to meeting the "unusually high level" of complaints required to adequately plead pre-

24  sale knowledge.[3]  *See Blissard v. FCA US LLC,* 2018 U.S. Dist. LEXIS 201725, at

25  \*36-37 (C.D. Cal. Nov. 9, 2018) (Kronstadt, J.) (12 specific complaints that pre-date

26  plaintiff's purchase do not suffice because they are "an insufficiently small number"

27  ___

[3]  Only five of the six complaints pre-date Plaintiff Whitehead's October 2018 second-

28  hand purchase of his vehicle.  FAC ¶¶ 31, 65

1   and there is no allegation suggesting that "'FCA *itself* saw' the number of complaints

2   'as significant and beyond the norm'"); *Fisher v. Honda N. Am., supra,* 2014 U.S.

3   Dist. LEXIS 84570 at *15; *Sloan v. GM LLC,* 2017 U.S. Dist. LEXIS 120851, at *25

4   (N.D. Cal. Aug. 1, 2017) ("Plaintiffs do not allege that the 81 complaints posted [to the

5   NHTSA and one other third-party website] over the course of seven years was an

6   unusually high number of complaints. Thus, the complaints do not show GM's

7   knowledge of the alleged defect").

8       Nor is pre-sale knowledge established by the vague and conclusory allegation

9   that Defendants knew of a brake defect from purported testing data, warranty claims,

10  and complaints lodged with dealerships – none of which is identified, specified or

11  supported by any pleaded facts.  FAC ¶ 54;*Grodzitsky v. Am. Honda Motor Co.,* 2013

12  U.S. Dist. LEXIS 33387, *18 (C.D. Cal. Feb. 19, 2013) (rejecting "knowledge" and

13  "duty to disclose" allegations premised on claim that Honda knew of a defect based on

14  "pre-release testing data, early consumer complaints to Honda and dealers, testing

15  done in response to complaints, replacement part sales data, aggregate data from

16  Honda dealers, and other internal sources"); *Blissard, supra,* 2018 U.S. Dist. LEXIS

17  201725, at *36 (allegations based on pre-sale testing and FCA's "own records" found

18  to be "speculative" and insufficient); *Resnick, supra,* 2017 U.S. Dist. LEXIS 67525, at

19  *45-47.

20      Likewise, pre-sale knowledge is not established by the six TSBs attached as

21  exhibits to the FAC.  First, the TSB issued on October 13, 2015 (FAC, Exh. A), states

22  on its face that it applies to 2012-2016 model year Audi vehicles.  It does not state that

23  it applies to Plaintiffs' 2017 model year Audi Q7 vehicles.  The remaining five TSBs

24  (FAC, Exhs. B-F) all post-date Plaintiff Mercado's lease of her vehicle and, thus,

25  cannot constitute any prior notice on the part of Defendants.  FAC ¶ 17; 40; *see*

26  *Granillo v. FCA US LLC,* 2016 U.S. Dist. LEXIS 116573, at *31(D.N.J. Aug. 29,

27  2016) (applying California law and dismissing CLRA claim because, *inter alia,* "TSBs

28  issued after Plaintiffs purchased their vehicles do not indicate that Defendant had pre-

13

HERZFELD &
RUBIN P.C.

1  sale knowledge of the content of those TSBs").

2         In addition, the five TSBs fail to establish that any Defendant had pre-sale

3  knowledge of the specific defect alleged by Plaintiffs.  FAC Exhibits B and C are

4  TSBs that relate to a squeal noise from the front brakes that may occur under the

5  following specific conditions:  "after vehicle was parked for several hours/overnight,"

6  when the vehicle is being driven "[b]elow 15 mph," and at temperatures "[b]elow

7  60°F."  The TSBs annexed as Exhibits D-F, on the other hand, relate to a squeal noise

8  from the front brakes that may occur under the following different specific conditions:

9  after the vehicle is being driven at "slow speeds, usually below 20 mph," with "cold

10 brakes" and at "[t]emperature and humidity conditions [that] may vary."

