# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIA MERCADO and ANDREA KRISTYANNE HOLMES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC. d/b/a AUDI OF AMERICA, INC.,<br><br>Defendant. | Case No. 5:18-cv-02388-JWH-SPx<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' FOURTH AMENDED COMPLAINT [Dkt. No. 115]** |

Before the Court is the motion of Defendant Volkswagen Group of America, Inc. ("VWGoA") for partial dismissal of Plaintiffs' Fourth Amended Complaint.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion and Plaintiffs' Statement of Non-Opposition,[2] the Court orders that the Motion is **GRANTED** in its entirety.

## I. BACKGROUND

Plaintiffs Valeria Mercado and Andrea Kristyanne Holmes bring this action individually and on behalf of all similarly situated persons who purchased or leased 2015–2018 Audi Q7 vehicles that were designed, manufactured, distributed, marketed, and sold or leased by VWGoA or any parent, subsidiary, or affiliate of VWGoA.[3] Plaintiffs allege that the 2015–2018 Audi Q7 vehicles were equipped with defective breaking systems.[4] As discussed below, the operative complaint is the Fourth Amended Complaint.

### A. Procedural History

Mercado, individually and on behalf of all others similarly situated, filed the original complaint in this action on November 11, 2018.[5] On February 11, 2019, after VWGoA moved to dismiss Mercado's original complaint,[6] the Court entered an order granting Mercado leave to file a First Amended Complaint.[7]

---

[1] Def.'s Mot. for Partial Dismissal of Fourth Am. Class Action Compl. (the "Motion") [Dkt. No. 115].

[2] The Court considered the following papers: (1) Pls.' Fourth Am. Class Action Compl. (the "4AC") [Dkt. No. 114]; (2) the Motion (including its attachments); and (3) Pls.' Statement of Non-Opp'n to the Motion ("Pls.' Non-Opp'n") [Dkt. No. 119].

[3] 4AC ¶ 1.

[4] *Id.* at ¶ 2.

[5] *See generally* Pls.' Compl. [Dkt. No. 1].

[6] *See* Def.'s Mot. to Dismiss Pls.' Compl. [Dkt. No. 15].

[7] *See* Order re Stipulation Allowing Pl. to File First Am. Compl. and Mot. to Dismiss Schedule [Dkt. No. 48].

Mercado and Plaintiff Jacob Whitehead (now-dismissed) filed their First Amended Complaint on February 22, 2019.[8] On May 1, 2019, the Court entered an order granting, in part, the parties' stipulation[9] for Mercado to file a Second Amended Complaint removing and dismissing Whitehead (and substituting a new named plaintiff) and setting a briefing schedule for VWGoA to file its motion to dismiss the Second Amended Complaint.[10] Mercado and Holmes filed the Second Amended Complaint on May 1, 2019.[11]

On May 17, 2019, VWGoA moved to dismiss the Second Amended Complaint,[12] which Plaintiffs timely opposed.[13] On November 26, 2019, the Court entered an order granting, in part, the motion of VWGoA to dismiss the Second Amended Complaint with leave to amend with respect to Plaintiffs' claims for (1) violation of the California Consumer Legal Remedies Act ("CLRA") and California's Unfair Competition Law ("UCL") as advanced by Mercado; (2) negligence, product liability, violation of the Magnuson-Moss Warranty Act ("MMWA"), and violation of the Song-Beverly Act as advanced by Holmes; and (3) violation of the statutes of states other than California.[14]

Plaintiffs filed their Third Amended Complaint on December 17, 2019.[15] On December 31, 2019, VWGoA moved to dismiss the Third Amended Complaint,[16] which Plaintiffs opposed.[17] On May 15, 2020, the Court entered an

---

[8] *See generally* First Am. Compl. [Dkt. No. 53].
[9] *See* Stipulated Briefing Schedule [Dkt. No. 77].
[10] *See* Order re Stipulation re Briefing Schedule [Dkt. No. 78].
[11] *See generally* Second Am. Compl. [Dkt. No. 79].
[12] Def.'s Mot. to Dismiss Second Am. Compl. [Dkt. No. 81].
[13] Pls.' Opp'n to Def.'s Mot. to Dismiss Second Am. Compl. [Dkt. No. 86].
[14] *See* Order re Def.'s Mot. to Dismiss Second Am. Compl. [Dkt. No. 97].
[15] *See generally* Third Am. Compl. [Dkt. No. 98].
[16] Def.'s Mot. to Dismiss Third Am. Compl. [Dkt. No. 100].
[17] Pls.' Opp'n to Def.'s Mot. to Dismiss Third Am. Compl. [Dkt. No. 106].

order granting, in part, the motion of VWGoA to dismiss the Third Amended Complaint, (1) dismissing with prejudice Plaintiffs' claims for negligence, product liability, and violation of the Song-Beverly Act as advanced by Holmes; (2) dismissing without prejudice Plaintiffs' claims for violation of the CLRA and UCL as advanced by Mercado; and (3) dismissing without prejudice Plaintiffs' claim for violation of the MMWA.[18]

As discussed above, Plaintiffs filed the operative 4AC on May 29, 2020.[19] In their 4AC, Plaintiffs assert the following four claims for relief against VWGoA:  (1) Violation of the California CLRA, Cal. Civ. Code §§ 1750, *et seq.*; (2) Violation of the California UCL, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (3) Violation of the MMWA, 15 U.S.C. §§ 2301, *et seq.*; and (4) Violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790, *et seq.*[20]

VWGoA filed the instant Motion on June 12, 2020.  Plaintiffs timely[21] filed their Statement of Non-Opposition on September 2.  By order of the Chief Judge entered on September 28, this action was transferred to this Court.[22]

## II.  DISCUSSION

VWGoA moves for partial dismissal of Plaintiffs' 4AC.  Specifically, (1) VWGoA moves to dismiss the CLRA and UCL claims by Holmes (Counts 1 and 2) with prejudice, because the 4AC fails to identify any affirmative misrepresentation by VWGoA, despite having been afforded the opportunity to

---

[18] *See* Minutes (In Chambers) Def.'s Partial Mot. to Dismiss Third Am. Class Action Compl. (the "TAC Dismissal Order") [Dkt. No. 113].
[19] *See generally* 4AC [Dkt. No. 114].
[20] *See generally id.*
[21] *See* Order Continuing Def.'s Mot. for Partial Dismissal of Fourth Am. Class Action Compl. [Dkt. No. 116]; Stipulation for Extension of Time to File Response and Reply as to Def.'s Mot. to Dismiss Fourth Am. Compl. [Dkt. No. 117].
[22] Order of the Chief Judge (#20-135) [Dkt. No. 120].

-4-

replead;[23] and (2) VWGoA moves to dismiss Plaintiffs' MMWA claim (Count 3) with prejudice, because, as the Court found in its order dismissing Plaintiffs' Third Amended Complaint, the Technical Service Bulletin upon which Plaintiffs rely to support this claim does not apply to Plaintiffs' vehicles,[24] and, therefore, the 4AC fails to state a valid manufacturing defect claim that would be subject to the MMWA.[25]  As stated above, Plaintiffs do not oppose the Motion.

Accordingly, the Court **GRANTS** VWGoA's Motion in its entirety. Plaintiff Holmes' claim for violation of the CLRA (Count 1) and claim for Violation of the UCL (Count 2) are **DISMISSED with prejudice**.  Plaintiffs' claim for violation of the MMWA (Count 3) is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

Dated: December 2, 2020

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[23] Motion 2:23–3:25.
[24] *See* TAC Dismissal Order 11–12.
[25] Motion 4:3–5:5.