Robert R. Ahdoot, CA Bar No. 172098
*rahdoot@ahdootwolfson.com*
Theodore Maya, CA Bar No. 223242
*tmaya@ahdootwolfson.com*
Bradley K. King, CA Bar No. 274399
*bking@ahdootwolfson.com*
AHDOOT & WOLFSON, PC
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Tel: (310) 474-9111; Fax: (310) 474-8585

[*Additional Counsel on Signature Pages*]

*Attorneys for Plaintiffs and*
*Proposed Class Counsel*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| VALERIA MERCADO and ANDREA KRISTYANNE HOLMES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC. d/b/a/ AUDI OF AMERICA, INC.,<br><br>Defendant. | Case No. 5:18-cv-02388-JWH-SP<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hon. John W. Holcomb, presiding<br><br>Date:          June 25, 2021<br>Time:          9:00 a.m.<br>Location:    Courtroom 2<br><br><br>[Filed concurrently with Decls. of T. Maya, D. Bryson, G. Coleman & S. Weisbrot] |

### <u>NOTICE OF MOTION AND MOTION</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 25, 2021 at 9:00 a.m., in Courtroom 2 of the above-captioned Court before the Honorable John W. Holcomb, Plaintiffs Valeria Mercado and Andrea Kristyanne Holmes (collectively, "Plaintiffs") will and hereby do move for an Order:

(1) granting preliminary approval of the proposed Settlement Agreement and Release, concurrently filed as Exhibit A to the Declaration of Theodore Maya;

(2) conditionally certifying the Settlement Class;

(3) approving the parties' proposed Notice Plan and forms of notice;

(4) conditionally appointing Plaintiffs Valeria Mercado and Andrea Kristyanne Holmes as Class Representatives for the Settlement Class;

(5) conditionally appointing the law firms of Greg Coleman Law, PC, Ahdoot & Wolfson, PC and Whitfield Bryson, LLP as Settlement Class Counsel;

(6) conditionally appointing Angeion Group as the Settlement Claim Administrator;

(7) setting deadlines for any objections to, and/or requests for exclusion from, the proposed Settlement; and

(8) setting the following schedule for further proceedings:

///

///

///

///

2

| Event | Date |
|---|---|
| Initial Date for Mailing the Class Notice (the "Notice Date") | 115 days after entry of preliminary approval order |
| Deadline for Plaintiffs' Counsel To File Any Motion For Award Of Attorneys' Fees And Service Payments | 21 days before the Opt-Out and Objection Deadline |
| Deadline for Class Members To Submit Objections To The Proposed Settlement Or Requests For Exclusion ("Opt-Out and Objection Deadline") | 30 days after the Notice Date |
| Deadline for Settlement Administrator to file list of exclusions with the Court | 18 days before the Final Fairness Hearing |
| Deadline for Plaintiffs to File Motion for Final Approval of Class Action Settlement, including responses to any objections, and for Defendant to respond to any objections | 21 days before the Final Fairness Hearing |
| Final Fairness Hearing | At least 190 days after entry of preliminary approval order, or such other date as the Court deems appropriate, but no sooner than 90 days after service of CAFA notice |

This motion, unopposed by Defendant, is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declarations of Theodore W. Maya, Daniel K. Bryson, Gregory F. Coleman and Steven Weisbrot, the 2021 Settlement Agreement with Exhibits, all papers filed in support thereof, and such evidence and argument as the Court may consider.

Dated: May 25, 2021

Respectfully Submitted,

AHDOOT & WOLFSON, PC

By:   */s/ Robert Ahdoot*
Robert Ahdoot
*rahdoot@ahdootwolfson.com*
Theodore W. Maya
*tmaya@ahdootwolfson.com*
Bradley K. King
*bking@ahdootwolfson.com*
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Tel: (310) 474-9111; Fax: (310) 474-8585

Greg F. Coleman*
*greg@gregcolemanlaw.com*
Will Ladnier
*will@gregcolemanlaw.com*
GREG COLEMAN LAW PC
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: (865) 247-0080; Fax: (865) 522-0049

Daniel K. Bryson*
*Dan@whitfieldbrysonllp.com*
WHITFIELD BRYSON LLP
900 W. Morgan St. Raleigh, NC 27603
Tel: 919-600-5000; Fax: 919-600-5035

*Attorneys for Plaintiffs and Proposed Class Counsel*

**pro hac vice*

4

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ........................................................................... 1

II.  PROCEDURAL AND FACTUAL BACKGROUND........................................... 4

A. Extensive Motion Practice Preceded the Parties' Agreement
   to Settle ............................................................................ 4

B. The Settlement Is the Result of Extensive Arms'-Length
   Negotiations ...................................................................... 4

III. TERMS OF THE SETTLEMENT...................................................... 5

A. The Class Definition ............................................................ 5

B. The Settlement Consideration................................................ 5

   1.  Warranty Extension for Current Owners and Lessees of
       Class Vehicles.............................................................. 5

   2.  Reimbursement for Past Unreimbursed Out-of-Pocket
       Expenses Paid for Covered Repairs................................. 7

   3.  Claim Form and Claims for Reimbursement......................... 7

C. Payment of Notice and Settlement Administration Expenses ........... 9

D. Opt-Out Rights.................................................................. 10

E. Objections to the Settlement ................................................ 10

F. Payment of Reasonable Attorneys' Fees and Expenses, and
   Class Representative Service Awards...................................... 11

G. Property Tailored Release .................................................... 11

IV.  PRELIMINARY APPROVAL IS APPROPRIATE................................... 11

A. Legal Standards................................................................ 11

   1.  Class Certification ...................................................... 12

   2.  Fairness of the Proposed Class Action Settlement ................ 13

i

B. Discussion ................................................................................................ 14

    1. Class Certification ............................................................................... 14

        i.   The Class is Sufficiently Numerous .......................................... 15

        ii.  There are Common Questions of Law and Fact ..................... 15

        iii. The Class Representatives' Claims are Typical of Those of the Class ......................................................................................... 15

        iv. Class Representative and Class Counsel Adequately Represent Class Members ...................................................................... 16

        v.  The Settlement Class Meets the Requirements of Rule 23(b)(3) Because Common Issues of Law and Fact Predominate ......... 17

    2. The Proposed Settlement Should be Preliminary Approved .................... 18

        i.   The Strength of Plaintiffs' Case ............................................... 18

        ii.  The Risk, Expense, Complexity, and Likely Duration of Further Litigation ................................................................................. 19

        iii. The Risk of Maintaining Class Action Status Throughout the Trial ........................................................................................ 20

        iv. The Amount Offered in Settlement .......................................... 20

        v.  The Extent of Discovery Completed and the Stage of the Proceedings .............................................................................. 21

        vi. The Experience and Views of Counsel ..................................... 21

        vii. The Presence of a Governmental Participant ........................... 22

        viii. The Reaction of the Class Members to the Proposed Settlement ................................................................................ 22

    3. The Settlement was the Product of Arm's-Length Negotiations ............. 22

    4. The Proposed Notice is Appropriate ....................................................... 23

IV.     CONCLUSION ....................................................................................... 25

# **TABLE OF AUTHORITIES**

**Page(s)**

<u>Cases</u>

*Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952 (9th Cir. 2013),
   *cert. denied*, 135 S.Ct. 53 (2014) ................................................................ 15

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 S.Ct. 2231 (1997) ............. 12, 16, 18, 23

*Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431 (E.D. Cal. 2013)........................ 17

*Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004) .......................... 13, 14

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011).................................... 16

*General Tel. Co. v. Falcon*, 457 U.S. 147 (1982) ........................................................ 17

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)............................................. 16

*Harris v. Vector Mktg. Corp.*, 2011 WL 1627973 (N.D. Cal. 2011) ............................ 14

*In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935  (9th Cir. 2011).................... 22

*In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717 (C.D. Cal. 2002) ................................. 17

*In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 1095 (9th Cir. 2008) ........................ 12

*In re Nat'l Football League Players' Concussion Injury Litig.*,
   961 F.Supp.2d 708 (E.D. Pa. 2014) ............................................................ 14

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*,
   962 F. Supp. 450 (D.N.J. 1997), *aff'd*, 148 F.3d 283 (3d Cir. 1998) ........................ 25

*In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438 (C.D. Cal. 2014)............. 22

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*,
   895 F.3d 597 (9th Cir. 2018) .................................................................... 16

*Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311 (9th Cir.),
   *vacated on other grounds*, 459 U.S. 810 (1982)................................................ 15

*Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
   244 F.3d 1152 (9th Cir. 2001) .................................................................. 18

*Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012).................................... 15

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) .............................. 23

*Officers for Justice v. Civil Service Comm'n of the City & Cnty. of San Francisco*,

    688 F.2d 615 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983)............................ 13

*Otsuka v. Polo Ralph Lauren Corp.*, 251 F.R.D. 439 (N.D. Cal. 2008) ....................... 18

*Reppert v. Marvin Lumber & Cedar Co.*, 359 F.3d 53 (1st Cir. 2004).......................... 23

*Ruch v. AM Retail Group, Inc.*, No. 14-CV-05352-MEJ,

    2016 WL 1161453 (N.D. Cal. Mar. 24, 2016).............................................. 14

*Sandoval v. Roadlink USA Pac., Inc.*, No. EDCV 10-00973 VAP,

    2011 WL 5443777 (C.D. Cal. Oct. 9, 2011).............................................. 12

*Spann v. J.C. Penney Corp.*, 314 F.R.D. 312 (C.D. Cal. 2016) .................................... 14

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003)........................................... 12

*Thomas v. Baca*, 231 F.R.D. 397 (C.D. Cal. 2005)............................................ 16

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541 (2011) .................. 13, 18

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96 (2d Cir.),

    *cert. denied*, 544 U.S. 1044 (2005).............................................. 23

*Warner v. Toyota Motor Sales, U.S.A., Inc.*, No. CV152171FMOFFMX,

    2016 WL 8578913 (C.D. Cal. Dec. 2, 2016) .................................... 24

*Wershba v. Apple Comput., Inc.*, 91 Cal.App.4th 224 (2001).................................. 23, 24

*West v. Circle K Stores, Inc.*, 2006 WL 1652598 (E.D. Cal. 2006).............................. 14

*Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468 (E.D. Cal. 2009) .................................. 14

**Statutes and Rules**

28 U.S.C. § 1715 ................................................................................ 22

Fed. R. Civ. P. 23, Adv. Comm. Notes to 2018 Amendment ................................. 12, 13

Fed. R. Civ. P. 23(a)....................................................................... 13, 15, 16

Fed. R. Civ. P. 23(b)............................................................................. 18

Fed. R. Civ. P. 23(e)......................................................................... 13, 14

Fed. R. Civ. P. 23(c)............................................................................. 23

# I.   **INTRODUCTION**

Plaintiffs respectfully seek preliminary approval of the concurrently filed, proposed class action Settlement which, if approved, would resolve all claims alleged in this action against Defendant Volkswagen Group of America, Inc. d/b/a Audi of America, Inc. ("VWGoA" or "Defendant").[1] Plaintiffs allege that certain 2017 and 2018 Audi Q7 vehicles imported and distributed by Defendant in the United States and Puerto Rico ("Settlement Class Vehicles") are equipped with defective front brakes that may emit a loud, high-pitched, squealing noise when applied. Defendant denies these allegations and maintains that the vehicles were not defective and were properly designed, manufactured, marketed and sold. Following extensive arms-length negotiations, including with the assistance of an experienced neutral mediator, the Parties are pleased to report that they have reached an agreement to resolve this litigation under terms set forth in the Settlement Agreement concurrently filed as Exhibit A to the Declaration of Theodore W. Maya ("Maya Decl.").

The Settlement is the product of hard-fought litigation and a fully informed decision by Plaintiffs' Counsel after engaging in motion practice, discovery of information, thorough factual investigation, a comprehensive evaluation of legal issues underlying Plaintiffs' claims, and a carefully formulated litigation strategy aimed at obtaining meaningful relief for the Class as efficiently as possible. (Maya Decl. ¶¶ 10-21.) The Parties reached the proposed Settlement through extensive arms'-length negotiations over the course of several months, numerous exchanges of information and settlement proposals, and two full-day mediation sessions at JAMS. Only after the Class benefits were negotiated did the Parties discuss attorneys' fees and Service Awards, and all was negotiated with the assistance of Bradley Winters, an experienced neutral third-party neutral mediator with JAMS. (Maya Decl. ¶¶ 18-19; Declaration of Steven Weisbrot, President of Angeion Group ("Weisbrot Decl.") ¶¶ 11, 26.)

---

[1]    Unless otherwise defined, Capitalized terms herein have the meaning set forth in the Settlement Agreement ("SA" or "Settlement Agreement").

The proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class Members (the "Class Members"). If approved, the Settlement would provide the following valuable class relief: (a) a warranty extension of the New Vehicle Limited Warranties applicable to the Settlement Class Vehicles to cover one Covered Repair (*i.e.* repair of a diagnosed condition of a squealing front brakes within four years or 48,000 miles (whichever occurs first) of a Settlement Class Vehicle's in-service date) by an authorized Audi dealer; and (b) reimbursement to Class Members for eligible out-of-pocket expenses already incurred for such a Covered Repair prior to the date of Class Notice (the "Notice Date") and within the same period of four years or 48,000 miles (whichever occurs first) from the Settlement Class vehicle's In-Service Date. This relief *directly* addresses the issues Class Members have experienced, or might experience, relating to the braking system in the Settlement Class Vehicles. To receive reimbursement for past paid out-of-pocket expenses, Class Members need only complete and submit a Claim Form via U.S. mail, along with certain required proof of the covered repair and payment thereof ("Proof of Repair Expense"). (SA ¶ II.B.) Additionally, Class Members need not submit a Claim Form in order to receive a Covered Repair under the terms of the warranty extension. (SA ¶ II.A.)

The extended warranty's value is provided to all Class Members. If the extended warranty has expired by its terms with respect to a given Class Member, he or she nonetheless can obtain its value through the Settlement's reimbursement component.

The Parties request that the Court appoint Angeion Group as the third-party Settlement Administrator, who will administer the Class Notice Plan, and the Claims review process. (*Id.* ¶¶ I.D., III-IV.) The Settlement requires all notice and administration expenses associated with implementing the Settlement to be paid entirely by Defendant, separate and apart from any benefits available to the Class Members. (*Id.* ¶ III.A.)

Proposed Class Counsel, along with Defendant's Counsel and the proposed Settlement Administrator, devised a comprehensive Class Notice Plan that comports with due process and the procedural requisites of Rule 23. (Maya Decl. ¶¶ 18, 20-22.)

The proposed Class Notice advises Class Members of the key elements of the Settlement, their rights, applicable deadlines, and will be mailed directly to Class Members. (SA ¶ IV.B.) In addition, a dedicated Settlement Website will be established for Class Members to obtain additional information and documents about the Settlement, including the Class Notice, Claim Form, applicable dates/deadlines to object, opt-out and of the Final Fairness Hearing, instructions on how and when to submit a Claim for Reimbursement, how to contact the Claim Administrator and/or Class Counsel with any questions or for assistance, and a copy of the Settlement Agreement if any Class Member so desires to review it. (*Id*. ¶ IV.B.6-7.) Moreover, while the mailed Class Notice will be accompanied by the Claim Form, Class Members will be able to download an additional copy of the Claim Form from the Settlement Website. (*Id.*)

As a result of further negotiations that took place after the Settlement terms were agreed to, the Parties agreed that Class Counsel may apply for an award of reasonable attorneys' fees, costs and expenses not to exceed the combined total sum of $1,960,000.00, and that any amount awarded by the Court be paid by Defendant, separate and apart from any relief provided to the Class. (*Id.* ¶ VIII.C.1.) The Parties also have agreed that Class Counsel will seek Service Awards not to exceed $5,000.00 for each of the two Plaintiffs-Settlement Class Representatives, which will likewise be paid by Defendant separate and apart from any relief provided to the Class. (*Id*. ¶ VIII.C.2.)

The strength of this Settlement speaks for itself, and Class Counsel firmly believe that it is in the best interests of the Class. (Maya Decl. ¶¶ 4, 34; Bryson Decl. ¶¶ 4, 17; Coleman Decl. ¶¶ 7, 19, 22.) Accordingly, Plaintiffs respectfully request that the Court: (1) grant preliminary approval of the proposed Settlement; (2) conditionally certify the proposed Settlement Class for settlement purposes only; (3) approve the form and manner of the proposed Class Notice and Notice Plan; (4) conditionally appoint the named Plaintiffs as Settlement Class Representatives, and their counsel as Settlement Class Counsel; (5) conditionally appoint Angeion Group as the Settlement Claim Administrator; and (6) set a Final Fairness Hearing date for consideration of the final

approval of the Settlement and payment of Class Counsel's fees and expenses, as well as the requested Service Awards to the Class Representatives.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

### A.   Extensive Motion Practice Preceded the Parties' Agreement to Settle

On November 9, 2018, Plaintiff Mercado filed the initial complaint in this Action against Defendant asserting claims alleging front brake noise in certain Audi Q7 vehicles. (ECF 1.) The original complaint set forth claims for: violation of the Consumer Legal Remedies Act, violation of the California Unfair Competition Law, negligence, product liability—design defect, violation of the Magnuson-Moss Warranty Act, violation of the Song-Beverly Consumer Warranty Act, and violations of other states' statutes prohibiting unfair and deceptive acts and practices. (ECF 1.)

After extensive briefing in response to three motions to dismiss filed by Defendant and two oral arguments before Judge John A. Kronstadt, this case was transferred to Judge John W. Holcomb on September 28, 2020. (*See* Maya Decl. ¶¶ 7-9.)

In December 2020, the Court entered an order granting Defendant's motion for partial dismissal of the Fourth Amended Complaint ("4AC"), dismissing Plaintiff Holmes' CLRA and UCL claims, along with their MMWA claims, with prejudice. (ECF 133.) The parties stipulated to Plaintiffs' filing of a Fifth Amended Complaint ("5AC"), and the Court allowed that filing. (ECF 144-45.) The 5AC continues to include those claims that Defendant's motion for partial dismissal as to the 4AC did not challenge: Plaintiff Holmes' CLRA and UCL claims and Plaintiff Mercado's Song-Beverly Act claim; as well as a claim for breach of implied warranties. (ECF 147.)

### B.   The Settlement Is the Result of Extensive Arms'-Length Negotiations

The parties entered into settlement negotiations after Defendant filed its motion to dismiss the 4AC. (Maya Decl. ¶ 10.) In or around October 2020, the Parties reached certain partial tentative agreements that served to begin the mediation process. (*Id.* ¶ 12.) On November 9, 2020, following extensive preliminary negotiations, the Parties participated in a full day mediation session under the supervision of an experienced,

professional third-party neutral mediator at JAMS. (*Id.*) Thereafter, the Parties engaged in arms'-length negotiations through many telephonic discussions, participated in a follow-up session with the mediator on December 11, 2020, and ultimately agreed on the principal terms of the proposed Settlement. (*Id.* ¶ 14.)

The Parties engaged in additional and extensive months-long negotiations, through many telephone discussions, to finalize and memorialize all aspects of the Settlement Agreement, including each of its exhibits. (Maya Decl. ¶¶ 14-15, 18.) Also, after a review of well-known national settlement administration companies, the Parties engaged Angeion Group to advise regarding the mechanics of the Settlement, the Notice Plan, and administration of Settlement claims. (*Id.* ¶ 20.) The Notice Plan and each document comprising the Class Notice were extensively negotiated and exhaustively refined to make them easy to read, understand and fully informative. (*Id.* ¶ 21; *see also generally* Weisbrot Decl.)

## III.   TERMS OF THE SETTLEMENT

The material terms of the Settlement are summarized as follows:

### A.   The Class Definition

The Settlement Class is defined as:

> All persons and entities who purchased or leased any model year 2017 or 2018 Audi Q7 vehicle that was imported and distributed by VWGoA for sale or lease in the United States or Puerto Rico.[2]

(*See* SA ¶¶ I.X., I.Y.)

### B.   The Settlement Consideration

#### 1.   Warranty Extension for Current Owners and Lessees

Effective on the Notice Date, Volkswagen Group of America, Inc. will extend its New Vehicle Limited Warranties applicable to the Class Vehicles to cover one (1) repair of a diagnosed condition of squealing of the front brakes, by an authorized Audi dealer, during a period of four years or 48,000 miles (whichever occurs first) from the In-Service

---

[2]   Defendant's records indicate that there are approximately 98,931 Class Vehicles—MY 2017 (51,375 vehicles); MY 2018 (47,556 vehicles).

Date of the Class Vehicle (hereinafter, the "Extended Warranty"). (SA ¶ II.A.) The Extended Warranty repair will consist of replacement of the front brake pads and installation of one new lower spring in each caliper of the front brake so that there are two springs per caliper, in accordance with Technical Service Bulletins 2050735 (applicable to model year 2017 Audi Q7 Class Vehicles) and 2050737 (applicable to model year 2018 Audi Q7 Class Vehicles). (*Id.*)

The Extended Warranty is subject to the same terms and conditions set forth in the Class Vehicle's original New Vehicle Limited Warranty and Warranty Information Booklet. (*Id.*). Squealing of the front brakes resulting from misuse, abuse, alteration or modification, a collision or crash, vandalism, lack of or improper maintenance, and/or damage from an environmental or outside source, shall be excluded and not covered. This warranty, as extended, is fully transferable to subsequent owners or lessees to the extent the extended warranty period (time and/or mileage) has not expired. (SA ¶ II.A.)

### 2. Reimbursement for Past Unreimbursed Out-of-Pocket Expenses Paid for Covered Repairs

In addition to the Extended Warranty, all Class Members (whether current or former owners/lessees of Class Vehicles) who paid eligible out-of-pocket expenses (parts, labor, and taxes) for a Covered Repair of a Class Vehicle prior to the Notice Date and within four years or 48,000 miles (whichever occurred first) of the Class Vehicle's In-Service Date, and who timely submit a valid and complete Claim Form with the Proof of repair Expense documentation, will be entitled to be reimbursed as follows:

> Repair Performed by an Authorized Audi Dealer: If the Covered Repair was performed by an authorized Audi dealer, the Settlement Class Member shall be entitled to receive reimbursement of the full amount (100%) of the paid invoice cost (parts, labor and taxes) of one (1) Covered Repair during that period.
>
> Repair Performed by Other Service Entity or Facility: If the Covered Repair was performed by a service entity or facility that is not an authorized Audi dealer, the Settlement Class Member shall be entitled to receive reimbursement of fifty percent (50%) of the paid invoice cost (parts, labor and taxes) of one (1) Covered Repair during that period.

(*See* SA ¶ II.B.)

Under the Settlement, certain costs, including but not limited to costs incurred for any squealing of the front brakes caused by modification of/to brake components, misuse, abuse, alteration or modification, a collision or crash, lack of or improper maintenance, and/or damage from an environmental or other outside source are excluded from reimbursement. (*Id.* ¶ II.C.2.)

To receive reimbursement, Class Members need only complete and submit a Claim Form *via* U.S. mail, along with the required Proof of Repair Expense documentation (described in section III.B.3, *infra*), within the Claim Period. *(Id.*)

### 3.   Claim Form and Claims for Reimbursement

In order to obtain reimbursement under the Settlement, a Class Member must complete and submit a Claim Form that seeks information and documents relating to the Class Member and Class Vehicle (SA ¶ I.U), together with basic supporting documentation, referred to in the Settlement as "Proof of Repair Expense," consisting of an original or legible  copy of a repair invoice, receipt or similar records containing the Class Member's name; the make, model and vehicle identification number (VIN) of the Class Vehicle; the fact that this was a Covered Repair—*i.e.* that a squealing noise from the front brakes was diagnosed and was the reason for the repair; the name and address of the authorized Audi dealer or other repair entity/facility that performed the Covered Repair; a description of the repair work (parts and labor) performed that establishes that it was a Covered Repair; the cost of the Covered Repair (parts and labor); the vehicle's mileage at the time of the Covered Repair; and proof of the Class Member's payment for the Covered Repair and the amount of that payment. (*See* SA ¶ I.U.)

All Claims submitted for reimbursement will be reviewed by the Settlement Administrator, who will be responsible for ensuring all information required under the Settlement Agreement has been submitted and that the Claims are timely, complete and satisfy the requirements for reimbursement under the Settlement terms. (SA ¶ III.B.) Any claimant whose claim is deemed incomplete or deficient will receive by first-class

mail a written notice explaining the deficiencies and permitting the Class Member to cure the deficiencies within 30 days from the date of that written notice. (*Id.*)

To prevent the unfairness of a "double recovery," the Settlement provides that any Claim for Reimbursement shall be reduced by the amount of any payment, concession or goodwill accommodation or discount(s) already received, from any other source (including Defendant, an Audi dealer, an insurer, service contract provider, or extended warranty provider, or any other person or entity), for all or part of the amount of the Covered Repair that is the subject of the Claim. The Claim Form shall contain a statement in which the Class Member must verify either that no such payment, concession or goodwill accommodation or discount(s) was received from another source, or if it was, the amount received and from whom/what source it was received. (SA ¶ II.C.4.)

Disputes as to the sufficiency of the Claim and/or Proof of Repair Expense submitted in support of a Claim for Reimbursement shall be submitted to and resolved by the Settlement Administrator, who will make a preliminary determination that the Claim and/or Proof of Repair Expense submitted is insufficient and will send the Class Member a letter advising of the deficiencies. The Class Member will have thirty (30) days to cure the deficiencies, or the claim will be denied. (*Id.* ¶ III.B.)

The Class Notice, Claim Form and Settlement Website will contain the contact information of the Claim Administrator, so that any Class Member that has a question or needs assistance with respect to his or her claim easily can contact the Claim Administrator by phone or email for assistance.

The Settlement Administrator's denial of all or part of any Claim shall be binding and non-appealable, except that a Class Member may seek attorney review of a denial by so requesting it from the Settlement Administrator within 14 days of the date of mailing of the decision. (*Id.* ¶¶ II.C.5.) If a Class Member timely seeks attorney review, Class Counsel and Defense counsel will review the Claim and supporting documentation and, if appropriate, seek to resolve any disputed issues in good faith. (*Id.*)

## C.   Payment of Notice and Settlement Administration Expenses

The Parties request the Court appoint Angeion Group as the third-party Settlement Claim Administrator, who will review and administer the Claims process. (*Id.* ¶¶ I.D, III.A-B.) The Settlement requires not only that all notice and administration expenses associated with implementing the Settlement be paid entirely by Defendant, but that these expenses also be paid separate and apart from any benefits to Class Members. (*Id.* ¶ III.A.)

Proposed Class Counsel, along with Defendant's Counsel, and the proposed Settlement Administrator devised a comprehensive Notice Plan that comports with due process and the procedural requisites of Rule 23. (Maya Decl. ¶¶ 20-22.)

As set forth in greater detail in the Settlement Agreement, Notice to the Settlement Class will be given as follows: (1) individual direct mail (first class) notice, to be mailed no later than 115 days after entry of the Court's Order preliminarily approving the settlement, which will be sent to the last known addresses of all Settlement Class Members identified by the Settlement Administrator from the applicable state motor vehicle agencies registration, and from the current U.S. Postal Service software and/or the National Change of Address database, and in addition, (2) publication of the Class Notice on a Settlement Website maintained by the Settlement Administrator, which will provide information about the Settlement, including the Class Notice, the Claim Form (which can also be downloaded from the website), the Settlement Agreement, Preliminary Approval Order, Motions for Final Approval and for Counsel Fees and Expenses and Class Representative Service Awards, any Orders of the Court in connection with the proposed settlement, the applicable deadlines and procedures for opting out, objecting to the settlement, and/or filing a claim for reimbursement, and the time and location of the Final Fairness Hearing.

The Class Notice, Claim Form and Settlement Website also inform Class members of the toll-free telephone number and email of the Claim Administrator, so that they may direct any inquiries about the Settlement or any deadlines and procedures, and

requests for assistance, to the Claim Administrator. Finally, the "CAFA" Notice of the proposed Settlement will be sent to governmental agencies as required by the Class Action Fairness Act. (*Id.* ¶ IV.A.)

As part of the Notice Plan, if any Class Notice is returned as undeliverable, the Settlement Claim Administrator will re-mail to any provided forwarding address, and for any undeliverable notice where no forwarding address is provided, the Claim Administrator will perform an advanced address search and remail any undeliverable Class Notices to any new and current address so located.

No later than 10 days after the Notice Date, the Settlement Administrator shall provide an affidavit or declaration to Class Counsel and Defense Counsel, attesting that the Class Notice was disseminated in a manner consistent with the terms of this Agreement or those required by the Court. (SA ¶ IV.B.9.)

### D. Opt-Out Rights

Class Members who wish to be excluded from the Settlement must mail or deliver a written Request for Exclusion to the Settlement Administrator at the address set forth in the Class Notice. (*Id.* ¶ V.B.) Any Request for Exclusion must be postmarked and received no later than 30 days after the Notice Date. (*Id.*) The finally approved Settlement Class will not include any persons who send timely and valid Requests for Exclusion; thus, persons who opt out will not be entitled to any benefit under the Settlement, and will not release any potential claims. (*Id.*)

### E. Objections to the Settlement

Any Class Member who seeks to object to the fairness of the Settlement Agreement or the requested amount of Class Counsel's Fees and Expenses and/or Class Representative Service Awards, must, no later than 30 days after the Notice Date, file a written objection with the Court (a) either in-person with the Clerk of the Court or *via* the Court's electronic filing system, or, if not filed in either manner, (b) by mailing the objection to the Court, Class Counsel, Defense Counsel and the Claim Administrator by

first-class mail to the addresses provided in the Notice, postmarked no later than 30 days from the Notice Date. (*Id.* ¶ V.A.1.)

### F. Payment of Reasonable Attorneys' Fees and Expenses, and Class Representative Service Awards

Subject to Court approval, the Parties have agreed that Class Counsel may apply for an award of reasonable attorneys' fees, inclusive of costs and expenses, not to exceed $1,960,000.00, and that such fees/expenses awarded by the Court shall be paid by Defendant separate and apart from any relief provided to the Settlement Class. (SA ¶ VIII.C.1.) Only after the Parties reached an agreement upon the relief provided to the Settlement Class did they negotiate the attorneys' fees. (SA ¶ VIII.C.5; Maya Decl. ¶ 19.) The Parties also agreed that Class Counsel will seek Service Awards, not to exceed $5,000.00, for each Plaintiff-Settlement Class Representative, which will likewise be paid by Defendant, up to the agreed upon amount, separate and apart from any relief provided to the Class. (*Id.* ¶ VIII.C.2.) The attorneys' fees/expenses and service awards will be the subject of a separate fee motion, to be filed pursuant to the schedule set forth in the Preliminary Approval Order.

### G. Properly Tailored Release

The Settlement contains a properly tailored release that is specifically limited to claims made and/or arising out of the allegations in this case relating to the brake system in the Class Vehicles. (SA ¶¶ I.V, VIII.D.) Expressly excluded are claims for personal injuries and property damage (other than damage to the Class Vehicle itself). (*Id.* ¶ I.V.)

## IV.   PRELIMINARY APPROVAL IS APPROPRIATE

### A. Legal Standards

"[I]n the context of a case in which the parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). In the Ninth Circuit, settlement is favored "particularly where complex class litigation is concerned." *In re Hyundai & Kia Fuel*

1  *Econ. Litig.*, 926 F.3d 1095, 1101 (9th Cir. 2008). Under Rule 23(e), a proposed class
2  settlement should be approved when it is fair, reasonable, and adequate after considering
3  whether: (a) the class representatives and class counsel have adequately represented the
4  class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the class
5  is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the
6  effectiveness of any proposed method of distributing relief to the class, including the
7  method of processing class-member claims; and (iii) any agreement required to be
8  identified under Rule 23(e)(3); and, (d) the proposal treats class members equitably
9  relative to each other.

10    **1. Class Certification**

11    Parties seeking class certification for settlement purposes must satisfy the
12  requirements of FRCP 23. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).
13  "A court considering such a request should give the Rule 23 certification factors
14  'undiluted, even heightened, attention in the settlement context.'" *Sandoval v. Roadlink*
15  *USA Pac., Inc*., No. EDCV 10-00973 VAP, 2011 WL 5443777, at *2 (C.D. Cal. Oct. 9,
16  2011) (quoting *Amchem*, 521 U.S. at 621). At the preliminary approval stage, "if a class
17  has not [yet] been certified, the parties must ensure that the court has a basis for
18  concluding that it likely will be able, after the final hearing, to certify the class." Fed. R.
19  Civ. P. 23, Adv. Comm. Notes to 2018 Amendment. However, the criteria for class
20  certification must be applied "differently in litigation classes and settlement classes." *In*
21  *re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d at 556. In the context of a litigation class,
22  the Court must be concerned with manageability at trial while "manageability is not a
23  concern in certifying a settlement class where, by definition, there will be no trial." *Id.*

24    A party seeking class certification must first demonstrate that: "(1) the class is so
25  numerous that joinder of all members is impracticable; (2) there are questions of law or
26  fact common to the class; (3) the claims or defenses of the representative parties are
27  typical of the claims or defenses of the class; and (4) the representative parties will fairly
28  and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). "Second, the

proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345, 131 S.Ct. 2541, 2548 (2011).

## 2. Fairness of the Proposed Class Action Settlement

Rule 23(e) provides that "the claims, issues, or defenses of a certified class may be settled. . . only with the court's approval." Fed. R. Civ. P. 23(e). "The parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class," and if, upon reviewing that information, the Court concludes that is likely "to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal," then the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." *Id.* This is the "preliminary approval" decision that Plaintiffs now ask the Court to make. Fed. R. Civ. P. 23, Adv. Comm. Notes to 2018 Amendment.

"The primary concern of [Rule 23(e)] is the protection of th[e] Class Members, including the named plaintiffs, whose rights may not have been given due regard by the negotiating parties." *Officers for Justice v. Civil Service Comm'n of the City & Cnty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983). The Court may approve a settlement agreement "after a hearing and only on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). District courts must consider various factors in assessing a settlement proposal:

- the strength of the plaintiffs' case;
- the risk, expense, complexity, and likely duration of further litigation;
- the risk of maintaining class action status throughout the trial;
- the amount offered in settlement;
- the extent of discovery completed and the stage of the proceedings;
- the experience and views of counsel;
- the presence of a governmental participant; and
- the reaction of the Class Members to the proposed settlement.

*Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575-76 (9th Cir. 2004).

For preliminary approval, however, "the bar to meet the 'fair, reasonable and adequate' standard is lowered." *In re Nat'l Football League Players' Concussion Injury Litig.*, 961 F.Supp.2d 708, 714 (E.D. Pa. 2014). The Court need only review the proposed

settlement to determine whether it is in the permissible "range of possible judicial approval." *See* 3 Conte & Newberg, *Newberg on Clss Actions*, § 11:25. Ultimately, "[s]trong judicial policy favors settlements." *Churchill*, 361 F.3d at 576 (ellipses and quotation marks omitted).

Approval of a class action settlement requires a two-step process: preliminary approval followed by a later, final approval. *See West v. Circle K Stores, Inc.*, 2006 WL 1652598, *2 (E.D. Cal. 2006) ("[A]pproval of a class action settlement takes place in two stages."). At the preliminary approval stage, the court "evaluate[s] the terms of the settlement to determine whether they are within a range of possible judicial approval." *Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468, 472 (E.D. Cal. 2009). Although "[c]loser scrutiny is reserved for the final approval hearing[,]" *Harris v. Vector Mktg. Corp.*, 2011 WL 1627973, *7 (N.D. Cal. 2011). At the preliminary approval stage, approval should be granted "if the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *Ruch v. AM Retail Group, Inc.*, No. 14-CV-05352-MEJ, 2016 WL 1161453, at *7 (N.D. Cal. Mar. 24, 2016). All of these criteria are met here.

### B. Discussion

#### 1. Class Certification

As shown below, the Settlement Class meets the requirements of Rule 23 and, accordingly, the Court should direct notice informing Settlement Class Members that the Court "likely will be able to" certify the Settlement Class for purposes of judgment. Fed. R. Civ. P. 23(e)(1)(B). The requirements for certification of a settlement class differ from those in a litigation class. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d at 556.

#### i. The Class Is Sufficiently Numerous

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a). Joinder is usually impracticable if a class is "large in numbers." *See Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1319 (9th Cir.),

*vacated on other grounds*, 459 U.S. 810 (1982) (class sizes of 39, 64, and 71 are sufficient to satisfy the numerosity requirement). Here, joinder of over 98,931 Class Members would be impractical, to say the least. The Class is sufficiently numerous.

### ii.    There Are Common Questions of Law and Fact

The commonality requirement is satisfied if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "This does not, however, mean that every question of law or fact must be common to the class; all that Rule 23(a)(2) requires is a single significant question of law or fact." *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013), *cert. denied*, 135 S.Ct. 53 (2014) (emphasis and internal quotation marks omitted); *see Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012) (characterizing commonality as a "limited burden"). Proof of commonality under Rule 23(a) is "less rigorous" than the related preponderance standard under Rule 23(b)(3). *See Mazza*, 666 F.3d at 589.

Here, there are common issues of law and fact that affect the Class uniformly and satisfy the commonality requirement, including, among other things: whether the Class Vehicles' brakes contain a defect, whether Defendant knew or should have known of the alleged defect before the Class Vehicles were sold or leased to Class Members, and whether Defendant's conduct violated state consumer protection laws or breached an implied warranty of merchantability. Commonality also is met here because Defendant's conduct with respect to all Class Vehicles is allegedly the same. Accordingly, the commonality requirement of Rule 23(a) is satisfied.

### iii.    The Class Representatives' Claims Are Typical of Those of the Class

Rule 23(a)(3) requires that the Class Representatives' claims be typical of those of the Class. Typicality is satisfied if the claim of the named class representative arises "from the same course of conduct that gives rise to the claims of unnamed Class Members to bring individual actions." *Thomas v. Baca*, 231 F.R.D. 397, 401 (C.D. Cal. 2005); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (claims typical if "reasonably co-extensive with those of absent Class Members" although "they need not

be substantially identical."). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other Class Members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (internal quotation marks and citation omitted).

Here, Plaintiffs' and Class Members' claims arise from the same nucleus of facts and are based on the same alleged defect and legal theories.  Accordingly, the typicality requirement of Rule 23(a) is satisfied.

### iv.   Class Representatives and Class Counsel Adequately Represent Class Members

Rule 23(a)(4) permits certification of a class action only if "the representative parties will fairly and adequately protect the interests of the class," which requires (1) that the named Plaintiff not have conflicts of interest with the proposed Class; and (2) that the named Plaintiff be represented by qualified and competent counsel. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 895 F.3d 597, 607 (9th Cir. 2018). "Adequate representation depends on, among other factors, an absence of antagonism between representatives and absentees, and a sharing of interest between representatives and absentees." *Ellis*, 657 F.3d at 985; *Amchem*, 521 U.S. at 625-26 ("The adequacy inquiry . . . serves to uncover conflicts of interest between named parties and the class they seek to represent. A class representative must be part of the class and possess the same interest and suffer the same injury as the class members.").

Plaintiffs and their counsel are adequate. First, the proposed Class Representatives do not have any conflicts of interest with the absent Class Members, as their claims are coextensive with those of the Class Members. *General Tel. Co. v. Falcon*, 457 U.S. 147, 157-58, fn. 13 (1982). They have read and understood the basic allegations of the operative Complaint and are willing to prosecute this matter on behalf of the Class. (Ahdoot Decl. ¶¶ 23-24.) The proposed Class Representatives consistently have been involved in the litigation, providing valuable insight and useful facts allowing Class

Counsel to effectively litigate this action, perform discovery, and negotiate this Settlement. *Id.* Further, proposed Class Representatives were clearly advised of and understand their obligations as Class Representatives. Plaintiffs regularly communicated with Class Counsel regarding various issues pertaining to this case and will continue to do so until the Settlement is approved, and its administration completed. *Id.*

Second, proposed Class Counsel are qualified and experienced in conducting class action litigation, especially cases involving consumer protection. (Maya Decl. ¶¶ 25-33 & Ex. B; Declaration of Daniel K. Bryson ("Bryson Decl.") ¶¶ 2-3, 16-17 Ex. A); Declaration of Gregory F. Coleman ("Coleman Decl.") ¶¶ 4-6 & Ex. A.) Proposed Class Counsel vigorously prosecuted this action and will continue to do so through final approval. Proposed Class Counsel identified and investigated the claims in this lawsuit and the underlying facts, and successfully negotiated this Settlement. (Maya Decl. ¶¶ 10-22; Bryson Decl. ¶¶ 3-7, 9-15; Coleman Decl. ¶¶ 5-6, 8-14, 15.); *see also In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717, 720 (C.D. Cal. 2002) (a court evaluating adequacy of representation may examine "the attorneys' professional qualifications, skill, experience, and resources . . . [and] the attorneys' demonstrated performance in the suit itself"); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 443 (E.D. Cal. 2013) ("There is no challenge to the competency of the Class Counsel, and the Court finds that Plaintiffs are represented by experienced and competent counsel who have litigated numerous class action cases.")).

### v.   The Settlement Class Meets the Requirements of Rule 23(b)(3) Because Common Issues of Law and Fact Predominate

Rule 23(b)(3) allows certification of a class if the Court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In the settlement context, the manageability criterion of Rule 23(b)(3)(D) does not apply. *Amchem*, 521 U.S. at 620.

"Common questions that yield common answers" and are "apt to drive the resolution of this case" predominate over any individual issues. *Dukes*, 564 U.S. at 345. Rule 23(b)(3)'s predominance requirement is satisfied because all of Plaintiffs' claims arise out of Defendant's marketing and sale of Class Vehicles containing the allegedly defective braking systems. Common questions include, but are not limited to: whether the Class Vehicles contain the alleged defect, whether Defendant knew or should have known of the alleged defect before it sold the Class Vehicles, and whether Defendant breached the implied warranty of merchantability. This suffices, for the purpose of the Class, to present a predominance of common issues.

The superiority requirement of Rule 23(b)(3) is met because common questions comprise a substantial aspect of the case and can be resolved for all Class Members in a single adjudication, obviating the need for multiple trials in multiple venues. Given the relatively small individual claims at issue relating to the alleged defect, there is little or no interest for each Class Member to proceed with their own cases. If the proposed Settlement is approved, there will be no need for a trial, and manageability of the class for trial is irrelevant. *Amchem*, 521 U.S. at 620. A class settlement is superior to other methods of litigation where, as here, class treatment will promote greater efficiency and no realistic alternative exists. *See Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001).

### 2. The Proposed Settlement Should be Preliminarily Approved

#### i. The Strength of Plaintiffs' Case

Plaintiffs are confident that they would succeed if this case proceeded to trial. However, balanced against the heavy obstacles and inherent risks Plaintiffs face with respect to their claims — and even getting to trial — demonstrated by the Court's dismissal of many claims through motion practice (*see* Maya Decl. ¶¶ 6-9, 16-17), the Settlement's substantial benefits favor preliminary approval of the Settlement.

### ii.     The Risk, Expense, Complexity, and Likely Duration of Further Litigation

This factor overwhelmingly weighs in favor of preliminary approval of the Settlement. The risk, expense, complexity, and likely duration of further litigation in this Action is substantial.

Absent a settlement, the final resolution of this litigation through the trial process may require several more months or even years of protracted, adversarial litigation and appeals, which will delay relief to the tens of thousands of possible Class Members. The proofs necessary to prevail at trial in this case would be greater than what is required under the Settlement. Class Members may receive relief (repair of their Class Vehicles and/or reimbursement of out-of-pocket expenses associated with repairs) under the Settlement and merely need to complete and submit a simple Claim Form with the supporting Proof of repair Expense documentation demonstrating entitlement to reimbursement under the Settlement terms. It is clearly advantageous for Class Members to be eligible to obtain this significant relief without further delay or extensive proof.

The claims in this case are disputed. Defendants have maintained that the subject vehicles are equipped with state-of-the-art high-functioning brake systems that are not defective, and that the issue of brake noise itself, including that which a driver may consider irregular or bothersome, is very subjective in nature. Many Class Members may not have experienced and may never experience the alleged squealing noise from the front brakes of their Class Vehicles, or any such noise that affects their use and enjoyment of the vehicles. There may also be statute of limitations and other factual and legal defenses applicable to various Class Members that could preclude their recovery if this action were not settled.

By reaching this Settlement, the Parties will avoid further protracted litigation and will establish a means for prompt, streamlined resolution of Class Members' claims against Defendant. Given the alternative of long and complex litigation before this Court, the risks involved in such litigation, the potential evidentiary issues, and the possibility

of further appellate review, the availability of prompt relief under the Settlement is highly beneficial to Class Members.

### iii.   The Risk of Maintaining Class Action Status Throughout the Trial

Class certification has not yet been granted in this Action. In the course of the litigation and the Parties' settlement negotiations, Defendant raised a number of defenses to Plaintiffs' claims. Given this Court's orders on Defendant's motions to dismiss, including its Order granting Defendant's Motion for Partial Dismissal of Plaintiffs' 4AC, attaining and maintaining class action status would be risky.

A denial of class certification, like a loss on the merits, would effectively extinguish any hope of recovery by the Class. Even if Plaintiffs were to win class certification, there would remain a risk of losing on summary judgement or at a jury trial. And even if Plaintiffs prevailed at trial, any judgment or order granting class certification could be reversed on appeal and, even if they were not, the appellate process would likely delay any recovery to the Class for years.

### iv.   The Amount Offered in Settlement

This Settlement meets a critical test in gauging its fairness and reasonableness because it provides significant, concrete relief to affected Class Members (far above "a hundredth or even a thousandth of a single percent") and directly addresses the injury alleged in the Action. Given the cost of repairing the alleged brake noise defect on these luxury vehicles, the Extended Warranty, combined with the opportunity for reimbursement of such repairs for those Class Members who may already have incurred such costs due to expiration of their existing warranties, the Settlement's value is significant and available to all Class Members. The Settlement directly addresses the claimed harm and does so in a way that provides substantial benefits notwithstanding the significant risks of proceeding through litigation and trial.

The gravamen of Plaintiffs' Complaint was that they and Class Members purchased Class Vehicles which Defendant knew or had reason to know were defective at the time of sale. Accordingly, the proposed Settlement provides for the repair of the

alleged brake noise defect going forward and compensates Class Members who have incurred out-of-pocket expenses for overed repairs prior to enactment of the Extended Warranty for their related out-of-pocket expenses associated with the alleged defect and for the periods when their Class Vehicles were undergoing repairs. Class Members will be able to receive a Cash Payment, as described above, by submitting a simple Claim Form, along with appropriate proof that they incurred out-of-pocket expenses for a Covered Repair. The Settlement thus directly addresses the claimed harm. Accordingly, this factor weighs heavily in favor of preliminary approval.

### v.   The Extent of Discovery Completed and the Stage of Proceedings

This Action was intensely litigated before the Settlement was reached. Ultimately, Defendant disclosed substantial evidence under the mediation privilege, and thus the extent of discovery completed is more extensive than the stage of proceedings alone might suggest. (Maya Decl. ¶ 15.) This factor supports preliminary approval.

### vi.   The Experience and Views of Counsel

Plaintiffs are represented by attorneys who have extensive experience and expertise in prosecuting complex class actions, including consumer protection class actions related to automobiles and other allegedly defective consumer products. (Maya Decl. ¶¶ 25-34 & Ex. B; Bryson Decl. ¶¶ 3-4 & Ex. A; Coleman Decl. ¶¶ 4-7 & Ex. A.)

The Settlement is the product of arms' length negotiations between experienced counsel before a professional third-party neutral Mediator at JAMS. The Settlement provides Class Members with immediate, certain and meaningful relief that directly addresses the issues they have experienced, or might experience, relating to the alleged Brake Defect. (Maya Decl. ¶ 4; Bryson Decl. ¶ 11; Coleman Decl. ¶ 17.) Moreover, the language of the release is properly tailored and limited to the claims at issue. (SA ¶ VII.) The release comports with the applicable law, which holds that a class action lawsuit may release all claims "that may arise out of the transaction or events pleaded in the complaint." *See* Conte & Newberg, 4 *Newberg on Class Actions* (4th ed. 2010) § 12:15, at 312. Proposed Class Counsel fully endorse the Settlement as fair, reasonable, and

adequate and in the best interests of the Class. (Maya Decl. ¶¶ 4, 34; Bryson Decl. ¶ 12; Coleman Decl. ¶¶ 19, 22.)

A non-collusive settlement, negotiated by experienced class counsel with the involvement of a respected mediator, is entitled to "a presumption of fairness." *In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438, 450 (C.D. Cal. 2014). The proposed Settlement is the product of months of negotiations between counsel and mediation before respected mediator Bradley A. Winters. Based on these factors the Settlement is entitled to a presumption of fairness. *See id.* (finding a presumption of fairness where settlement was reached after mediation).

### vii.    The Presence of a Governmental Participant

No governmental agency is involved in this litigation, but the Attorney General of the United States and Attorneys General of each State will be notified of the proposed Settlement pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, and will have an opportunity to raise any concerns or objections. (SA ¶ IV.A.)

### viii.   The Reaction of the Class Members to the Proposed Settlement

The Class has yet to be notified of the Settlement and given an opportunity to object, so it is premature to assess this factor. Before the Final Fairness Hearing, the Court will receive and be able to review any objections or comments received from Class Members, along with a full accounting of all requests for exclusion.

### 3.    The Settlement Is the Product of Arm's-Length Negotiations

The Court must be satisfied that "the settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Here, when negotiations began, Plaintiffs had a clear view of the strengths and weaknesses of their case and were in a position to make an informed decision regarding the reasonableness of a potential settlement.

Settlement negotiations occurred only *after* extensive investigation by Plaintiffs' Counsel, *after* the exchange of initial disclosures, written discovery, production of documents and a comprehensive review of those documents, and *after* a thorough review

and examination of the facts and law relating to the matters in the Action. (Maya Decl. ¶¶ 10-11, 15; Bryson Decl. ¶ 14; Coleman Decl. ¶¶ 20.) Through their investigative efforts, settlement discussions and negotiations, Plaintiffs' Counsel were able to assemble the information necessary to fully assess the strengths of Plaintiffs' claims, and the benefits of settlement versus continued litigation.

All of the terms of the Settlement relating to the relief to be provided to the Class were agreed upon by the Parties prior to negotiations concerning the proposed Class Counsel fees and expenses and Service Awards. (Maya Decl. ¶ 19; Bryson Decl. ¶ 15; Coleman Decl. ¶ 21.) Further, any award of Attorneys' Fees and Expenses or Service Awards will not reduce the significant benefits inuring to Class Members. There is no indication of collusion or fraud in the settlement negotiations, and none exists.

### 4.  The Proposed Notice Is Appropriate

"The court must direct notice in a reasonable manner to all Class Members who would be bound by the proposal." Fed. R. Civ. P. 23(c)(1). Rule 23(c)(2) requires the Court to "direct to Class Members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," although actual notice is not required. *Amchem*, 521 U.S. at 617. "The standard for the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 113 (2d Cir.), *cert. denied*, 544 U.S. 1044 (2005). The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to object." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Wershba v. Apple Comput., Inc.*, 91 Cal.App.4th 224, 252 (2001) ("[C]lass notice must strike a balance between thoroughness and the need to avoid unduly complicating the content of the notice and confusing Class Members."). The notice should provide sufficient information to allow Class Members to decide whether they should accept the benefits of the settlement, opt out and pursue their own remedies, or

object to it. *See Wershba*, 91 Cal.App.4th at 251-52. "[N]otice is adequate if it may be understood by the average class member." *Warner v. Toyota Motor Sales, U.S.A., Inc.*, No. CV152171FMOFFMX, 2016 WL 8578913, at *14 (C.D. Cal. Dec. 2, 2016).

Subject to Court approval, the Parties have selected Angeion Group as the Settlement Administrator. The Notice Plan agreed to by the Parties and approved by Angeion Group includes individual direct mail (first class) notice to be mailed to the current or last known addresses of all Class Members identified by the Settlement Administrator from the applicable state motor vehicle agencies registration, and from the current U.S. Postal Service software and/or the National Change of Address database; (2) publication of the Class Notice on a dedicated Settlement Website maintained by the Settlement Administrator, which will provide information about the Settlement, Class Members' rights, deadlines, procedures, and documents, such as the Settlement Agreement and copies of the Claim Form that can be downloaded from the website, and a toll-free telephone number and email by which Class Members may contact the Settlement Administrator with questions or for assistance. (SA ¶ IV.B.)

The Class Notice (SA Ex. B) is clear, precise, informative, and meets all of the necessary standards. (Weisbrot Decl. ¶¶ 25-26.) It includes information such as the case caption; a description of the Settlement Class; a detailed description of the Settlement's benefits and how to obtain them; a description of the claims and the history of the litigation; the Class Members' rights, a description of the Settlement and the claims being released; the names and contact information of proposed Class Counsel and the Settlement Administrator; a statement of the maximum amount of attorneys' fees and Service Awards that will be sought; the Final Fairness Hearing date; a description of Class Members' opportunity to appear at the hearing; a statement of the procedures and deadlines for requesting exclusion or filing objections to the Settlement; and the manner in which to obtain further information. *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 496 (D.N.J. 1997), *aff'd*, 148 F.3d 283 (3d Cir. 1998); Manual For Complex Litigation § 30.212 (4th ed. 2004) (Rule 23(c) notice designed to be a

summary of the litigation and settlement to apprise class members of the right and opportunity to inspect the complete settlement documents, papers, and pleadings).

The Notice Plan was reviewed and analyzed to ensure it meets the requisite due process requirements. (Weisbrot Decl. ¶¶ 10-11, 26.) Indeed, the program here is consistent with, and exceeds, other similar court-approved notice plans, the requirements of FRCP 23(c)(2)(B), and the Federal Judicial Center ("FJC") guidelines for adequate notice. (*Id.* ¶¶ 20-21.)  The proposed procedure for providing notice and the content of the Class Notice constitute the best practicable notice to Class Members, complies with the requirements of Fed. R. Civ. P. 23 and Due Process, and should be approved.

## V.   **CONCLUSION**

Plaintiffs respectfully request that the Motion be granted and the Court enter an order substantially in the form accompanying the Settlement as **Exhibit C** hereto:

(1) granting preliminary approval of the proposed Settlement;

(2) conditionally certifying the Settlement Class for settlement purposes;

(3) approving the parties' proposed Notice Plan and forms of notice;

(4) conditionally appointing Plaintiffs Valeria Mercado and Andrea Kristyanne Holmes as Class Representatives for the Settlement Class;

(5) conditionally appointing the law firms of Greg Coleman Law, PC, Ahdoot & Wolfson, PC, and Whitfield Bryson, LLP as Settlement Class Counsel;

(6) conditionally appointing Angeion Group as the Settlement Claim Administrator;

(7) setting deadlines for any objections to, and/or requests for exclusion from, the proposed Settlement;

(8) other scheduling matters including the date and time for the Final Fairness Hearing.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Dated: May 25, 2021

Respectfully Submitted,

AHDOOT & WOLFSON, PC

By:   */s/ Robert Ahdoot*
Theodore W. Maya
*tmaya@ahdootwolfson.com*
Robert Ahdoot
*rahdoot@ahdootwolfson.com*
Bradley K. King
*bking@ahdootwolfson.com*
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Tel: (310) 474-9111; Fax: (310) 474-8585

Greg F. Coleman*
*greg@gregcolemanlaw.com*
Will Ladnier
*will@gregcolemanlaw.com*
GREG COLEMAN LAW PC
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: (865) 247-0080; Fax: (865) 522-0049

Daniel K. Bryson*
*Dan@whitfieldbrysonllp.com*
WHITFIELD BRYSON LLP
900 W. Morgan St. Raleigh, NC 27603
Tel: 919-600-5000; Fax: 919-600-5035

*Attorneys for Plaintiffs and Proposed Class Counsel*

**pro hac vice*

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT