UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIA MERCADO and ANDREA KRISTYANNE HOLMES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC. d/b/a/ AUDI OF AMERICA, INC.,<br><br>Defendant. | Case No. 5:18-cv-02388-JWH-SPx<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [ECF No. 151]** |

Before the Court is the motion of Plaintiffs Valeria Mercado and Andrea Kristy Anne Holmes for preliminary approval of a class action settlement.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the unopposed Motion,[2] the Court **GRANTS** the Motion, and **FINDS** and **ORDERS** as follows:

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is proper in this district.

2. The Court has personal jurisdiction over Plaintiffs, the Settlement Class Members, and Defendant Volkswagen Group of America, Inc.

3. Unless otherwise indicated, all defined terms in this Order shall have the meaning assigned in the Settlement Agreement.[3]

4. The Settlement Agreement was entered into by experienced class action counsel after extensive arm's length negotiations of disputed claims, which included the participation of an experienced and neutral third-party mediator. The Settlement Agreement is not the result of collusion.

5. The proceedings that occurred before the Parties entered into the Settlement Agreement gave counsel the opportunity to assess adequately the strengths and weaknesses of this case and the risks to each Party. Thus, the negotiated Settlement Agreement reflects those considerations.

---

[1] Pls.' Mot. for Prelim. Approval of Class Action Settlement (the "Motion") [ECF No. 151].

[2] The Court considered the following papers in connection with the Motion: (1) the Motion (including its attachments); (2) Decl. of Theodore W. Maya in Supp. of the Motion (the "Maya Decl.") [ECF No. 152]; (3) Decl. of Daniel K. Bryson in Supp. of the Motion (the "Bryson Decl.") [ECF No. 153]; (4) Decl. of Gregory F. Coleman in Supp. of the Motion (the "Coleman Decl.") [ECF No. 154]; and (5) Decl. of Steven Weisbrot in Supp. of the Motion (the "Weisbrot Decl.") [ECF No. 155].

[3] *See* Maya Decl., Ex. A—Settlement Agreement (the "Settlement Agreement") [ECF No. 152-1] § I (entitled "Definitions and Defined Terms"); *see also* Maya Decl. ¶ 2.

6. After a careful review of the Settlement Agreement, the Court preliminarily finds that the Settlement Agreement is fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure and that it has no obvious deficiencies that would preclude preliminary approval. Accordingly, the Court preliminarily approves all terms of the Settlement Agreement and its Exhibits.

7. The Court preliminarily finds, for settlement purposes only, that the Settlement Agreement satisfies all applicable requirements of Rules 23(a) and 23(b)(3). As such, the Court hereby preliminarily certifies the following Settlement Class:

> All persons and entities who purchased or leased any model year 2017 or 2018 Audi Q7 vehicle that was imported and distributed by Volkswagen Group of America, Inc. for sale or lease in the United States or Puerto Rico.
>
> Excluded from the Settlement Class are (a) all Judges who have presided over the Action and their spouses; (b) all current employees, officers, directors, agents and representatives of Defendant, and their family members; (c) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (h) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendant or any Released Parties from any Released Claims,

and (j) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.[4]

8. The Court preliminarily finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows: (a) the members of the Settlement Class are so numerous that joinder of all members is impracticable; (b) there are common issues of law and fact for the Settlement Class; (c) the claims of the Plaintiffs Valeria Mercado and Andrea Kristyanne Holmes are typical of the claims of the Settlement Class that they seek to represent; and (d) Plaintiffs will fairly and adequately protect and represent the interests of all members of the Settlement Class as the Class Representatives, and their interests are not antagonistic to those of the Settlement Class.

9. The Court further preliminarily finds that the requirements of Rule 23(b)(3) are satisfied, for settlement purposes only, in that (a) common questions of law and fact pertaining to the Settlement Class Members predominate over questions that may affect only individual members; and (b) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

10. The Court hereby preliminarily appoints Plaintiffs Valeria Mercado and Andrea Kristyanne Holmes to serve as the Class Representatives for the Settlement Class.

11. The Court also hereby preliminarily appoints the law firms of Greg Coleman Law, PC, Ahdoot & Wolfson, PC and Whitfield Bryson, LLP to serve as Settlement Class Counsel for the Settlement Class.

12. The Court preliminarily appoints Angeion Group as the Settlement Administrator (the "Settlement Administrator" or "Claims Administrator") to supervise and administer the Class Notice Plan as well as the processing and review

---

[4] See Settlement Agreement § I, ¶ Y.

of Claims that are timely and properly submitted and comply with the terms of the Settlement.

13. This Preliminary Approval Order shall neither preclude nor in any way affect Defendant's rights to assert that this action may not be certified as a class action, other than for settlement purposes only. The Court also concludes that, because the action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

14. The Court finds that the proposed form of Class Notice attached as Exhibit B to the Settlement Agreement and the Claim Form attached as Exhibit A to the Settlement Agreement satisfy the requirements of Rules 23(c)(2) and 23(e)(1), and Due Process. Accordingly, the Court hereby approves the proposed Class Notice and Claim Form.

15. The Court further approves the proposed method for providing notice of the Settlement to the Settlement Class Members, as reflected in the Class Notice Plan in the Settlement Agreement.[5] The Court has reviewed the Class Notice Plan and finds that the Settlement Class Members will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal that on an agreed upon date with the Claims Administrator, but in no event later than December 3, 2021, the Claims Administrator shall cause individual Class Notice, substantially in the form attached to the Settlement Agreement as Exhibit B, together with the Claim Form, substantially in the form attached to the Settlement Agreement as Exhibit A, to be mailed by first class mail to the current or last known addresses of all reasonably identifiable Settlement Class Members (the "Notice Date"). The Court specifically approves the procedures set forth in the Settlement

---

[5] *See* Settlement Agreement § IV.

Agreement for identifying Settlement Class Members and for re-mailing notice packets and performing advanced address searches for Settlement Class Members' addresses if returned as undeliverable. The Court further approves the payment of notice costs by Defendant as provided in the Settlement Agreement.

16. The Court finds that these procedures constitute the best notice practicable under the circumstances and satisfy the requirements of Rules 23(c)(2) and 23(e)(1), and Due Process.

17. The Departments of Motor Vehicles within the United States and Puerto Rico are ordered to provide approval to Polk/IHS Markit, or any other company so retained by the parties and/or the Claims Administrator, to release the names and addresses of Settlement Class Members in this action associated with the titles of the Vehicle Identification Numbers at issue in this action for the purposes of disseminating the Class Notice to the Settlement Class Members. Polk/IHS Markit or any other company so retained is ordered to license, pursuant to agreement between Defendant and said company, and/or the Claims Administrator and said company, the Settlement Class Members' contact information to Defendant and/or the Claims Administrator solely for the use of providing Class Notice in this action and for no other purpose.

18. The Court directs that pursuant to Rule 23(e)(2), a Final Fairness Hearing will be held by this Court in the Courtroom of The Honorable John W. Holcomb, United States District Court for the Central District of California, United States Courthouse, 3470 12th St., Riverside, California 92501 at 9:00 a.m. on March 25, 2022 (the "Final Fairness Hearing"), to consider (a) the grant of final approval of the Settlement pursuant to the terms of the Settlement Agreement; (b) certification of the Settlement Class; (c) appointment of Plaintiffs as the Settlement Class Representatives; (d) appointment of Class Counsel as Settlement Class Counsel; (e) appointment of Angeion Group as the Settlement Administrator; (f) Class Counsel's application for reasonable attorney fees and expenses and

Settlement Class Representative service awards; (g) any objections to and/or requests for exclusion from the proposed Settlement; and (h) entry of a Final Approval Order and Judgment.  The Final Fairness Hearing may be adjourned by the Court, and the Court may address the above or other matters, without further notice to the Settlement Class other than notice that may be issued by the Court and/or on the Court's and settlement websites.

19. The Court directs that no later than February 25, 2022, Settlement Class Counsel shall file their Motion for Final Approval of the Settlement.

20. The Court directs that Settlement Class Counsel shall file their Motion for reasonable attorney fees and expenses, and Settlement Class Representatives service awards, no later than January 21, 2022.  No later than March 11, 2022, reply papers, if any, may be filed with respect to said Motion.

21. The Court further directs that no later than March 11, 2022, Settlement Class Counsel and Defendant may file any supplemental memoranda addressing any objections and/or opt-outs, and any other matters in further support of final approval of the Settlement.

22. Any Settlement Class Members wishing to object to the proposed Settlement and/or the requests for Settlement Class Counsel fees and expenses and/or Settlement Class Representative service awards, must adhere to the following deadline and procedures in order for the objection to be considered by the Court:

  a) To object, a Settlement Class Member, individually or through counsel, must, no later than February 4, 2022 (the "<u>Objection Deadline</u>"), file a written objection, with all supporting documents and/or memoranda, with the Court in person at United States Courthouse, 3470 12th St., Riverside, California 9250, or via the Court's electronic filing system, or, if not filed with the Court by either method, mail the objection to the Court and to the following persons by first-class mail postmarked no later than the February 4, 2022, Objection Deadline:

**Settlement Class Counsel**

Robert Ahdoot, Esq.

Ahdoot & Wolfson, PC

2600 W. Olive Ave., Suite 500

Burbank, CA 91505

**Defendant's Counsel**

Michael B. Gallub, Esq.

Herzfeld & Rubin, P.C.

125 Broad Street

New York, NY 10004

**Claims Administrator**

Brake Claims Administrator

c/o Angeion Group

P.O. Box 58220

Philadelphia, PA 19102

b) Any objecting Settlement Class Member must include with his/her/their/its objection:

    i. the objector's full name, address, and telephone number;

    ii. the model, model year and VIN of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt);

    iii. a written statement of all grounds for the objection accompanied by any legal support for such objection;

    iv. copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection;

    v. the name, address and telephone number of any counsel representing said objector; and

     vi.  a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five (5) years, including the full case name with jurisdiction in which it was filed and the docket number.  If the Settlement Class Member or his/her/their/its counsel has not objected to any other class action settlement in the United States in the previous five years, he/she/they/it shall affirmatively so state in the objection.

  c)  Subject to the approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Fairness Hearing to explain why the proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for attorneys' fees and expenses or Settlement Class Representative service awards.  Any Settlement Class Member that wishes to appear in person or by counsel must, by the Objection Deadline, file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a Notice of Intention to Appear at the Fairness Hearing.  The Notice of Intention to Appear must include copies of any papers, exhibits or other evidence, and the identity of witnesses that the objecting Settlement Class Member or their counsel intends to present to the Court.  Any Settlement Class Member who does not provide a Notice of Intention to Appear in accordance with the Objection Deadline and requirements set forth in the Settlement Agreement and Class Notice shall not be entitled to appear and present any arguments at the Final Fairness Hearing.

  d)  Any Settlement Class member who has not filed an objection in accordance with the Objection Deadline and requirements set forth in the Settlement Agreement and Class Notice, shall be deemed to have waived their right to object to, and shall forever be barred from objecting to, any aspect of

the proposed Settlement and to Settlement Class Counsel's motion for reasonable attorney fees and expenses and Settlement Class Representative service awards, and, if the Settlement is granted final approval, will be bound by the Settlement Agreement including the release of claims and by any orders and judgements of this Court relating to the Settlement.

23. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a request for exclusion (the "<u>Request for Exclusion</u>"), by first-class mail postmarked no later than January 14, 2022, to the Claims Administrator at:

**Brake Claims Administrator**

**c/o Angeion Group**

**P.O. Box 58220**

**Philadelphia, PA 19102**

24. To be effective, the Request for Exclusion must:

    a) include the Settlement Class Member's full name, address, and telephone number;

    b) identify the model, model year and VIN of the Settlement Class Vehicle;

    c) state that he/she/they/it is a present or former owner or lessee of a Settlement Class Vehicle; and

    d) specifically and unambiguously state his/her/their/its desire to be excluded from the Settlement Class.

25. The Claim Administrator shall report the names and addresses of all persons and entities that submitted timely and proper Requests for Exclusion to the Court, Settlement Class Counsel and Defendant's Counsel no later than March 4, 2022.

26. The Claim Administrator shall consult with Class Counsel and Defendant's Counsel in determining whether they meet the requirements of a

Request for Exclusion. Any communications from Settlement Class Members (whether styled as an exclusion request, an objection, or a comment) as to which it is not readily apparent whether the Settlement Class Member intended to be excluded from the Settlement Class shall be evaluated jointly by Class Counsel and Defendant's Counsel, who shall make a good faith evaluation. Any uncertainties about whether a Settlement Class Member is requesting exclusion from the Settlement Class shall be submitted to the Court for resolution.

27. Any Settlement Class Member who does not properly and timely submit such a Request for Exclusion shall automatically be included in the Settlement Class and, if the Settlement is granted final approval, shall be bound by all the terms and provisions of the Settlement Agreement and the Settlement, including but not limited to the release of claims and any orders and judgment of this Court relating to the Settlement.

28. Upon final approval of the Settlement, all Settlement Class Members who have not timely and properly excluded themselves from the Settlement shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully and completely released, acquitted, and discharged all Released Parties from all Released Claims as set forth in the Settlement Agreement.

29. Pending the Court's determination of whether to grant final approval of this Settlement, all Settlement Class Members and/or their representatives are preliminarily barred from commencing, prosecuting, continuing to prosecute, or participating in any action or proceeding against any of the Released Parties (as defined in the Settlement Agreement), in any court, tribunal or other forum, asserting any of the matters, claims or causes of action that are to be released in the Settlement Agreement. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action pending its determination as to final approval of this Settlement.

30.     In the event the Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

      a)     All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible as evidence or discoverable in this or any other proceeding, judicial or otherwise;

      b)     All of the Parties' respective pre-Settlement claims, defenses and procedural rights will be preserved, and the parties will be restored to their positions *status quo ante*;

      c)     Nothing contained in this order is, or may be construed as, any admission or concession by or against Defendant, any Released Party or any Plaintiff on any claim, defense, or point of fact or law;

      d)     Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders, and public statements, may be used as evidence in this or any other proceeding, judicial or otherwise;

      e)     Neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement, and/or any objections or interventions may be used as evidence;

      f)     The preliminary certification of the Settlement Class pursuant to this order shall be vacated automatically, and the Action shall proceed as though the Settlement Class had never been preliminarily certified; and

      g)     The terms in Section VI of the Settlement Agreement shall apply and survive.

1  31. The Parties and their counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with the Preliminary Approval Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement, to the form and content of the Class Notice and/or Claim Form, or to any other exhibits that the Parties jointly agree are reasonable and necessary.

**IT IS SO ORDERED.**

Dated: November 1, 2021



John W. Holcomb
UNITED STATES DISTRICT JUDGE