JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIA MERCADO and ANDREA KRISTY ANNE HOLMES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC. d/b/a AUDI OF AMERICA, INC.,<br><br>Defendant. | Case No. 5:18-cv-02388-JWH-SPx<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, SERVICE AWARDS, AND ATTORNEYS' FEES AND EXPENSES** |

Having reviewed and considered the Motion of Plaintiffs Valeria Mercado and Andrea Kristy Anne Holmes for Final Approval of Class Action Settlement and exhibits thereto including the parties' Class Settlement Agreement (the "Settlement Agreement" or "Settlement"), the proposed Class Notice and Claim Form, and the supporting Declarations;[1] Plaintiffs' Motion for Attorneys' Fees and Expenses, and for Service Payments, and exhibits thereto;[2] the Declaration of Lacey Rose;[3] the objections to the Settlement;[4] the statements from Settlement Class Members in favor of the Settlement;[5] the Memorandum of Law of Defendant Volkswagen Group of America, Inc. ("VWGoA") in Support of Final Approval of the Proposed Class Settlement and Responding to Objections and exhibits thereto;[6] Plaintiffs' Memorandum of Law in Further Support and Response to Objections;[7] and this Court, having previously granted preliminary approval of the Class Settlement on November 1, 2021;[8] and pursuant to the Amended Order Granting Motion for Preliminary Approval of Class Action Settlement entered November 4, 2021,[9] provisionally certifying, for settlement purposes only, the proposed Settlement Class pursuant to

[1] Pls.' Mot. for Final Approval of Class Action Settlement (the "Motion") [ECF No. 197].

[2] Pls.' Mot. for Attys.' Fees and Expenses and for Service Payments (the "Fee Motion") [ECF No. 181].

[3] Decl. of Lacey Rose re: Claim Form Submissions, Objections, and Requests for Exclusion (the "Rose Declaration") [ECF No. 181-1].

[4] Objections [ECF Nos. 170, 174-180, 182-187, 189, 191-195, 198, 203, & 204].

[5] Settlement Statements [ECF Nos. 171 & 172].

[6] Def.'s Memo. of Law in Further Support of Pl.'s Mot for Final Approval and Response to Obj. [ECF No. 200].

[7] Pls.' Memorandum of Law in Further Support and Response to Objections [ECF No. 201].

[8] Order Granting Preliminary Approval of Class Action Settlement [ECF No. 167].

[9] Amended Order Granting Motion for Preliminary Approval of Class Action Settlement (the "Amended Preliminary Approval Order") [ECF No. 169].

Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and having directed the dissemination of Class Notice pursuant to the approved Notice Plan, which the Court has determined to be the best notice practicable under the circumstances and comporting in all respects with Rule 23(e) and due process; and this Court, being satisfied that Class Notice has been disseminated timely and properly pursuant to the Notice Plan; and this Court, having held a final fairness hearing on June 24, 2022, having carefully considered all of the submissions and arguments and being fully advised in the premises, hereby finds and orders as follows:

1. **Final Approval.** The Court hereby grants final approval of the Settlement and all of its terms. The Settlement is fair, reasonable, and adequate, and in all respects satisfies the requirements of Fed. R. Civ. P. 23 and the applicable law.

2. **Certification of Class**. The Court finds that, for the purposes of Settlement, the applicable prerequisites for class action treatment, and certification of the proposed Settlement Class under Rule 23(a) and 23(b)(3) are fully satisfied, to wit: The Settlement Class or Settlement Class Members as defined in Paragraph I(Y) of the Settlement Agreement, and also defined below, is proper and is also so numerous that joinder of all members is not practicable; questions of law and fact are common to the Settlement Class; the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; the Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class; questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. The Court also concludes that, because the action is being settled rather than

litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556, 568 (9th Cir. 2019) (en banc).

3. **Notice of the Class Action Settlement**. The Court finds that, as demonstrated by the Declaration of Lacey Rose and counsels' submissions, notice to the Settlement Class was timely and properly effectuated in accordance with Rule 23(e) and the approved Notice Plan, as set forth in the Settlement Agreement and Amended Preliminary Approval Order. The Court finds that said notice constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.

4. **CAFA Notice.** The Court finds that in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Claims Administrator properly and timely caused to be mailed a copy of the proposed Settlement and all other documents required by law to the Attorney General of the United States and to the State Attorneys General in each jurisdiction where class members reside. None of the Attorneys General has filed any objections to the Settlement.

5. **Defined Terms of the Settlement Agreement**. Unless otherwise defined herein, the terms used in this Order that are defined in the Settlement Agreement shall have the same definition and meaning as set forth in the Settlement Agreement.

6. **The Settlement is Fair, Reasonable, and Adequate**. The Court has conducted a careful and probing inquiry of the Settlement that meets the heightened fairness standard prior to class certification. After careful review and consideration of the Settlement, including all submissions and arguments filed with the Court, the applicable law, and having duly conducted a Final Fairness Hearing on June 24, 2022, the Court finds that the Settlement is fair,

reasonable, and adequate, satisfies Rule 23 in all respects, and promotes the best interest of the Settlement Class. Indeed, the Settlement provides substantial benefits to the Settlement Class, including:

      a)     Reimbursement for past unreimbursed out-of-pocket expenses paid, prior to the Notice Date and within 4 years or 48,000 miles (whichever occurred first) from the Settlement Class Vehicle's In-Service Date, for one covered repair (parts and labor) of a diagnosed condition of a squealing noise from the front brakes of a Settlement Class Vehicle, consisting of replacement of the front brake pads and installation of one new lower spring in each caliper of the front brakes, subject to the proof requirements and terms, conditions and limitations set forth in the Settlement Agreement; and

      b)     A warranty extension for current owners or lessees of Settlement Class Vehicles to cover one repair of a diagnosed condition of squealing from the front brakes, consisting of replacement of the front brake pads and installation of one new lower spring in each caliper of the front brakes so that there are two springs per caliper, by an authorized Audi dealer, during a period of 4 years or 48,000 miles (whichever occurs first) from the In-Service Date of the Settlement Class Vehicle, subject to the same terms and conditions set forth in the Settlement Class Vehicle's original New Vehicle Limited Warranty and Warranty Information Booklet.

7.     The Court finds that the Settlement is particularly beneficial and appropriate when considering the facts and circumstances of this case, including the claims and defenses asserted, and the risks of non-recovery or reduced recovery, non-class certification, and potential delays of any recovery associated with the continued litigation of these claims.

8.     Accordingly, the Court hereby **GRANTS** final approval of the Settlement.

9.     **Arms-Length Negotiations.**  In accordance with Rule 23(e)(2)(B), the Court further finds that the Settlement was entered into as a result of extensive arm's-length negotiations of highly disputed claims, among experienced class action counsel on both sides.  The Settlement was also negotiated with the assistance of an experienced and highly respected third-party neutral mediator at JAMS, Bradley L. Winters, Esq.  The Settlement was entered into with a sufficient understanding by counsel of the strengths and weaknesses of their respective cases, and of the potential risks versus benefits of continued litigation, including but not limited to the ability to establish and/or extent of establishing liability, alleged damages, class certification, and maintenance of class certification through trial and appeal.  There is no fraud or collusion underlying this Settlement.

10.     The Court has considered the factors discussed in *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011), and related decisions, and finds that the Settlement was entered into in good faith and was not the product of any collusion between the parties or counsel, whether subtle or otherwise.  The Court finds that the Settlement benefits are not dwarfed by the attorneys' fees, further supporting a finding of non-collusiveness, and that attorneys' fees and expenses were not negotiated until after the parties had reached an agreement on the material terms of the Settlement.

11.     As set forth in the Settlement Agreement, the Court finds that the Settlement does not and shall not constitute any admission, acknowledgement, or evidence of any wrongdoing or liability on the part of VWGoA or any Released Party, or of the merit of any claim or allegation that was or could have been asserted in this Action.

12. **Appointment of Settlement Class Representatives and Settlement Class Counsel.** In accordance with Rule 23(e)(2)(A), the Settlement Class Representatives and Settlement Class Counsel have adequately represented the class, without conflicts, and including active participation in the investigation, litigation, and settlement negotiations of this action. Based upon the stage of the proceedings and information investigated and obtained, the Settlement Class Representatives and Settlement Class Counsel had a well-developed perspective on the strengths and weaknesses of their case in order to "make an informed decision about settlement." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998)). Accordingly, the Court hereby grants final appointment of Plaintiffs Valeria Mercado and Andrea Kristy Anne Holmes as Settlement Class Representatives, and the law firms of Milberg Coleman Bryson Phillips Grossman PLLC and Ahdoot and Wolfson PC, collectively, as Settlement Class Counsel or Class Counsel. The Court finds that said Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented, and will continue fairly and adequately to represent, the interests of the Settlement Class.

13. **Appointment of Settlement Claims Administrator.** The Court further grants final appointment of Angeion Group as the Settlement Administrator to effectuate its duties and responsibilities set forth in the Settlement Agreement.

14. **Objections and Requests for Exclusion.** Class Notice was timely and properly disseminated pursuant to the approved Notice Plan and the Amended Preliminary Approval Order. Of the approximately 151,571 Settlement Class Members, the Court docket reflects 26 filings that are listed as objections to the Settlement, and there were 17 timely and valid requests for exclusion from the Settlement. As detailed herein, three of those filings listed as

objections do not object to the Settlement, and three are duplicative objections. Therefore, the Court has received 20 unique objections. Of those objectors, Philip Bieluch,[10] Benjamin Gilbert,[11] and Deepesh Bhandari[12] appeared at the final fairness hearing. During the hearing, the Court afforded Bieluch, Gilbert, and Bhandari the option of withdrawing their objections and, instead, excluding themselves from (opting-out of) the Settlement. Each represented to the Court that he wished to withdraw his objection and to exclude himself from (opt-out of) the settlement and requested that the Court so effectuate that. Accordingly, and without objection by counsel for the Parties, the Court has accepted their requests to exclude themselves from (opt-out of) the Settlement *nunc pro tunc*, their aforesaid objections are hereby deemed withdrawn, and Bieluch, Gilbert, and Bhandari are now added to the list of opt-outs annexed hereto as Exhibit A and hereby excluded from the Settlement.

15. Accordingly, the total number of objections is 17, and the total number of requests for exclusion is 20. The Court finds that this small number of objections and requests for exclusion demonstrates overwhelmingly that the Settlement Class favors the Settlement, and it further supports the finding herein that the Settlement is fair, reasonable, and adequate, thus warranting of final approval by this Court.

16. The Court, having carefully considered the submissions of counsel, and having addressed this matter at the final fairness hearing, hereby approves and accepts the good faith settlements and withdrawals of the objections of Kurt

---

10      Objections filed by Claimant Philip Bieluch [ECF No. 174]; Amended Objections filed by Claimant Philip Bieluch [ECF No. 193].

11      Objections filed by Claimant Benjamin Gilbert [ECF No. 185]; Amended Objections filed by Claimant Benjamin Gilbert [ECF No. 189].

12      Objections filed by Claimant Deepesh Bhandari [ECF No. 192]; Amended Objections filed by Claimant Deepesh Bhandari [ECF No. 204].

Ludlow,[13] Diana Clonch,[14] and Grady Ross Graham.[15]  Those objections are, thus, hereby deemed withdrawn.

17.    The Court finds that the submissions by Joann Winchell[16] and Renee Rosser,[17] while listed incorrectly on the docket as objections, are, in fact, statements in favor of the Settlement.  In addition, the submission by Xingjia Hua,[18] which is also incorrectly listed on the docket as an objection, is neither an objection to, nor a request for exclusion from, the settlement.

18.    The objections of Adam Engelskirchen,[19] Neal Sorell,[20] and Barbara Deppensmith[21] were not filed within the deadline for objections set forth in the Amended Preliminary Approval Order and Class Notice.  Accordingly, those objections are rejected and denied as untimely.

19.    The objections of Mark Murphy,[22] Kristin Renee Cain,[23] Francis Fernando,[24] Neal Sorrell,[25] and Scott Wirtz[26] are hereby rejected and denied for failure to comply with the requirements for a valid objection that are specified in the Amended Preliminary Approval Order and the Class Notice.  The same

---

[13]    Objections filed by Claimant Kurt Ludlow [ECF No. 170].
[14]    Objections filed by Claimant Diana Clonch [ECF No. 178].
[15]    Objections filed by Claimant Grady Ross Graham [ECF No. 183].
[16]    Objections filed by Claimant Joann Winchell [ECF No. 171].
[17]    Objections filed by Claimant Renee Rosser [ECF No. 172].
[18]    Objections filed by Claimant Xingjia Hua [ECF No. 173].
[19]    Objections filed by Claimant Adam Engelskirchen [ECF No. 194].
[20]    Objections filed by Claimant Neal Sorell [ECF No. 195].
[21]    Objections filed by Claimant Barbara Deppensmith [ECF No. 198].
[22]    Objections filed by Claimant Mark Murphy [ECF No. 175].
[23]    Objections filed by Claimant Kristin Renee Cain [ECF No. 184].
[24]    Objections filed by Claimant Francis Fernando [ECF No. 186].
[25]    Objections filed by Claimant Neal Sorell [ECF No. 195].
[26]    Objections filed by Claimant Scott Wirtz [ECF No. 203].

1  applies to the objection by Clonch,[27] the request for withdrawal of which has

2  been approved as stated above.

3      20.    The Court, having carefully reviewed and considered the objections

4  of Mary Westmoreland,[28] Roberta Cutillo,[29] Ellenore Ohanrahan,[30] Cherie

5  Pashley,[31] James Gilbert Mares,[32] Steven Guban,[33] and David Schroth,[34]

6  including all related submissions and arguments, hereby finds that those

7  objections have some merit.  Those objections relate mostly to the class

8  members who do not benefit from the Settlement:  class members whose car is

9  not covered by the extended warranty, and who did not previously pay out of

10  pocket for repairs.

11      21.    "While [those objectors] voice[] valid concerns, the Court finds

12  that [they have] failed to demonstrate that the Settlement should be rejected."

13  *Nwabueze v. AT & T Inc.*, 2013 WL 6199596, at *9 (N.D. Cal. Nov. 27, 2013).

14  Settlements like the one at bar tend to be hard fought, and they necessarily

15  involve concessions.  In addition, objectors were provided with the opportunity

16  to be excluded from the Settlement and to seek resolution through other means.

17  Thus, while those objections are valid, they "do not establish that the

18  Settlement is unfair, inadequate, or unreasonable."  *Id.*

19      22.    Moreover, the small number of objections weighs in favor of the

20  Settlement.  *See Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221

21  F.R.D. 523, 529 (C.D. Cal. 2004) ("It is established that the absence of a large

22

---

23  [27]   Objections filed by Claimant Diana Clonch [ECF No. 178].

24  [28]   Objections filed by Claimant Mary Westmoreland [ECF No. 176].

    [29]   Objections filed by Claimant Roberta Cutillo [ECF No. 177].

25  [30]   Objections filed by Claimant Ellenore Ohanrahan [ECF No. 179].

26  [31]   Objections filed by Claimant Cherie Pashley [ECF No. 180].

27  [32]   Objections filed by Claimant James Gilbert Mares [ECF No. 182].

    [33]   Objections filed by Claimant Steven Guban [ECF No. 187].

28  [34]   Objections filed by Claimant David Schroth [ECF No. 191].

1  number of objections to a proposed class action settlement raises a strong
2  presumption that the terms of a proposed class settlement action are favorable to
3  the class members.").  Accordingly, all objections to the Settlement are
4  **OVERRULED**.
5      It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** as follows:
6      23.    The Court certifies, for the purpose of this Settlement, a
7  Settlement Class consisting of the following:  ***All persons and entities who***
8  ***purchased or leased any model year 2017 or 2018 Audi Q7 vehicle that was***
9  ***imported and distributed by Volkswagen Group of America, Inc. for sale or lease***
10 ***in the United States or Puerto Rico.***  Excluded from the Settlement Class are the
11 following:
12         a)    all Judges who have presided over this Action and their
13 spouses;
14         b)    all current employees, officers, directors, agents, and
15 representatives of VWGoA, and their family members;
16         c)    any affiliate, parent, or subsidiary of VWGoA and any entity
17 in which VWGoA has a controlling interest;
18         d)    anyone acting as a used car dealer;
19         e)    anyone who purchased a Settlement Class Vehicle for the
20 purpose of commercial resale;
21         f)    anyone who purchased a Settlement Class Vehicle with
22 salvaged title and/or any insurance company who acquired a Settlement
23 Class Vehicle as a result of a total loss;
24         g)    any insurer of a Settlement Class Vehicle;
25         h)    issuers of extended vehicle warranties and service contracts;
26         i)    any Settlement Class Member who, prior to the date of the
27 Settlement Agreement, settled with and released VWGoA or any
28 Released Parties from any Released Claims; and

-11-

1         j)     any Settlement Class Member that filed a timely and proper

2     Request for Exclusion from the Settlement Class, as listed in Exhibit A.

3         24.     The Settlement Agreement submitted by the Parties is, in all

4 respects, finally approved pursuant to Rule 23(e) as fair, reasonable, and

5 adequate, fully compliant with Rule 23, and in the best interest of the Settlement

6 Class.

7         25.     The Court excludes from the Settlement and Release, on the basis

8 of their timely and valid requests for exclusion, the twenty (20) Settlement Class

9 Members who are listed on Exhibit A annexed hereto.

10         26.     The prior objections of Bieluch, Gilbert, and Bhandari are hereby

11 **WITHDRAWN** based upon their consent, and said persons are now hereby

12 excluded from the Settlement.  In addition, the Court hereby accepts the

13 resolutions and **WITHDRAWAL** of the objections by Ludlow, Clonch, and

14 Graham.

15         27.     All objections to the Settlement are hereby **OVERRULED** for the

16 reasons stated above (Winchell, Rosser, Hua, Murphy, Westmoreland, Cutillo,

17 Ohanrahan, Pashley, Mares, Cain, Fernando, Guban, Schroth, Engelskirchen,

18 Sorell, Deppensmith, and Wirtz).

19         28.     The Parties are directed to perform all obligations under the

20 Settlement Agreement in accordance with its terms.

21         29.     The Parties and each person or entity within the Settlement Class

22 are hereby bound in all respects by the terms and conditions of the Settlement

23 Agreement, including but not limited to the Released Claims against all Released

24 Parties contained therein, except for the twenty persons identified in Exhibit A

25 who have duly and timely excluded themselves from the Settlement Class.

26         30.     The Action is hereby **DISMISSED with prejudice** and without

27 costs.

28

31.     This Final Approval Order and Judgment has been entered without any admission by any Party regarding the merits of any allegation in this Action and shall not constitute a finding of either fact or law regarding the merits of any claim or defense that was or could have been asserted in the Action. Nothing in this Final Approval Order and Judgment, the Settlement Agreement, the underlying proceedings, or any documents, filings, submissions, or statements related thereto, is or shall be deemed, construed to be, or argued as, an admission, or evidence, of any liability, wrongdoing, or responsibility on the part of VWGoA or any Released Party, or of any allegation or claim asserted in this Action, all of which are expressly denied by VWGoA.

32.     In the event that any provision of the Settlement or this Final Approval Order and Judgment is asserted by VWGoA or any Released Party as a defense (including, without limitation, as a basis for dismissal and/or a stay), in whole or in part, to any claim, suit, action or proceeding in any forum, judicial or otherwise, brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that claim, suit, action, and/or proceeding shall immediately be stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.

33.     The Released Claims, as set forth in the Settlement Agreement, are hereby fully, finally, and forever deemed released, discharged, acquitted, compromised, settled, and dismissed with prejudice against VWGoA and all Released Parties.

34.     The Court, having conditionally appointed Plaintiffs Valeria Mercado and Andrea Kristy Anne Holmes as representatives of the Settlement Class ("Settlement Class Representatives") in the Amended Preliminary

Approval Order, hereby grants final approval of, and appoints, Valeria Mercado and Andrea Kristy Anne Holmes as Settlement Class Representatives.

35.     The Court further, having conditionally appointed as Class Counsel for the Settlement Class in the Amended Preliminary Approval Order, hereby grants final approval of, and appoints, the law firms of Milberg Coleman Bryson Phillips Grossman PLLC and Ahdoot and Wolfson PC, collectively, as Class Counsel for the Settlement Class ("Class Counsel" or "Settlement Class Counsel").

36.     The Court, having conditionally approved Angeion Group as the Settlement Administrator, hereby grants final approval of, and appoints, Angeion Group as the Settlement Administrator to effectuate its duties and responsibilities set forth in the Settlement Agreement.

37.     The Court has carefully reviewed, and hereby approves, the request for Service Awards of five thousand dollars ($5,000.00) to each of the Settlement Class Representatives, Valeria Mercado and Andrea Kristy Anne Holmes, as reasonable payment for their efforts as Settlement Class Representatives on behalf of the Settlement Class, said Service Awards to be paid by VWGoA in the manner provided in the Settlement Agreement. Said payment shall duly, completely, and forever satisfy, release, and discharge any and all obligations of VWGoA, and any Released Party, with respect to the Settlement Class Representatives Service Awards.

38.     In addition, the Court has carefully reviewed, and hereby approves, Class Counsel's request for an award of reasonable attorneys' fees, costs, and expenses in the collective combined total amount of one million and nine hundred and sixty thousand dollars ($1,960,000.00) (collectively, the "Fee and Expense Award"), which amount shall be paid by VWGoA within the time, and in the manner, as set forth in the Settlement Agreement.   The Court finds said Fee and Expense Award to be reasonable and consistent with applicable law.

The payment by VWGoA of said Fee and Expense Award shall constitute full and complete satisfaction of, and shall duly, completely, and forever release and discharge the VWGoA and all Released Parties from, and with respect to, any and all obligations for the payment of any and all attorney fees, costs, and expenses in connection with this Action and controversy.

39.     Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement, this Order, and any obligations thereunder.

40.     Plaintiffs and each and every Settlement Class Member (other than those 20 specifically listed in Exhibit A to this Final Order and Judgment), and any person or entity actually or purportedly acting on behalf of any said Settlement Class Member(s), is/are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claim (including, without limitation, in any individual, class/putative class, representative, or other action or proceeding, directly or indirectly, in any judicial, administrative, arbitral, or other forum) against any of the Released Parties.  This permanent bar and injunction is necessary to protect and to effectuate the Settlement Agreement, this Final Approval Order and Judgment, and this Court's authority to enforce and to effectuate the Settlement Agreement, and it is ordered in aid of this Court's jurisdiction and to protect its judgments.  However, this provision will not bar any communications with, or compliance with requests or inquiries from, any governmental authorities.

41.     Without affecting the finality of this Final Approval Order and Judgment, this Court hereby retains exclusive jurisdiction, and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court, of, over, and with respect to the consummation, implementation, and enforcement of this Settlement and its terms, including the

1   release of claims therein, and any suit, action, proceeding (judicial or otherwise),

2   or dispute arising out of or relating to this Order and Judgment, the Settlement

3   Agreement and its terms, or the applicability of the Settlement Agreement,

4   which exclusive jurisdiction includes, without limitation, the Court's power

5   pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to

6   enforce the above-described bar on and injunction against prosecution of any

7   and all Released Claims against any Released Parties.

8          42.    The Court finds that no just reason exists for delay in entering this

9   Final Order and Judgment.  Accordingly, the Clerk is hereby **DIRECTED** to

10  enter this Final Approval Order and Judgment.

11         **IT IS SO ORDERED.**

12

13  Dated:_____July 5, 2022_____          _____

14                                        John W. Holcomb
                                          UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Civil Action No. 5:18-cv-02388-JWH-SP

## Exhibit A – Exclusions from Class Settlement and Release

| Opt-Out Name | VIN |
|---|---|
| RICHARD AMARI | WA1LAAF7XHD033431 |
| JOHN L BAILEY & JAN E BAILEY, AS CO-TRUSTEES OF THE BAILEY LIVING TRUST | WA1AHAF74HD037557 |
| DIANNE GARNETT | WA1LAAF7XD018248 |
| MARGARET M GEHLER | WA1LHAF73HD051507 |
| JASON IVARONE | WA1LAAF71HD023872 |
| KURT KEFGEN | WA1LAAF7XHD018623 WA1VAAF78HD007693 WA1LXAF71LD001622 WA1LXAF77LD000510 |
| FRANCOIS A J LABORIE | WA1LAAF7XHD011655 |
| THEODORE LAETSCH | WA1LAAF75HD035314 |
| MARSHALL D MARTIN | WA1VAAF76HD056892 |
| VICKI MCKINNON | WA1LHAF70HD046779 |
| MAUREEN MURRAY | WA1LAAF76JD035148 |
| CHRISTOPHER COLT NORTH | WA1AHAF72HD051392 |
| ANDREW DAVID PRICE | WA1VAAF76JD023221 |
| STEVEN SON | WA1LAAF7XHD031212 |
| MICHAEL A SOSNAY | WA1LAAF79D024838 |
| STEPHEN WILLER | WA1VAAF72HD022240 |
| INDUSTRIAL INSPECTION COMPANY | WA1LAAF78HD026798 |
| BENJAMIN GILBERT | WA1LAAF73JD018145 |
| PHILIP BIELUCH | WA1VABF72HD018968 |
| DEEPESH BHANDARI | WA1VAAF72JD010773 |