11        Other than a vague, conclusory allegation, Plaintiffs do not allege any facts

12 establishing that the TSBs relate to their alleged noise complaints.  They do not allege

13 that the noise emanated from the front brakes.  In fact, they do not allege from which

14 brakes, and where, the alleged noise emanated.  Plaintiffs likewise do not allege any

15 facts showing that any of the specific conditions referenced in the TSBs existed at the

16 time of, or had any relation to, the particular noise of which they complain.  FAC ¶ 40;

17 *Blissard,* 2018 U.S. Dist. LEXIS 201725, at *37-38 (holding that the two bulletins

18 included in the complaint did not demonstrate defendant's pre-sale knowledge because

19 although it shows FCA's awareness of sludge, there is no indication "that FCA knew

20 that the cause of such build-up was manufacturer-installed coolant," the precise defect

21 alleged); *Granillo*, 2016 U.S. Dist. LEXIS 116573, at *31-32 (under California law,

22 TSBs fail to show requisite knowledge if plaintiff does not allege facts indicating that

23 TSBs addressed the specific defect at issue); *see Mandani v. Volkswagen Grp. of Am.,*

24 *Inc.*, 2019 U.S. Dist. LEXIS 25381, *21 (N.D. Cal. Feb. 15, 2019) ("When addressing

25 a defendant's pre-sale knowledge, courts have held that the defendant must have

26 knowledge of the specific defect alleged, not a general defect.").  Accordingly,

27 Plaintiffs' CLRA and UCL claims must be dismissed.

28 / / /

F.   <u>Plaintiffs' UCL Claim Predicated on Alleged Violation of Other</u>
<u>Statutes Fails to State a Claim for Relief</u>

Plaintiffs' claim under the UCL's "unlawful" prong fails because their predicate statutory violations under the CLRA, Transportation Recall Enhancement, Accountability and Documentation Act ("TREAD Act") and Secret Warranty Law are either preempted or not supported by pleaded facts.  FAC ¶¶ 97-99; *Martinez v. Wells Fargo Home Mortg., Inc.,* 598 F.3d 549, 557 (9th Cir. 2010) (affirming dismissal of UCL "unlawful" claim because "the predicate violations alleged by the [plaintiffs] are either preempted by the National Bank Act, or do not violate any law").

The UCL claim premised upon purported violation of the CLRA fails because, as discussed *supra*, the FAC fails to sufficiently plead a CLRA violation.

The UCL claim premised upon a purported violation of California's Secret Warranty Law is wholly conclusory and fails to state a claim.  The Secret Warranty Law requires consumer notice when a manufacturer adopts an "adjustment program."  Cal. Civ. Code § 1795.92(a).  "Adjustment program" is defined as a "*program or policy* that expands or extends the consumer's *warranty beyond its stated limit* or under which a manufacturer offers to pay…or to reimburse consumers for all or any part of the cost of repairing, any condition that may substantially affect vehicle *durability, reliability, or performance*…"  Cal. Civ. Code § 1795.90(d) (emphasis added).

The FAC pleads no facts establishing that either Defendant adopted an "adjustment program" that would violate the Secret Warranty Law.  In fact, all of the TSBs relied upon by Plaintiffs state that "[i]f vehicle is outside any warranty, this Technical Service Bulletin is informational only."  Exh. A, D-F; *see also* Exhibits B-C ("This TSB is informational only").  *Corson v. Toyota Motor Sales, U.S.A., Inc.,* 2013 U.S. Dist. LEXIS 63260 *17-18 (C.D. Cal. Apr. 24, 2013)(Secret warranty law claim dismissed where TSB did not state that repair would be free if vehicle is outside of the applicable warranty); *Cholakyan v. Mercedes-Benz USA, LLC,* 796 F. Supp. 2d 1220,

1240 (C.D. Cal. 2011) (dismissing secret warranty law claim because plaintiff failed to plausibly allege facts showing that defendant offered free repairs to vehicles no longer under warranty); *In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 990 (N.D. Cal. May 30, 2014) (dismissing secret warranty law claim where TSBs neither "expanded [n]or extended the existing warranty on the cars beyond its stated limit").

In addition, Plaintiffs are not claiming that the brakes contain any condition that affects, much less substantially affects, their "*durability, reliability, or performance*…" Cal. Civ. Code § 1795.90(d) (emphasis added). To the contrary, Plaintiffs are not claiming that the alleged noise complaint affects, in any way, the durability, reliability or performance of their vehicles' brakes.

Finally, the allegation that Defendants violated the TREAD Act by failing to notify NHTSA and consumers of the so-called "brake defect" cannot survive the pleading stage. *See* FAC ¶¶ 53, 97. The TREAD Act requires notice of a motor vehicle *safety* defect, which is defined as a problem that presents an "*unreasonable risk of accidents*" due to the "design, construction, or performance of a motor vehicle," or an "*unreasonable risk of death or injury* in an accident." 49 U.S.C. § 30118(c)(1); § 30102(a)(9) (definition) (emphasis added); *see* 49 U.S.C. § 30101 (purpose of Act is to "reduce traffic accidents and deaths and injuries relating from traffic accidents"). The FAC fails to plead facts establishing that Plaintiffs, or any consumer, were involved in an accident, a near-accident, or suffered any injury as a result of the alleged brake noise complained of in this action. There are no pleaded facts establishing that the alleged noise presents any risk of accident or injury, much less an "unreasonable" risk that could rise to the level of implicating the TREAD Act. Nor do Plaintiffs assert that the alleged noise affects the performance of the brakes in any way.

While the FAC fails to plead *any* safety risk, it should be noted that NHTSA has denied petitions for defect investigations even where the alleged defect created a safety risk that was small. *See* Denial of Petition, NHTSA Notice, 66 Fed. Reg. 55243 (Nov. 1, 2001) (denying petition involving defect which could result in the engine

HERZFELD & RUBIN PC

stalling and engine fire because there "have been no reports of crashes, injuries or fatalities," and the risk of engine fire "is extremely low"); Denial of Petition, NHTSA Notice, 67 Fed. Reg. 61375 (Sep. 30, 2002) (denying petition relating to defect that may cause engine overheating and loss of coolant because there have been no reports of coolant-related fire or injury).  Accordingly, the Court should dismiss Plaintiffs' UCL claim premised upon a purported violation of the TREAD Act.

Finally, there can be no UCL claim predicated upon an alleged failure to notify NHTSA of a safety related defect.  This constitutes a fraud-on-the-agency claim that is preempted by federal law.  The Supreme Court has held that state-law fraud-on-the-agency claims, arising from disclosures mandated by a federal statute, "conflict with, and are therefore impliedly pre-empted by federal law." *Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341, 348 (2001).  *See also Nathan Kimmel, Inc. v. DowElanco*, 275 F.3d 1199, 1204 (9th Cir. 2002) (affirming dismissal of state law fraud-on-the-agency claims under *Buckman* preemption).

## V.    THE NEGLIGENCE AND PRODUCT LIABILITY CLAIMS ARE BARRED BY THE ECONOMIC LOSS RULE

Under California's economic loss doctrine, a plaintiff's right to sue in negligence or product liability is limited to cases in which personal injury or damage to other property is claimed.  No recovery is allowed under these theories for economic loss only.  *Fisher v. Honda N. Am.*, *Inc.*, 2014 U.S. Dist. LEXIS 84570,*17-18 (C.D. Cal. June 12, 2014) (Kronstadt, J.) (negligence claim barred by economic loss rule); *Dubbs v. Glenmark Generics Ltd.,* 2014 U.S. Dist. LEXIS 65256, at *8 (C.D. Cal. May 9, 2014) (product liability claim barred by economic loss rule).

Plaintiffs do not allege any personal injury or damage to other property.  The only damages they seek are for pure economic loss relating to their own vehicles.  Therefore, Plaintiffs' negligence and product liability claims must be dismissed pursuant to the economic loss rule.

/ / /

---

17

## VI. PLAINTIFFS' MAGNUSON-MOSS WARRANTY ACT CLAIM MUST BE DISMISSED

Plaintiffs' claim under the Magnuson-Moss Warranty Act ("MMWA") is premised upon an alleged breach of a written warranty that is nowhere identified in the FAC.  To state "a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury."  *Precht v. Kia Motors Am., Inc*., 2014 U.S. Dist. LEXIS 185202, *22 (C.D. Cal. Dec. 29, 2014); *Sloan v. GM LLC*, 2017 U.S. Dist. LEXIS 120851, *28 (N.D. Cal. Aug. 1, 2017) (noting that MMWA claim is entirely derivative of the applicable state warranty law).  The FAC fails to allege such facts.

The fatal deficiency is not circumvented by Plaintiffs' conclusory allegation that "[d]efendants affirmed the fact, promise, and/or described in writing that the Vehicles would meet a specified level of performance over a specified period of time."  FAC ¶ 126.  This allegation does nothing more than track the buzz-words of the MMWA.  *See* 15 U.S.C. § 2301(6)(A).  It fails to identify the existence and exact terms of any express warranty that Plaintiffs claim to be applicable.  *Park-Kim v. Daikin Indus*., 2016 U.S. Dist. LEXIS 104248, at *44 (C.D. Cal. Aug. 3, 2016); *Blennis v. Hewlett-Packard Co*., 2008 U.S. Dist. LEXIS 106464, *6 (N.D. Cal. Mar. 25, 2008).

In addition, Defendants never issued any express warranty that Plaintiffs' vehicles "would meet a specified level of performance."  On the contrary, the written New Vehicle Limited Warranty ("NVLW") applicable to Plaintiffs' vehicles states that an authorized Audi dealer will, during the prescribed warranty period, and subject to certain enumerated exclusions and limitations, perform "repair or replacement" of covered parts "to correct a defect in manufacturer's material and workmanship."  FAC ¶ 57; NVLW, Blake Dec., Exh. A, pp. 7, 10; *see Hoey v. Sony Electronics, Inc.*, 515 F. Supp. 2d 1099, 1104 (N.D. Cal. 2007) (dismissing similar warranty claim,

holding: "The warranty states only that Sony will repair all defects for one year…Nothing in the warranty expressly or impliedly warrants that the computer will be defect-free either during the warranty period or thereafter."). The FAC does not allege a breach of the NVLW.

Finally, Plaintiffs' claim fails because they do not allege that they relied upon, or even saw, any express warranty prior to leasing/purchasing their vehicles. *See Park-Kim,* 2016 U.S. Dist. LEXIS 104248, at \*48 (dismissing express warranty claim because "plaintiffs do not assert that they read or relied upon any warranty" or marketing material prior to purchase); *Lee v. Toyota Motor Sales, U.S.A.*, *Inc.*, 992 F. Supp. 2d 962, 979 (C.D. Cal. 2014) (same).

## VII.   PLAINTIFFS' SONG-BEVERLY CONSUMER WARRANTY ACT CLAIM FAILS TO STATE A CLAIM FOR RELIEF

Plaintiffs' Song-Beverly Act claim, premised upon a breach of the implied warranty of merchantability, fails to state a claim upon which relief can be granted. First, as to Plaintiff Whitehead, the Song-Beverly Act requires manufacturers to provide implied warranties only in connection with the sale of *new* consumer goods, and Whitehead admittedly purchased a used vehicle from a third-party. FAC ¶ 31; Cal. Civ. Code § 1792; § 1791(a) (defining "consumer goods" as "any new product…"); *Johnson v. Nissan N.A., Inc.,* 272 F. Supp. 3d 1168, 1178 (N.D. Cal. Aug. 29, 2017) ("Consumer goods" covered by the Act are defined by the Act "to govern 'new' products"). Accordingly, his Song-Beverly claim must be dismissed. *Victorino v. FCA US LLC,* 2018 U.S. Dist. LEXIS 92284, \*55 (S.D. Cal. June 1, 2018); *Fierro v. Volkswagen Grp. of Am.,* 2016 WL 7165729, \*2 (C.D. Cal. Sep. 23, 2016) (holding that because Song-Beverly "defines 'consumer goods' to mean 'any <u>new</u> product'" and since plaintiff bought a used vehicle, "it is unclear how Song-Beverly would apply").

Section 1795.5 of Song-Beverly, which provides a limited implied warranty to *used* goods, does not apply here. That section only creates an implied warranty on the

HERZFELD & RUBIN P.C.

part of a "*distributor or retail seller of used consumer goods*."  (emphasis added).
None of the Defendants are distributors or retailers of *used* goods, nor did any
Defendant sell a *used* vehicle to Plaintiff Whitehead.  *See* Cal. Civ. Code § 1795.5
(titled "Obligations of *distributors or sellers* of used goods") (emphasis added);
*Johnson*, *supra*, 272 F. Supp. 3d at 1179 (dismissing Song-Beverly implied warranty
claim because § 1795.5 does not create any obligations on behalf of Nissan, the
original manufacturer or distributor); *In re MyFord Touch Consumer Litig.,* 2018 WL
887534, *8-9 (N.D. Cal. Feb. 14, 2018).  Therefore, Plaintiff Whitehead has failed to
state an implied warranty claim under the Song-Beverly Act.

Furthermore, the claims of both Plaintiffs fail because the implied warranty of
merchantability "does not impose a general requirement that goods precisely fulfill
the expectation of the buyer."  *Am. Suzuki Motor Corp. v. Superior Ct. (Carney),* 37
Cal. App. 4th 1291, 1296 (1995).  Instead, it provides for a minimum level of quality
that the product possesses "the most basic degree or fitness for ordinary use."
*Birdsong v. Apple Inc*., 590 F.3d 955, 958 (9th Cir. 2009); *Beshwate v. BMW of N.
Am., LLC,* 2017 U.S. Dist. LEXIS 164820, at *25 (E.D. Cal. Oct. 3, 2017)*; Lee v.
Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962, 980 (C.D. Cal. 2014) (holding
that the "basic inquiry, therefore, is whether the vehicle was fit for driving"); *see* Cal.
Civ. Code § 1791.1(a)(2).

This Court recently recognized that a vehicle is not rendered unmerchantable
unless a defect "compromise[s] the vehicle's safety, render[s] it inoperable, or
otherwise drastically undermine[s] the ordinary operation of the vehicle."  *Blissard v.
FCA US LLC,* 2018 U.S. Dist. LEXIS 201725, at *20 (C.D. Cal. Nov. 9, 2018)
(Kronstadt, J.).

The FAC does not even remotely allege that the subject "noise" renders the
vehicle "inoperable" or otherwise "drastically undermines the ordinary operation of
the vehicle."  *Blissard, supra.*   Indeed, nowhere in the FAC do Plaintiffs take issue
with the performance and function of the brakes installed in their vehicles.  *Id.*

1 (dismissing claim because "the nature of the defect might be viewed as a mere

2 'annoyance' and not something that interferes with Plaintiffs' 'ability to drive [their]

3 car[s]'"). *See also Avedisian v. Mercedes-Benz, USA, LLC,* 43 F. Supp. 3d 1071,

4 1079 (C.D. Cal. Sep. 8, 2014) (vehicle not rendered unmerchantable where alleged

5 defect "did not 'drastically undermine the ordinary operation of the vehicle' and

6 indeed failed to implicate the vehicle's operability at all").

7       In addition, the FAC fails to plead facts establishing the existence of any safety

8 risk that is not utterly speculative or hypothetical in nature.  While conclusorily

9 alleging that the brake noise may be "distracting" or "alarming," there is no allegation

10 that Plaintiffs, or anyone else, ever lost concentration or focus while driving, or

11 sustained any accident or near-accident, as a result of the alleged brake noise.  FAC ¶

12 7; *Birdsong v. Apple, Inc.,* 590 F.3d 955, 959 (9th Cir. 2009) (affirming dismissal of

13 implied warranty claim because the alleged risk of hearing loss was speculative as

14 plaintiffs do not allege "that they, or any others, have suffered or are ***substantially***

15 ***certain*** to suffer inevitable hearing loss") (emphasis added); *Smith v. Ford Motor Co.,*

16 749 F. Supp. 2d 980, 991 (N.D. Cal. 2010) (finding no safety risk where dangers

17 envisioned by plaintiff are speculative deriving "in each instance from the particular

18 location" of the vehicle "and/or the driver's individual circumstances"); *see Greene v.*

19 *BMW of N. Am.,* 2012 U.S. Dist. LEXIS 168695, *9-10 (D.N.J. Nov. 28, 2012)

20 (dismissing implied warranty claim despite tire bubbles causing "*a distractingly loud*"

21 and "[un]controlled" ride, because plaintiff failed to plausibly allege that he could not

22 safely or reliably drive his vehicle); *Ferrari v. Am. Honda Motor Co.,* 2009 N.J.

23 Super Unpub. LEXIS 346, **2, 10 (App. Div. 2009) ("an abnormal tapping noise

24 from the engine" caused by "a severe and chronic piston slap condition" does not

25 render vehicle unmerchantable as vehicle  is "fit for its ordinary purpose as a

26 passenger vehicle").

27       Finally, the FAC does not plausibly state a claim that Plaintiffs' vehicles are

28 unmerchantable because Plaintiffs allege that the subject noise could be repaired, and,

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

HERZFELD &
RUBIN PC

1   indeed, Plaintiff Mercado's noise complaint was successfully resolved by an Audi

2   dealership.  *Blissard,* 2018 U.S. Dist. LEXIS 201725, at *20 (dismissing without

3   prejudice implied warranty claim, despite allegations of safety concerns and adverse

4   effects on operability in cold weather, because plaintiff "alleged that the defect can be

5   cured through replacement of '[f]ouled components'").

### VIII.   COUNT VII OF THE FAC MUST BE DISMISSED BECAUSE PLAINTIFFS LACK STANDING TO ASSERT CLAIMS FOR VIOLATIONS OF CONSUMER FRAUD STATUTES OF STATES OTHER THAN CALIFORNIA

10   Count VII of the FAC purports to allege claims for "violation of the other state

11   statutes prohibiting unfair and deceptive acts and practices."  Plaintiffs purport to

12   assert such claims under the consumer fraud/deceptive trade practices statutes of 46

13   other states and the District of Columbia.  Plaintiffs have no standing upon which to

14   assert such claims.

15   Article III standing is a constitutional prerequisite for maintaining an action in

16   federal court.  *Lierboe v. State Farm Mut. Auto. Ins. Co*., 350 F.3d 1018, 1022 (9th

17   Cir. 2003); *Mollicone v. Universal Handcraft, Inc.,* 2017 U.S. Dist. LEXIS 14125,

18   *28 (C.D. Cal. Jan. 30, 2017).  As the Supreme Court has stated, "[t]hat a suit may be

19   a class action…adds nothing to the question of standing, for even named plaintiffs

20   who represent a class 'must allege and show that they personally have been injured,

21   not that injury has been suffered by other, unidentified members of the class to which

22   they belong and which they purport to represent.'"  *Lewis v. Casey,* 518 U.S. 343, 357

23   (1996).

24   According to the FAC, Plaintiffs are California residents that purchased/leased

25   their vehicles in California.  FAC ¶¶ 9-10, 17, 31.  Plaintiffs have pled no connection

26   with any state other than California.  Courts have repeatedly held that if there is no

27   representative plaintiff from a particular state whose law is sought to be applied, all

28   claims under that state's law must be dismissed for lack of standing.  *Mollicone,* 2017

22

HERZFELD & RUBIN P.C.

U.S. Dist. LEXIS 14125, at *27-28 ("when 'a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal" for lack of standing); *Johnson v. Nissan N. Am., Inc.,* 272 F. Supp. 3d 1168, 1175 (N.D. Cal. 2017) (same); *In re Carrier IQ, Inc., Consumer Privacy Litig.,* 78 F. Supp. 3d 1051, 1075 (N.D. Cal. 2015) (same); *Pardini v. Unilever United States, Inc.,* 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013); *In re Aftermarket Auto. Lighting Prod. Antitrust Litig.,* 2009 U.S. Dist. LEXIS 133088, at *23, 26 (C.D. Cal. July 6, 2009) ("Courts routinely dismiss claims where no plaintiff is alleged to reside in a state whose laws the class seeks to enforce.").

Accordingly, Plaintiffs' claims based on the consumer fraud/deceptive trade practices statutes of states other than California must be dismissed for lack of standing.

## IX.   CONCLUSION

For the foregoing reasons, Defendants VWGoA and Audi of America, LLC respectfully request that the First Amended Class Action Complaint be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 9(b), together with such other and further relief as the Court deems just and proper.

Furthermore, since this is Plaintiff's second attempt at pleading, and Plaintiffs have failed to cure the fatal deficiencies identified in Defendants' initial motion to dismiss, the claims in the FAC should be dismissed with prejudice.

Dated:  March 15, 2019                    Respectfully submitted,

                                          HERZFELD & RUBIN, P.C.


                                   By: */s/ Michael B. Gallub (Pro Hac Vice)*
                                          Attorneys for Defendants,
                                          VOLKSWAGEN GROUP OF
                                          AMERICA, INC. & AUDI OF
                                          AMERICA, LLC

.

23

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF